IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TIVERSA HOLDING CORP. *formerly* )<br>*known as* TIVERSA, INC.; ROBERT J. )<br>BOBACK; M. ERIC JOHNSON; DOES )<br>1-10, )<br>Defendants. ) | Civil Action No. 15-92<br><br>Judge Mark R. Hornak/<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 34 and 36 |

## **REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

Plaintiff LabMD, Inc., a Georgia corporation, ("LabMD") has filed this civil action asserting claims for conversion, defamation, tortious interference with business relations, fraud, negligent misrepresentation, civil conspiracy and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The claims arise out of an alleged shakedown scheme executed by Defendant Tiversa, Inc., a Pennsylvania corporation, ("Defendant Tiversa"), Defendant Robert J. Boback, a Pennsylvania resident, ("Defendant Boback"), and Defendant M. Eric Johnson, currently a Tennessee resident, ("Defendant Johnson").[1] Some claims are raised only against Defendants Tiversa and Boback (collectively, "the Tiversa Defendants").

---

[1] Defendants Does 1-10 are identified in the Complaint as "as-yet unidentified individuals or entities that actively participated in and/or materially benefitted from the illicit conduct detailed herein" who would "be substituted with the proper names of these individuals or entities as they become available." ECF No. 1 ¶ 10. No such substitution has been made and these defendants obviously have not been served with the Complaint.

For the following reasons, it is respectfully recommended that the Motions to Dismiss presently before the Court, filed by the Tiversa Defendants and Defendant Johnson, ECF Nos. 34 and 36, respectively, be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Litigation between the parties commenced in a Georgia state court action filed by LabMD in October 2011. That case was removed to the United States District Court for the Northern District of Georgia where it was dismissed for lack of personal jurisdiction. LabMD, Inc. v. Tiversa, Inc., 509 F. App'x 842 (11th Cir. 2013)(affirming the dismissal).[2]

The instant iteration of this litigation was commenced via a Complaint filed by LabMD with this Court on January 21, 2015. ECF No. 1. LabMD filed a RICO Case Statement on February 18, 2015. ECF Nos. 18, 19. On March 24, 2015, the Tiversa Defendants filed a Motion to Dismiss Plaintiff's Complaint and a brief in support thereof. ECF Nos. 34, 35. On March 31, 2015, Defendant Johnson filed a Motion to Dismiss and a brief in support thereof. ECF Nos. 36, 37. On June 1, 2015, LabMD filed responses in opposition to both Motions to Dismiss. ECF Nos. 63, 64. The Tiversa Defendants filed a Reply in Support of their Motion to Dismiss on June 24, 2015. ECF No. 68. Defendant Johnson filed a Reply in Support of his

---

[2] Tiversa also filed an action in this Court against LabMD pleading state law claims for defamation, slander *per se*, commercial disparagement and trade libel. Tiversa Holding Corp. v. LabMD, Inc., No. 13-1296 (W.D. Pa. Sept. 5, 2012). On November 4, 2014, Judge Nora Barry Fischer dismissed Tiversa's action for lack of diversity jurisdiction upon the addition of Richard Edward Wallace, a Pennsylvania resident, as a named defendant. (ECF No. 84). Tiversa is now pursuing its claims in a separate consolidated action in the Pennsylvania Court of Common Pleas of Allegheny County, at GD-14-16497. Also pending and arising out of the subject matter of this action is an administrative action commenced by the Federal Trade Commission, In the Matter of LabMD, Inc., No. 9357 (F.T.C.). LabMD has unsuccessfully challenged the FTC's action in multiple federal actions. LabMD, Inc. v. Federal Trade Comm'n, No. 1:13-cv-1787 (D.D.C. Nov. 14, 2013); LabMD, Inc. v. Federal Trade Comm'n, No. 13-15267-F (11th Cir. Feb. 18, 2014); LabMD, Inc. v. Federal Trade Comm'n, No. 1:14-cv-00810-WSD, aff'd 776 F.3d 1275 (11th Cir. 2015).

Motion to Dismiss on June 24, 2015. ECF No. 69. The Motions to Dismiss are now ripe for consideration.

The allegations in the Complaint describe the shakedown scheme as one in which Defendants conspired to infiltrate LabMD's computer systems and, upon gaining access, created a data security breach in LabMD's computer files. ECF No. 1 ¶ 4. Through this breach, Defendant Tiversa obtained a 1718-page file containing confidential patient health-related data ("the 1718 File"). Id. ¶ 20. With this file as proof of a breach, Defendant Tiversa then offered to sell LabMD services to remedy the breach. Id. When LabMD refused to purchase Defendant Tiversa's services, Defendants turned to the Federal Trade Commission ("FTC") and reported that due to LabMD's failed data security protocols, confidential patient health and personal information was disseminated on peer-to-peer networks for unbridled use by identity thieves. Id. ¶ 22. LabMD contends that Defendants then retaliated against LabMD's refusal to purchase Tiversa's services by including references to the 1718 File in publications authored by Defendant Johnson relative to health care "data breaches." Id. ¶ 21.

LabMD alleges that as a result of Defendants' conduct, the FTC initiated a public and wide-ranging investigation of LabMD, leaving it "an insolvent shell of a company." Id. ¶ 1.

### B. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires that the complaint to provide "enough factual matter (taken as true)" to suggest the required elements of the claim presented while providing the

defendant with fair notice of the grounds upon which the claim rests. Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234 (3d Cir. 2008). The pleader must "'nudge his or her claims across the line from conceivable to plausible.'" Id. (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544 at 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips, 515 F. 3d at 228 (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

**C. DISCUSSION**

As to each of LabMD's claims, Defendants argue in the pending Motions to Dismiss that: (1) the claim is time-barred due to the expiration of the statute of limitations; and (2) the claim is substantively deficient. A discussion of these arguments, as necessary, for each claim follows.

**1. Count I: Conversion (All Defendants)**

**a. LabMD claims**

LabMD's Complaint alleges that in 2008, the Tiversa Defendants contacted LabMD and represented that Defendant Tiversa had obtained the 1718 File. ECF No. 1 ¶ 20. On September 20, 2010, LabMD demanded the return of the 1718 File from Tiversa. ECF No. 1 ¶ 35; ECF No. 35-2 ¶ 96. It had not been returned as of the October 19, 2011, the date of the filing of the Georgia lawsuit. ECF No. 1 ¶ 35; ECF No. 35-2 ¶ 151.

4

The Complaint also alleges that Defendant Johnson published a paper in 2009 which included an excerpt from the 1718 File. ECF No. 1 ¶ 28. LabMD demanded return of the 1718 File from him on September 30, 2010. ECF No. 1 ¶ 35; ECF No. 35-2 ¶ 97. It had not been returned as of the date of the filing of the October 19, 2011, Georgia lawsuit. ECF No. 1 ¶ 35; ECF No. 35-2 ¶ 151.

### b. Statute of Limitations

Both the Tiversa Defendants and Defendant Johnson raise the statute of limitations as a basis to dismiss the conversion claims. The United States Court of Appeals for the Third Circuit has consistently held that a statute of limitations defense may be raised by a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)(quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). Indeed, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" Robinson, 313 F.3d at 135 (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

The Pennsylvania statute of limitations for conversion is two years. 42 Pa. Cons. Stat. § 5524(3). "The classic definition of conversion under Pennsylvania law is 'the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification.'" L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard Inc., 777 A.2d 1090, 1095 (Pa. Super. Ct. 2001)(quoting McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 659 n.3 (Pa. Super. Ct. 2000)).

The timeline asserted by LabMD in the Complaint establishes the existence of the elements of LabMD's conversion claims, at the latest, by the filing of the Georgia action in

5

October 2011. Accordingly, it is apparent on the face of the relevant pleadings that the applicable two-year statute of limitations had run long before the filing of the instant Complaint in January 2015.

In opposing the Motions to Dismiss, LabMD asserts that the statute of limitations was equitably tolled when it timely asserted its rights in the wrong forum, *i.e.*, Georgia. In Pennsylvania, the doctrine that LabMD that seeks to invoke is codified in a "savings statute" which provides that, in certain situations:

> If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action **within one year after the termination** and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 Pa. Cons. Stat. § 5535(a)(1)(emphasis added).

The Georgia action was terminated on February 5, 2013, when the United States Court of Appeals for the Eleventh Circuit affirmed the district court's dismissal of the case for lack of personal jurisdiction. LabMD, Inc. v. Tiversa, Inc., 509 Fed. App'x 842. In accordance with the Pennsylvania savings statute, LabMD had one year – until February 5, 2014 – to commence a new action. LabMD did not file the instant Complaint until January 21, 2015, more than one year after the termination of the Georgia action. Therefore, the Pennsylvania savings statute does not "save" the conversion claims. As such, LabMD's conversion claims (Count I) against Defendants should be dismissed with prejudice as time-barred.

        c.      **Substantive Deficiency**

In light of the fact that the conversion claims are clearly time-barred, the remaining substantive bases for the Motions to Dismiss these claims do not need to be addressed.

### 2. Count II: Defamation (All Defendants)

#### a. LabMD claims

In its Complaint, LabMD alleges:

> 36. Defendants have published false and defamatory statements about LabMD to third parties ("the Defamatory Statements"), including statements that refer to LabMD's trade and profession that were calculated to injure it therein and were disparaging words productive of special damage which flows naturally therefrom.
>
> 37. The Defamatory Statements have severely damaged LabMD's brand, reputation, and goodwill.

ECF No. 1 ¶¶ 36, 37. Nowhere in the Complaint does LabMD specifically identify any of said "Defamatory Statements" that form the basis for its defamation claims.

#### b. Statute of Limitations

As set forth below, the failure of LabMD to identify any of the "Defamatory Statements" and assert the requisite elements of a defamation claim renders it impossible for the Court to consider the timeliness of these claims.

#### c. Substantive Deficiency

Defendants argue that LabMD's failure to identify the alleged defamatory statements in the Complaint is fatal to its defamation claims.

Under the relevant Pennsylvania statute, the elements of a defamation claim are as follows:

> (a) *Burden of plaintiff.* -- In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:
> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.

> (7) Abuse of a conditionally privileged occasion.
>
> (b) *Burden of defendant.* -- In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:
> (1) The truth of the defamatory communication.
> (2) The privileged character of the occasion on which it was published.
> (3) The character of the subject matter of defamatory comment as of public concern.

42 Pa. Con. Stat. § 8343.

A plaintiff is not required to plead "the precise defamatory statements" or "specifically name the person who made the statement," as long its defamation count "provides sufficient notice to defendants." Rishell v. RR Donnelley & Sons Co., 2007 WL 1545622, *3 (E.D. Pa. May 24, 2007) (citations omitted). However, LabMD's failure is not one of degree of specificity; there is simply no identification whatsoever of the "Defamatory Statements."

In response to the Motions to Dismiss the defamation claims, LabMD argues that it has identified the statements with sufficient particularity, citing to a list of twelve specific alleged defamatory communications it provides in its Opposition to the Tiversa Defendants' Motion to Dismiss. ECF No. 63 at 16. However, a complaint may not be modified by a brief in opposition to a motion to dismiss. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

Accordingly, there is not sufficient notice to Defendants in the Complaint of the basis for LabMD's claims. It is thus recommended that the defamation claims (Count II) be dismissed without prejudice to file an amended complaint as to this count.

### 3. Count III: Tortious Interference with Business Relations (All Defendants)

#### a. LabMD claims

In Count III of the Complaint, LabMD alleges that:

8

49. By engaging in the above described misconduct, Defendants have substantially harmed and/or seriously jeopardized LabMD's reputation and goodwill in the healthcare industry and its existing and prospective business relationships with patients, referral sources, and others.

50. Defendants knew or should have known that the above described misconduct would substantially harm and/or seriously jeopardize LabMD's reputation and goodwill in the healthcare industry and its existing and prospective business relationships with patients, referral sources, and others.

ECF No. 1 ¶¶ 49, 50.

### b. Statute of Limitations

As fully explained below, LabMD fails to allege sufficient facts to establish the plausibility of these claims. Therefore, it is impossible for the Court to evaluate the timeliness of these claims.

### c. Substantive Deficiency

Initially, it is worth noting that "tortious interference with business relations" is not truly a tort claim in Pennsylvania. However, "Pennsylvania recognizes both interference with existing contractual relations and interference with prospective contractual relations as branches of the tort of interference with contract." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 530 (3d Cir. 1998) (citing U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 925 (3d Cir.1990)). Although they are distinct, the two types of torts share essentially the same elements. Brokerage Concepts, Inc, 140 F.3d at 529. These elements include:

> 1. the existence of a contractual, or prospective contractual relation between [the plaintiff] and a third party;
> 2. purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent the prospective relation from occurring;
> 3. The absence of a privilege or justification on the part of the defendant;
> 4. the occasioning of actual legal damage as a result of the defendants' conduct; and
> 5. for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the interference of the defendant.

9

Id. at 530 (citing Pelagatti v. Cohen, 536 A.2d 1337, 1343 (Pa. Super. Ct. 1988); Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 471 (Pa. 1979); Birl v. Philadelphia Elec. Co., 167 A.2d 472, 474 (Pa. 1960)).

In the Motions to Dismiss, Defendants argue that these claims are substantively deficient in that LabMD fails to allege facts in support of the first and second requisite elements of this cause of action.

First, Defendants argue that no contractual relationship is alleged. The Tiversa Defendants notably cite to Marci's Fun Food, LLC v. Shearer's Foods, Inc., 2010 WL 3982290, *12 (W.D. Pa. Oct. 8, 2010), where allegations of "relationships" with unidentified "customers" were found to be insufficient to establish any type of contractual relationship. Upon review of the relevant portions of the Complaint, it is clear that LabMD's allegations suffer from a similar insufficiency. Despite LabMD's argument to the contrary, bald references to "patients," "customers" and "referral sources" cannot support its claims.

Second, Defendants also point out that the Complaint lacks any factual allegations to show "purposeful action" taken by Defendants, "specifically intended to harm the existing relation, or to prevent the prospective relation from occurring." Brokerage Concepts, Inc., 140 F.3d at 530. In the Complaint, LabMD characterizes the motivations behind Defendants' conduct as "for the purpose of commercial[] benefit[]," ECF No. 1 ¶ 3, the solicitation of business from LabMD, id. ¶ 20, the bolstering of Defendant Johnson's report, id. ¶ 21, and retaliation (by providing the 1718 File to Defendant Johnson and to the FTC), id. ¶¶ 21, 22. Although these allegations may support LabMD's allegation that Defendants acted "improperly, without privilege, purposely, and with malice and intent to injure LabMD," id. ¶ 52, they do not

suggest that the actions were done with the specific intent to harm existing or prospective contractual relationships, as required to sustain a claim for interference with contract.

In light of LabMD's failure to allege facts in support of the requisite elements of an interference claim, it is recommended that the tortious interference with business relations claims (Count III) be dismissed without prejudice to file an amended complaint as to this count.

### 4. Count IV: Fraud (the Tiversa Defendants)

#### a. LabMD Claims

LabMD alleges in Count IV that the Tiversa Defendants are liable for fraud. LabMD asserts that, in order to induce it to obtain Tiversa's services, the Tiversa Defendants made knowingly false statements concerning how they had obtained the 1718 File and the extent to which third parties were downloading copies of the 1718 File. ECF No. 1 ¶¶ 55-56.

#### b. Statute of Limitations

As discussed below, no plausible claim of fraud is set forth in the Complaint. Thus, a statute of limitations analysis is not necessary.

#### c. Substantive Deficiency

The specific elements of a fraud claim in Pennsylvania are:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994) (citations omitted). In other words, "[f]raud is composed of a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it to the damage of its victim." Thomas v. Seaman, 304 A.2d 134,

137 (Pa. 1973). It is important to note, Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity.

In their Motion to Dismiss, the Tiversa Defendants assert that LabMD fails to provide factual support for the second, third and fifth required elements of fraud. As the Tiversa Defendants explain:

> . . . [LabMD] alleges that Tiversa made the allegedly fraudulent representation "for the purposes of soliciting its business, specifically to try to persuade [LabMD] to use Tiversa's 'Incidence Response Services.'" Complaint, ¶ 20. The only way Plaintiff can prevail on its theory is if [LabMD] actually engaged Tiversa's services – the action which Tiversa allegedly intended to induce. However, the Complaint makes it abundantly clear that this allegedly desired result did not occur as [LabMD] did not engage Tiversa's services. Id. Thus, [LabMD] has failed to plead any reliance on the statements, warranting dismissal of the claim.

ECF No. 35 at 21. Essentially, the Tiversa Defendants argue that there can be no claim of fraud where there is no transaction.

In Plaintiff's Opposition, LabMD does not specifically respond to this argument. Instead, LabMD asserts that the Tiversa defendants "implicitly conceded the materiality of the misrepresentation by using it to attempt to induce LabMD to purchase Tiversa's services." ECF No. 63 at 26. LabMD also asserts that it spent significant time and money attempting to remedy the reported data breaches. Id. Finally, LabMD reiterates its allegations concerning the Tiversa Defendants' intent to mislead in making the misrepresentation. Id.

Pennsylvania courts have held that "[a] misrepresentation is material when it is of such a character that if it had not been made, the transaction would not have been entered into." Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243, 1252 (Pa. Super. 1983). Because no transaction was entered into by Defendant Tiversa and LabMD, any false representation made by the Tiversa Defendants could not have been "material to the transaction at hand." Gibbs, 647

A.2d at 889. Thus, it appears that LabMD cannot make out a plausible claim for fraud. Accordingly, it is recommended that the fraud claims (Count IV) be dismissed with prejudice.

### 5. Count V: Negligent Misrepresentation (The Tiversa Defendants)

#### a. LabMD Claims

The basis for LabMD's negligent misrepresentation claims is essentially the same as the basis for its fraud claims. LabMD alleges that the Tiversa Defendants made statements they knew or should have known were false concerning how they had obtained the 1718 File and the extent to which third parties were downloading copies of the 1718 File. ECF No. 1 ¶¶ 62-63.

#### b. Statute of Limitations

As discussed below, no plausible claim of negligent misrepresentation is set forth in the Complaint. Thus, no statute of limitations analysis is necessary.

#### c. Substantive Deficiency

The Tiversa Defendants move to dismiss these claims on grounds similar to those asserted in opposition to the fraud claims. Specifically, they argue LabMD failed to allege any material misrepresentation of fact. LabMD does not substantively respond to this argument. ECF No. 63 at 26-27.

In Pennsylvania, a claim for negligent misrepresentation has the following elements:

> Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999)(citations omitted). Therefore, negligent misrepresentation, like fraud, requires a misrepresentation of a material fact. As set forth above, the allegations in LabMD's Complaint are insufficient to establish this element. No

13

representation made by the Tiversa Defendants could have been material to the transaction at hand where no transaction was entered into by Defendant Tiversa and LabMD. Accordingly, it is recommended that the negligent misrepresentation claims (Count V) be dismissed with prejudice.

### 6. Count VI: Civil Conspiracy (All Defendants)

#### a. LabMD Claims

LabMD alleges that Defendants have a common design and purpose to benefit commercially from misrepresentations about data security breaches and that they acted in concert to harm LabMD through conversion of LabMD's property, defamation relating to LabMD's trade and profession and interference with LabMD's business relations. ECF No. 1 ¶¶ 70-71.

#### b. Statute of Limitations

Due to the deficiency identified below, no analysis of the statute of limitations is necessary.

#### c. Substantive Deficiency

Defendants argue, *inter alia*, that where the underlying claims against them are untenable, so, too, are LabMD's claims for civil conspiracy.

In light of the fact that the civil conspiracy claims are based upon the claims for conversion, defamation and interference with business relations, all of which have been assessed by this Court to be unsupported, these claims are similarly unsupported. Nix v. Temple University, 596 A.2d 1132, 1137 (Pa. Super. 1991) (holding that where there is no cause of action for an act, there can be no cause of action for conspiracy to commit the act). Thus, it is recommended that the civil conspiracy claims (Count VI) be dismissed without prejudice to file an amended complaint as to this count.

### 7. Counts VII and VIII: RICO (All Defendants)

#### a. LabMD Claims

LabMD alleges violations of 18 U.S.C. § 1962(c) and (d). These subsections set forth the following activities prohibited by RICO:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

LabMD's RICO claims against Defendants allege the existence of an enterprise, the activities of which affect interstate commerce and the purpose of which is to commercially benefit from misrepresentations about data privacy and security breaches to "unsuspecting consumers, government agencies, the media, and the public." ECF No. 1 ¶ 79. LabMD alleges that Defendants conspired to deprive LabMD of its assets and property through the illegal use of interstate mails and interstate wires. Id. ¶ 82.

In its RICO statement, in a response to the directive to "List the alleged victims [of the RICO violations] and how each victim has been allegedly injured," LabMD described its injury as follows:

> ... Defendants' scheme has been financially devastating to LabMD, including by causing the FTC's investigation and enforcement action against it. As a direct consequence of the FTC's proceedings, including the attendant adverse publicity and the administrative burdens that were imposed on LabMD to comply with the FTC's demands for access to current and former employees and the production of thousands of documents, LabMD's insurers cancelled all of the insurance coverage for LabMD and its directors and officers, and LabMD lost virtually all of its patients, referral sources, and workforce, which had included around 40

> full-time employees. Consequently, LabMD was effectively forced out of business by January 2014, and it now operates as an insolvent entity that simply provides records to former patients. In addition, Defendants have published false and fraudulent statements about LabMD to third parties, including statements that refer to LabMD's trade and profession that were calculate to injure it therein and were disparaging words productive of special damages which flows naturally therefrom.

ECF No. 19 at 6.

### b. Statute of Limitations

Defendants argue that LabMD's RICO claims are time-barred because the claims accrued, at the latest, in 2010. In response, LabMD argues that it did not have notice of the claims until April 2, 2014, "when Defendants' lies to LabMD, the FTC, and the Oversight Committee were first exposed." ECF No. 63 at 19.

The statute of limitations for a civil RICO claim is four years. Rotella v. Wood, 528 U.S. 549, 552 (2000). The statute begins to run when the plaintiff knew or should have known of the injury. Id. at 553, 554.

According to LabMD's allegations in the Complaint, the Tiversa Defendants' "misrepresentations caused the FTC to investigate LabMD and to bring an enforcement action against it in 2010." ECF No. 1 ¶ 22. At that point, LabMD knew of the injury it claims to have suffered and the parties who caused that injury even if it did not then know the precise methods used or motivation behind the injury. It is apparent from the face of the relevant pleadings that the instant Complaint, filed in 2015, was filed more than four years after the identified 2010 event. Accordingly, it is recommended that the RICO claims (Counts VII and VIII) be dismissed with prejudice as time-barred.

### c. Substantive Deficiency

In light of the fact that the RICO claims are clearly time-barred, the remaining bases for the Motions to Dismiss these claims do not need to be addressed.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motions to Dismiss, ECF Nos. 34 and 36, be GRANTED as follows.

As to Count I, Conversion, the Motions to Dismiss, ECF Nos. 34 and 36, should be GRANTED with prejudice.

As to Count II, Defamation, the Motions to Dismiss, ECF Nos. 34 and 36, should be GRANTED without prejudice to file an amended complaint as to this count.

As to Count III, Tortious Interference with Business Relations, the Motions to Dismiss, ECF Nos. 34 and 36, should be GRANTED without prejudice to file an amended complaint as to this count.

As to Count IV, Fraud, the Motion to Dismiss, ECF No. 34, should be GRANTED with prejudice.

As to Count V, Negligent Misrepresentation, the Motion to Dismiss, ECF No. 34, should be GRANTED with prejudice.

As to Count VI, Civil Conspiracy, the Motions to Dismiss, ECF Nos. 34 and 36, should be GRANTED without prejudice to file an amended complaint as to this count.

As to Counts VII and VIII, RICO violations, the Motions to Dismiss, ECF Nos. 34 and 36, should be GRANTED with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        <u>/s/ Maureen P. Kelly</u>
        MAUREEN P. KELLY
        CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2015

cc:    The Honorable Mark R. Hornak
       United States District Judge

       All Counsel of Record Via CM-ECF