IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIVERSA HOLDING CORP. f/k/a TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; and DOES 1-10,<br><br>Defendants. | ) | No. 2:15-cv-00092-MRH-MPK |

**BRIEF IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS TIVERSA HOLDING CORP. AND ROBERT J. BOBACK SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING THE COURT'S MAY 29, 2015 PROTECTIVE ORDER**

## I. INTRODUCTION

Defendants Tiversa Holding Corp. ("Tiversa") and Robert J. Boback ("Boback") have violated the Protective Order entered by this Court on May 29, 2015. ECF No. 61. Specifically, those defendants disclosed information from [REDACTED] When the disclosure was brought to their attention, the defendants were unapologetic. They took no action to correct the disclosure. Instead, they have made it clear that their disclosure was deliberate. Their justifications for doing so are truly preposterous.

Because due process requires that a potential contemnor be given notice and a hearing regardless of whether the contempt is civil or criminal in nature, *Marshak v. Treadwell*, 595 F.3d 478 (3d Cir. 2009), Plaintiff LabMD, Inc. ("LabMD") requests that the Court enter an Order to show cause why these defendants should not be held in contempt and sanctioned for their inexcusable misbehavior.

Tiversa and Boback's violation of the Protective Order is not only contemptuous, it is also sanctionable pursuant to Fed. R. Civ. P. 37(b)(2)(A). The Court has broad discretion in fashioning a remedy for this kind of violation, including sanctions set forth in Rule 37 itself. Two of the sanctions authorized by Rule 37 are particularly suitable for the violation at hand. For the reasons discussed herein, LabMD requests (1) that the Court [REDACTED] . Such sanctions are necessary to penalize these defendants and deter them from future violations.

## II. STATEMENT OF FACTS

On May 29, 2015, this Court entered a Protective Order sealing and making Exhibit Q to Plaintiff's RICO Case Statement (ECF No. 18-17) confidential (the "Protective Order"). Exhibit Q is [REDACTED] The Court found and ruled in its Protective Order that:

- "A Protective Order is appropriate under governing law;"
- "Docket entry 18-17 [the "Affidavit"] shall remain sealed unless otherwise ordered by this Court;"
- "If a Party uses the Affidavit in relation to any materials filed with the Court, the Party shall, pursuant to the terms of the Protective Order, seek permission to file the Affidavit under seal;"
- "The Parties will not publicly disclose or file the Affidavit and if any Party uses the

Affidavit it will be clearly marked as Confidential;" and

- "The Parties have notified the Court that there is pending litigation in the Court of Common Pleas, Alleghany County, between, among others, Tiversa and LabMD. The Parties have consented to seeking a similar Protective Order in that case to allow for use of the Affidavit therein."

The procedural history of the Protective Order was exceedingly tortuous, time consuming and expensive. It included the following motions, orders, briefing, hearings and other filings:

- Tiversa and Boback's Unopposed Motion for Leave to File Under Seal filed on February 26, 2015. ECF No. 20;

- An Order granting Tiversa and Boback's Unopposed Motion for Leave to File Under Seal entered on February 27, 2015;

- Tiversa and Boback's Sealed Motion to Modify Docketing of Errata at ECF 18 and 19 and supporting brief filed on February 27, 2015. ECF Nos. 23 and 24, respectively;

- Defendant Johnson's Motion for Leave to Review Redacted Materials filed March 5, 2015. ECF No. 26;

- LabMD's Response in Opposition to Tiversa and Boback's Sealed Motion to Modify Docketing of Errata at ECF 18 and 19 filed on March 6, 2015. ECF No. 27;

- LabMD's Response in Opposition to Defendant Johnson's Motion for Leave to Review Redacted Materials filed March 10, 2015. ECF No. 29;

- Magistrate Judge Kelley's Order granting Tiversa and Boback's Sealed Motion to Modify Docketing of Errata at ECF 18 and 19 entered on March 17, 2015. ECF No. 30;

- LabMD's Objections to the Order on Sealed Motion filed on March 31, 2015 (ECF No. 39;

- Tiversa and Boback's Response to LabMD's Objections to Order on Sealed Motion filed April 1, 2015. ECF No. 40;

- Order scheduling hearing for April 15, 2015 on LabMD's Objections to Order on Sealed Motion. ECF No. 41;

- Order overruling LabMD's Objections to Order on Sealed Motion entered on April 15, 2015. ECF No. 45;

- LabMD's Expedited Motion to Stay or, in the Alternative, for Reconsideration of the [amended] Order on Sealed Motion filed on April 22, 2015. ECF No. 48;
- Order granting LabMD's Expedited Motion to Stay entered on April 22, 2015. ECF No. 50;
- Entry of Appearance by Eleni M. Roumel on behalf of Committee on Oversight and Governmental Reform, U.S. House of Representatives filed on April 22, 2015. ECF No. 51;
- Order dismissing LabMD's Motion to Stay and for Reconsideration entered April 27, 2015. ECF No. 53;
- Telephonic Status Conference on April 29, 2015. ECF Nos. 54 and 55;
- Order continuing stay of previous order and directing parties to file their joint motion for the entry of a consent protective order on or before May 8, 2015 entered on April 29, 2015. ECF No. 55;
- Joint Motion for Protective Order filed on May 8, 2015. ECF No. 56;
- Order deferring ruling on Motion for Protective Order entered May 15, 2015. ECF No. 58;
- Revised Joint Motion for Protective Order filed on May 15, 2015. ECF No. 59; and
- Protective Order entered May 29, 2015. ECF No. 61.

In sum, the Protective Order was the product of six (6) motions, eight (8) orders, five (5) briefs, two (2) hearings and the intervention of the U.S. House of Representatives Office of General Counsel.

On June 10, 2015, almost two weeks after the Protective Order was entered, Tiversa and Boback moved for entry of a similar protective order in *Tiversa Holding Corp. and Robert J. Boback v. LabMD, Inc., Michael J. Daugherty, Richard Edward Wallace and Cause of Action Institute*, in the Court of Common Pleas of Allegheny County, Pennsylvania, No. GD-14-016497

("State Court Defamation Action"). The court in that action has yet to rule on the motion.

At some point after June 10, 2015, Tiversa and Boback impatiently made a conscious decision to violate the Protective Order. Specifically, , Tiversa and Boback disclosed in the following

The allegations above are lifted from

[1] A true and correct copy of is attached hereto and marked as

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

On [redacted], in [redacted]

[redacted]

[2] A true and correct copy of [redacted] is attached hereto and marked as Exhibit B.

[redacted]

[redacted].

On [redacted], Tiversa and Boback made no apologies for their violation of the Protective Order. They did not claim that their violation was inadvertent. Instead, as is apparent from [redacted], their public disclosure of information [redacted] was quite deliberate:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[3] See pp. 3-4 of [redacted] is attached hereto and marked as Exhibit C.



[redacted]

[4] See [redacted].



It is certainly odd why Tiversa and Boback did what they did. At the very least, the reasons for Tiversa and Boback's public disclosures are suspicious. Regardless, it is fairly clear that Tiversa and Boback intended to cause trouble for the targets of their unauthorized disclosures. They have a penchant for retaliatory behavior.

## III. ARGUMENT AND CITATION OF AUTHORITIES

### A. Tiversa and Boback Should Be Held in Contempt for Violating the Protective Order

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3rd Cir. 1995)). Moreover, it is not necessary to prove that a party willfully violated a court order in order to establish civil contempt. *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994). "'[W]illfulness is not a necessary element of civil

contempt,' and, accordingly, that evidence ... regarding ... good faith does not bar the conclusion ... that [the party] acted in contempt.'" *Id*. at 398 (quoting *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148-49 (3d Cir.1994)). Indeed, "good faith is not a defense to civil contempt." *Robin Woods*, 28 F.3d at 399.

Civil contempt must be proved by clear and convincing evidence. *John T.*, 318 F.3d at 552. Thus, if the Court were to find based on clear and convincing evidence that the Protective Order is a valid order, that Tiversa and Boback had knowledge of that Order and that Tiversa and Boback disobeyed that order, the Court should find those parties in contempt.

The evidence is overwhelmingly clear and convincing. There is no doubt that the Protective Order is a valid order. Nor is there any doubt that Tiversa and Boback had knowledge of the Order. The only remaining question is whether Tiversa and Boback disobeyed the Protective. The evidence is very clear. They did.



See, e.g., *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 291 (5th Cir. Tex. 2002) (court refused to interpret "confidential information" in a way that would render protective order a nullity by construing the term to refer to the medium on which information is stored, rather than the

information itself); *United States v. Greyhound Corp.,* 508 F.2d 529, 533 (7th Cir. 1974) (rejecting "twisted interpretations" of an order that would render a provision of the order a nullity); *On Command Video Corp. v. Lodgenet Entertainment Corp*., 976 F. Supp. 917, 921 (N.D. Cal. 1997) (party violated protective order by using confidential information obtained in one lawsuit for the purpose of initiating a separate lawsuit); *Am. Nat'l Bank & Trust Co. v. AXA Client Solutions, LLC*, 2002 U.S. Dist. LEXIS 9511, 2002 WL 1067696 (N.D. Ill. May 24, 2002) (party violated protective order by using confidential information discerned from highly confidential trading and financial records); *Positive Software Solutions, Inc. v. New Century Mortg. Corp*., 337 F. Supp. 2d 862, 873 (N.D. Tex. 2004) ("If orders prohibiting the disclosure of confidential information are to have any meaning, they must prohibit disclosure in any form.").

If this were a trade secrets case with trade secrets protected by the Protective Order, Tiversa and Boback would argue that they could use and disclose the trade secrets as much as they wanted, so long as they do not disclose the actual trade secret documents themselves. There is no logic to this argument and certainly no law to support it.

The purpose of civil contempt is remedial. *United States v. Harris*, 582 F.3d 512, 523 (3d Cir. 2009). Attorneys' fees may be awarded against a party that is held in contempt. *Robin Woods*, 28 F.3d 396 at 400. Tiversa and Boback should be held in contempt and, at a minimum, LabMD should be awarded its attorneys' fees for bringing this violation to the Court's attention.

As discussed below, Tiversa and Boback should also be sanctioned pursuant to Fed. R. Civ. Pro. 37(b). To be clear, Rule 37(b) sanctions may be addition to or as an alternative to a finding of contempt.

**B. Whether their Conduct is Contemptuous or Not, Tiversa and Boback Should Be Sanctioned Pursuant to Fed. R. Civ. Pro. 37(b)(2)(A).**

The Court need not find Tiversa and Boback in contempt in order to impose sanctions. Tiversa and Boback's intentional violation of the Protective Order is sanctionable under Fed. R. Civ. Pro. 37(b)(2)(A), regardless of whether they are in contempt. *Pereira v. Narragansett Fishing Corp.*, 135 F.R.D. 24, 27 (D. Mass. 1991) (a finding of contempt is not necessary to impose sanctions under Rule 37).

In most jurisdictions, a Rule 26(c) protective order is considered a discovery order, the violation of which subjects a party to sanctions under Rule 37. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co*., 685 F.3d 486, 490 (5th Cir. 2012); *Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 784 (9th Cir. 1983); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C*., 992 F.2d 932, 934-35 (9th Cir. 1993); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994); *but see Lipscher v. LRP Publs., Inc*., 266 F.3d 1305 (11th Cir. 2001).

The Federal Rules of Civil Procedure provide guidance regarding the Court's power to impose sanctions. Rule 37(b) specifies that the district court (1) may make such orders in regard to the failure (to obey a discovery order) as are just, and (2) may make specific sanctions that, "among others," are contemplated by the rule. *Compagnie des Bauxites de Guinea v. Insurance Co. of North America*, 651 F.2d 877, 884 (3d Cir. 1981) (district court properly established, pursuant to Fed.R.Civ.P. 37(b)(2)(A), that it had personal jurisdiction as a sanction for a party's failure to comply with the court's order compelling discovery), *aff'd, Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

Rule 37(b)(2)(C) sets forth one of the sanctions available for a violation of a discovery order:

Payment of Expenses. Instead of or in addition to the orders above, the court must order

> the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

There was no justification, substantial or otherwise, for Tiversa and Boback's failure to comply with the Protective Order. Moreover, there are no circumstances here that would make an award of attorneys' fees and expenses unjust. Thus, Tiversa and Boback should be ordered to pay LabMD's attorneys' fees and expenses for bringing this motion.

The reasons for Rule 37(b) sanctions, however, go well beyond requiring a disobedient party to pay attorneys' fees and expenses. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." (internal quotation marks and brackets omitted)); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co*., 685 F.3d at 488 (even where there was no willful violation of a protective order, district court properly determined that sanctions were appropriate in order to deter future violations of protective orders and to reflect the seriousness of such orders); *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979) ("[C]ourts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault.") (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) (per curiam); *In re Tutu Wells Contamination Litig.,* 162 F.R.D. 46, 63, 31 V.I. 250 (D.V.I. 1995) ("[O]nce culpable conduct is found, the court is required to impose such sanctions that are just, both to penalize the wrongful conduct and to deter those who might be tempted to such conduct in the absence of a deterrent.") (internal quotations and citations omitted);

*Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F. Supp. 977, 982 (M.D. Pa. 1982) ("Orders of this court and the discovery process were flouted by the plaintiff. In such a case, harsh sanctions must be imposed not only to prevent prejudice to the defendants but to preserve the integrity of court-supervised discovery, thus deterring others from similar conduct."); *Gordon v. Campbell*, 1998 U.S. Dist. LEXIS 5364, 1998 WL 195900 (E.D. Pa. Apr. 16, 1998) ("The issue is what penalty is appropriate to compensate defendants, to deter further breaches by plaintiff, and to vindicate the processes of the Court.").

Tiversa and Boback require sufficient deterrence to avoid future violations of the Protective Order as well as other protective orders likely to be entered in this action (*e.g.,* a confidentiality protective order). LabMD submits that, in addition to an award of fees and expenses, appropriate and "just" sanctions for Tiversa and Boback's deliberate violations of the Protective Order would be for the Court to [redacted]

[redacted]

[redacted]

[redacted]

Such orders would simultaneously penalize Tiversa and Boback for their wrongful conduct and deter them from future violations of the Protective Order and other protective orders likely to be entered in this case.

## IV. CONCLUSION

Tiversa and Boback deliberately, blatantly and flagrantly violated the Court's May 29, 2015 Protective Order. Their reasons for doing so are frivolous. Their conduct is contemptuous and must be sanctioned. LabMD, therefore, requests that Tiversa and Boback be made to show cause why they should not be held in contempt and sanctioned. LabMD further requests that Tiversa and Boback be sanctioned with an order to pay LabMD's attorneys' fees and expenses for bringing this motion and for the Court to [REDACTED] Such sanctions are the minimum necessary to penalize these defendants and deter them from future violations.

**[Date and signatures are on next page.]**

                                        Respectfully submitted,

Dated: November 19, 2015

**DUANE MORRIS LLP**

*/s/Kenneth M. Argentieri*
Kenneth M. Argentieri
Pa. I.D. No. 41468
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
V: 412-497-1005
F: 412-202 0669
kmargentieri@duanemorris.com

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., Plaintiff, v. TIVERSA HOLDING CORP. f/k/a TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; and DOES 1-10, Defendants. | ) | No. 2:15-cv-00092-MRH-MPK |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for parties of record electronically by CM/ECF. I hereby certify that I emailed a copy of the unredacted version of the foregoing to the following:

| | |
|---|---|
| Jarrod Shaw | jshaw@reedsmith.com |
| Lucas Liben | lliben@reedsmith.com |
| Justin T. Romano | jromano@dscslaw.com |
| Eleni M. Roumel | eleni.roumel@mail.house.gov |
| Stephen J. Del Sole | sdelsole@dscslaw.com |
| William S. Stickman, IV | wstickman@dscslaw.com |

*/s/ James W. Hawkins*
James W. Hawkins