# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:15-cv-92 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10 | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On January 8, 2016 this Court issued a Memorandum Order, ECF No. 115, that largely adopted Chief Magistrate Judge Kelly's Report and Recommendation ("R&R"), ECF No. 70, and dismissed LabMD's Complaint in its entirety. Specifically, as to the Tiversa Defendants, Counts I, VII, and VIII were dismissed as time barred and Counts II, III, IV, V, and VI were dismissed on substantive grounds; as to Defendant Johnson, Counts I, II, III, VII, and VIII were dismissed as time barred and Count VI was dismissed on substantive grounds.[1]

LabMD has now filed a Motion for Reconsideration, ECF No. 117, which the parties have exhaustively briefed, ECF Nos. 118, 122, 123, 124. That Motion chiefly argues that: (1) the application of the Pennsylvania Savings Statute, 42 Pa. Cons. Stat. § 5535, to the RICO claims was reversible error; (2) under *Jewelcor, Inc. v. Karfunkel*, 517 F.3d 672 (3d Cir. 2008), the

---

[1] Counts I, VII, and VIII were dismissed with prejudice as to all Defendants and Counts II and III were dismissed with prejudice as to Defendant Johnson only. All other counts were dismissed without prejudice and leave to amend was granted. An Amended Complaint has now been filed. ECF No. 126.

Pennsylvania Savings Statute does not apply to *any* claims here; (3) equitable tolling[2] applies because LabMD mistakenly initiated this suit in the wrong forum; and (4) the discovery rule and/or equitable tolling preclude dismissal of claims against Defendant Johnson on timeliness grounds.

Upon review of the papers and relevant legal and decisional authorities, the Court concludes that application of the Pennsylvania Savings Statute was in error. That conclusion, however, does not change the ultimate outcome of the Court's previous ruling. For the reasons stated below, LabMD's Motion for Reconsideration will be denied.

I. **STANDARD OF REVIEW**

Motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such a motion will "only be granted if the moving party demonstrates (1) an intervening change in the controlling law; (2) the existence of new evidence that was unavailable when the court issued its order; or (3) the need to correct a clear error of law or fact to prevent a manifest injustice." *Peerless Ins. Co. v. Pa. Cyber Charter Sch.*, 19 F. Supp. 3d 635, 651 (W.D. Pa. 2014). "The moving party bears a heavy burden to demonstrate that an order should be reconsidered," and rearguing or re-litigating old matters or expressing disagreement with the earlier ruling are inappropriate bases for such a motion. *Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, No. 12-196, 2014 WL 2608117, at *1 (W.D. Pa. June 11, 2014).

---

[2] While equitable tolling may not be "generally amenable to resolution on a Rule 12(b)(6) motion," *Cunningham et al. v. M&T Bank Corp. et al.*, No. 15-1412, slip op. at 2 (3d Cir. Feb. 19, 2016) (citing *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301–02 (3d Cir. 2010)), this issue is not so fact-bound as to preclude consideration here. Equitable tolling in this case primarily turns on set dates—when statements were published, when a suit was filed, when that suit was terminated, etc.—so it is really just a matter of navigating a calendar and doing simple math. Based on the uncontradicted evidence that LabMD itself has put into the record, dealing with equitable tolling at this juncture makes good sense. That this is a motion for reconsideration, with a different judicial calculus than a regular motion to dismiss also weighs in favor of deciding the issue now, rather than punting until after some discovery that will not in any event change that calendar and the court docket information.

## II. DISCUSSION

**Count I: Conversion**

Count I was dismissed as time-barred as to all Defendants. ECF No. 115, at 1. This Court adopted the R&R's analysis and conclusion as to this Count in full. The R&R invoked the Pennsylvania Savings Statute, 42 Pa. Cons. Stat. § 5535(a)(1), and determined that it gave LabMD one year from the termination of the Georgia action to file this suit in this Court. ECF No. 70, at 6. Because it concluded that the Georgia action ended on February 5, 2013 and this action was not filed until January 21, 2015, the R&R concluded that the Savings Statute did not save this action.

Upon further review, the Court now concludes that its application of the Savings Statute was in error. The Third Circuit in *Jewelcor, Inc. v. Karfunkel*, 517 F.3d 672 (3d Cir. 2008) held that the Savings Statute does not apply unless the "civil action is commenced in and terminated by a Pennsylvania state court," *id.* at 675. While the Circuit's holding was somewhat anticipatory, *see id.* at 676 n.4, it is binding on this Court. Thus, the Court concludes the Pennsylvania Savings Statute has no application here.

LabMD urges that this conclusion compels a reversal of the Court's dismissal. ECF No. 118, at 5, 10. LabMD says that without the Savings Statute, it had until October 6, 2015 to file this case. *Id.* at 10. The Court does not agree.

First, LabMD's argument rests on a tortured understanding of the Savings Statute. The purpose of that statute is to give parties *more* time to file, irrespective of the statute of limitations. *See* 42 Pa. Cons. Stat. § 5535(a)(1). LabMD so recognized in its earlier briefs. ECF No. 63, at 16 (applying the Savings Statute here "would toll the statute of limitations not only during the pendency of the Georgia Action, but for a year after its termination."). Simply put,

3

LabMD had all along been urging this Court to *apply* the Savings Statute it now says the Court must ignore. But contrary to LabMD's current argument, that would in no way shorten the statute of limitations.

Nevertheless, the Court's consideration of *Jewelcor* compels it to disregard the Savings Statute. According to LabMD, this means that the time it spent mistakenly litigating in Georgia (by its count, 719 days) is equitably tolled and its current conversion claims are timely. ECF No. 118, at 10. But that argument fails to account for the pronouncement of Pennsylvania state law the Third Circuit cited in *Jewelcor*: "an action in one state does not toll the running of the statute in another state." *Jewelcor*, 517 F.3d at 675 (citing *Royal-Globe Ins. Co. v. Hauck Mfg. Co.*, 335 A.2d 460, 462 (Pa. Super. Ct. 1975). As the *Jewelcor* Court noted, Pennsylvania law provides the rule of decision on this point, and this is the state of the law in situations where the Savings Statute does not apply, like this one. So no tolling, equitable or otherwise is appropriate under Pennsylvania law.[3]

So then, the Court must determine anew when the statute of limitations on the conversion claim ran. The Court concludes that the conversion claim was established by September 30, 2010 letter (which specifically mentioned conversion of the "1718 file") so the statute of limitations began to run then. Three hundred eighty-four (384) days elapsed from when the elements of LabMD's conversion claim accrued until the filing of the Georgia action.[4] The R&R as adopted noted that the Georgia action terminated on February 5, 2013 when the Eleventh Circuit affirmed the district court's dismissal. ECF No. 70, at 6. LabMD now argues that the Georgia action

---

[3] Equitable tolling is just that—equitable. The Court finds no basis in the record to exercise is discretion to essentially give an equitable break to a party who waited nearly two years after its first action was over to file here.

[4] The R&R as adopted by this Court stated that the elements of the conversion claim were established "at the latest, by the filing of the Georgia action in October 2011." ECF No. 70, at 5–6. That statement was not, and is not, an explicit finding of when the statute of limitations began to run. Rather, LabMD received the benefit of the doubt as to the latest possible date that a conversion claim could be said to have been established.

actually terminated when the period for filing a petition for a writ of certiorari ran: October 6, 2013. ECF No. 118, at 3. But *Jewelcor*'s forecast of Pennsylvania law leads the Court to conclude that the Georgia action did *not* toll the two year statute of limitations, so LabMD had until September 30, 2012 to file its claim here. That it did not do.

Further, even if the Georgia action *did* toll the statute of limitations, and accepting LabMD's new and improved termination date of October 6, 2013 as the one, true, correct date (which the Court does here only to dispose of LabMD's argument), the conversion claim is still time barred. LabMD would have had 730 days total (two years) to file the claim. Three hundred and eighty-four of those days ticked by before it filed the Georgia action. Therefore, after October 6, 2013 it would have had 346 more days to file in this Court (or until roughly September 17, 2014). It did not file this action until January 21, 2015. The claim is time barred.

Finally, we can't forget that consideration of the Savings Statute in the R&R came at LabMD's urging. *See* ECF No. 63, at 15–16. So to the extent it wishes to now have a do-over, LabMD has waived any argument premised on the application (or more precisely, the non-application) of the Savings Statute. Motions for reconsideration are not to be "used to present new legal theories or arguments which could have been made in support of the first motion." *Payne v. Deluca*, No. 02-1927, 2006 WL 3590014, at *2 (W.D. Pa. Dec. 11, 2006) (Hardiman, J.).

The Motion for Reconsideration will be denied as to Count I.

**Count II: Defamation**

Count II was dismissed on substantive grounds as to the Tiversa Defendants and dismissed as time barred as to Defendant Johnson. ECF No. 115, at 1–2. Because the Motion for

Reconsideration raises only statute of limitations issues, the dismissal of this Count as to the Tiversa Defendants will not be disturbed.

As to Defendant Johnson, LabMD argues that "[t]he Court's ruling fails to account for the discovery rule or any equitable estoppel or equitable tolling of the statute of limitations."[5] ECF No. 118, at 11. In the absence of any citation to authority, LabMD charges that it would be reversible error to "altogether reject [those] equitable doctrines." *Id.*

As an initial matter, the Court dismissed this claim as to Defendant Johnson with prejudice because it determined that the allegedly defamatory statements occurred in April 2009 and on February 23, 2010. ECF No. 115, at 1–2. The statute of limitations for defamation under Pennsylvania law is one year. 42 Pa. Cons. Stat. § 5523. Therefore, the absolute latest the defamation claim could be filed was February 23, 2011.[6] The Georgia action was filed in October 2011. Therefore, the claims were time barred then and there, and no amount of equitable anything saves them.

The Motion for Reconsideration will be denied as to Count II against Defendant Johnson.

**Count III: Tortious Interference with Business Relations**

Count III was dismissed on substantive grounds as to the Tiversa Defendants and dismissed as time barred as to Defendant Johnson. ECF No. 115, at 2. Because the Motion for Reconsideration raises only statute of limitations issues, the dismissal of this Count as to the Tiversa Defendants will not be disturbed.

---

[5] This argument reflects the smorgasbord approach to pleading and argument that pervades a number of LabMD's papers.

[6] This conclusion also renders the discovery rule inapplicable because that rule has to do when the limitations period begins to run, rather than events that can stop the clock once it starts running. *See Cunningham*, No. 15-1412, slip op. at 11.

As with Count II, LabMD argues that at least one of the discovery rule *or* equitable estoppel *or* equitable tolling applies to Count III. But also like Count II, the statute of limitations on tortious interference claims that are based on alleged defamatory statements is one year under Pennsylvania law. *Evans v. Phila. Newspapers, Inc.*, 601 A.2d 330, 334–35 (Pa. Super. Ct. 1991). The tortious interference claims against Defendant Johnson are unquestionably based on his alleged defamatory statements that occurred, as discussed above, in April 2009 and February 2010. Thus, this count too was time barred when the Georgia action was filed and it remains time barred here.[7]

The Motion for Reconsideration will be denied as to Count III against Defendant Johnson.

**Count IV: Fraud**

Count IV was dismissed based on substantive deficiencies and leave to amend was granted. ECF No. 115, at 2–3. The Motion for Reconsideration does not raise any argument that the substantive dismissal was in error so the Motion for Reconsideration will be denied as to this Count.

**Count V: Negligent Misrepresentation**

Count V was dismissed based on substantive deficiencies and leave to amend was granted. ECF No. 115, at 3. The Motion for Reconsideration does not raise any argument that the substantive dismissal was in error so the Motion for Reconsideration will be denied as to this Count.

---

[7] Moreover, it is plain that the discovery rule does not apply where the defamation was not done in a manner meant to conceal the subject matter of the defamation. *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 446 (E.D. Pa. 1999). Johnson's statements were published in *Computerworld* magazine and an academic article. Despite there being deep recesses of the academy into which the most fervently interested person dares not wander, such publications cannot by any measure be said to conceal the subject matter of the defamation.

**Count VI: Civil Conspiracy**

Count VI was dismissed based on substantive deficiencies and leave to amend was granted. ECF No. 115, at 3. The Motion for Reconsideration does not raise any argument that the substantive dismissal was in error so the Motion for Reconsideration will be denied as to this Count.

**Counts VII and VIII: RICO**

Counts VII and VIII were dismissed as time barred as to all Defendants. ECF No. 115, at 3. Notwithstanding its prior positions, LabMD argues now that the Pennsylvania Savings Statute does not apply, and as discussed above, the Court agrees.

LabMD, however, mischaracterizes what Chief Magistrate Judge Kelly concluded and what this Court adopted. In fact, the federal four year statute of limitations was the foundation of the holding. ECF No. 70, at 17 ("The statute of limitations for a civil RICO claim is four years.") (citing *Rotella v. Wood*, 528 U.S. 549, 552 (2000)); ECF No. 115, at 3 ("the Report and Recommendation is adopted in full"). So even without the Savings Statute adding an additional year of time to file, the federal four year statute of limitations would have expired sometime in 2014 (four years after the claim accrued in 2010). This action was not filed until January 2015, so it is time barred.

But LabMD's arguments are not really about federal statutes of limitations preempting state law or the application of the Savings Statute at all. Instead they rely, as they must, on tolling during the pendency of the Georgia action. *See* ECF No. 118, at 7. Following a long exegesis of the salutary purposes of equitable tolling, LabMD eventually gets to the rub: "the Court should not treat any of the applicable statutes of limitations as if they were strict statutes of repose with no consideration of the facts or equitable principles." *Id.* at 8. This argument has the

rare qualities of both hitting the nail on the head but completely missing the board with the same swing of the hammer.

First, the federal four year RICO statute of limitations is surely subject to equitable tolling because it is, after all, a statute of limitations. *See CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014). But *equitable* tolling is an *equitable* remedy—filing in the wrong forum does not guarantee a party tolling as a matter of right. As the Third Circuit recently reaffirmed, equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Cunningham et al. v. M&T Bank Corp. et al.*, No. 15-1412, slip op. at 7 (3d Cir. Feb. 19, 2016) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). However, it is "an extraordinary remedy which should be extended only sparingly," *id.* (citing *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)).

Further, the purposes of statutes of limitations—requiring "diligent prosecution of known claims" and "preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber"—strongly counsel against equitable tolling here. *See Waldburger*, 134 S. Ct. at 2183. Indeed, equitable tolling requires LabMD to demonstrate reasonable diligence in pursuit of their claims, meaning that they "must establish that [they] pursued the cause of [their] injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Cunningham*, No. 15-1412, slip op. at 8 (internal alterations and quotation marks omitted). It took LabMD nearly two years after the Georgia action was done, done, done to file this one. LabMD has offered no compelling reason for the delay and such delinquency is certainly not "reasonably diligent prosecution." Moreover, the RICO claims were not even asserted in the Georgia action, so

despite the years of antagonistic, belligerent litigation between these parties, equitable tolling is inappropriate because statutes of limitations are also meant "to protect defendants from claims of which they have not received notice within a reasonable time after they accrued." *See Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450, 1456 n.6 (E.D. Pa. 1992). Simply put, a prior lawsuit that did not even include these claims would not act to "equitably toll" the long period of delay in their assertion here.

The bottom line is that even giving LabMD's position a generous benefit of the doubt, the Court should not equitably toll these statutes of limitations. LabMD's Motion is most accurately characterized as an attempted second (or third) bite at the apple after its arguments were not accepted before. But it is plain that there was no intervening change in the law, no fundamental misunderstanding of the law or the facts, and no new evidence that changes, or should change, the result of the involved dismissal Order.

It would appear to the Court that by this Motion for Reconsideration, LabMD decided to switch its position on the Savings Statute, and then essentially rehash slightly repackaged arguments as to everything else. Not only is that wholly inconsistent with the high and exacting standard for reconsideration, it also runs counter to the obligations of the Court and the parties under Rule 1 of the Federal Rules of Civil Procedure. In short, this has gone on long enough.[8]

---

[8] *Jones v. United States*, 135 S. Ct. 8, 9 (2014) (Scalia, J., dissenting from denial of certiorari).

## III. CONCLUSION

LabMD's Motion for Reconsideration is DENIED.

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: February 22, 2016

cc: All counsel of record