IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-92 |
| | ) | |
| | ) | Judge Mark R. Hornak/ |
| TIVERSA HOLDING CORP. *formerly* | ) | Chief Magistrate Judge Maureen P. Kelly |
| *known as* TIVERSA, INC.; ROBERT J. | ) | |
| BOBACK; M. ERIC JOHNSON; DOES | ) | Re: ECF Nos. 102, 139 |
| 1-10, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Maureen P. Kelly, Chief United States Magistrate Judge**

In yet another chapter of the ongoing contentious litigation between the parties,

Defendant M. Eric Johnson ("Defendant Johnson") filed a Motion for Rule 11 Sanctions

("Motion for Sanctions"). ECF No. 102. For the reasons that follow, the Motion for Sanctions is

DENIED.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Litigation between the parties commenced in a Georgia state court action filed by

LabMD, Inc. ("LabMD") in October 2011. That case was removed to the United States District

Court for the Northern District of Georgia where it was dismissed for lack of personal

jurisdiction. LabMD, Inc. v. Tiversa, Inc., 509 F. App'x 842 (11th Cir. 2013)(affirming the

dismissal).[1]

---

[1] Defendant Tiversa Holding Corp. also filed an action in this Court against LabMD pleading state law claims for
defamation, slander *per se*, commercial disparagement and trade libel. Tiversa Holding Corp. v. LabMD, Inc., No.
13-1296 (W.D. Pa. Sept. 5, 2012). On November 4, 2014, Judge Nora Barry Fischer dismissed Tiversa's action for
lack of diversity jurisdiction upon the addition of Richard Edward Wallace, a Pennsylvania resident, as a named
defendant. (ECF No. 84). Tiversa and Robert Boback are now pursuing their claims in a separate consolidated action
in the Court of Common Pleas of Allegheny County, at GD-14-16497. Also pending and arising out of the subject

1

The instant iteration of this litigation was commenced via a Complaint filed by LabMD with this Court on January 21, 2015. ECF No. 1. In the Complaint, LabMD alleged a shakedown scheme as one in which Defendants conspired to infiltrate LabMD's computer systems and, upon gaining access, created a data security breach in LabMD's computer files. ECF No. 1 ¶ 4. Through this breach, Defendant Tiversa Holding Corp. ("Tiversa") obtained a 1,718 page file containing confidential patient health-related data ("the 1718 File"). Id. ¶ 20. With this file as proof of a breach, Tiversa then offered to sell LabMD services to remedy the breach. Id. When LabMD refused to purchase Tiversa's services, Defendants turned to the Federal Trade Commission ("FTC") and reported that due to LabMD's failed data security protocols, confidential patient health and personal information was disseminated on peer-to-peer networks for unbridled use by identity thieves. Id. ¶ 22. LabMD contended that Defendants then retaliated against LabMD's refusal to purchase Tiversa's services by including references to the 1718 File in publications authored by Defendant Johnson relative to health care "data breaches." Id. ¶ 21. LabMD also alleged that as a result of Defendants' conduct, the FTC initiated a public and wide-ranging investigation of LabMD, leaving it "an insolvent shell of a company." Id. ¶ 1. In addition, LabMD filed a RICO Case Statement on February 18, 2015. ECF Nos. 18, 19.

On March 24, 2015, Tiversa and Defendant Robert J. Boback ("the Tiversa Defendants") filed a Motion to Dismiss Plaintiff's Complaint and a brief in support thereof. ECF Nos. 34, 35. On March 31, 2015, Defendant Johnson filed a Motion to Dismiss and a brief in support thereof. ECF Nos. 36, 37. On June 1, 2015, LabMD filed responses in opposition to both Motions to

matter of this action is an administrative action commenced by the Federal Trade Commission, In the Matter of LabMD, Inc., No. 9357 (F.T.C.). LabMD has unsuccessfully challenged the FTC's action in multiple federal actions. LabMD, Inc. v. Federal Trade Comm'n, No. 1:13-cv-1787 (D.D.C. Nov. 14, 2013); LabMD, Inc. v. Federal Trade Comm'n, No. 13-15267-F (11th Cir. Feb. 18, 2014); LabMD, Inc. v. Federal Trade Comm'n, No. 1:14-cv-00810-WSD, aff'd 776 F.3d 1275 (11th Cir. 2015).

2

Dismiss. ECF Nos. 63, 64. The Tiversa Defendants filed a Reply in Support of their Motion to Dismiss on June 24, 2015. ECF No. 68. Defendant Johnson filed a Reply in Support of his Motion to Dismiss on June 24, 2015. ECF No. 69.

On August 17, 2015, this Court issued a Report and Recommendation recommending that the Motions to Dismiss be granted. ECF No. 70. However, it was recommended that LabMD be granted leave to amend the defamation, tortious interference and conspiracy counts (Counts II, III and VI). Id. On September 11, 2015, LabMD filed Objections to the Report and Recommendation. ECF No. 73. The Tiversa Defendants filed a Response in Opposition to the Objections. ECF No. 74. On October 2, 2015, Defendant Johnson filed a Brief in Opposition to Objections to Report and Recommendation. ECF No. 75. Reply and sur-reply briefs were filed. ECF Nos. 83, 84, 88.

On November 5, 2015, Defendant Johnson served a Rule 11 "safe harbor" notice letter on LabMD and enclosed a copy of the draft Motion for Rule 11 Sanctions. ECF Nos. 102, 153. In the letter, Defendant Johnson demanded that LabMD withdraw every claim against him, including the claims that the undersigned had recommended that LabMD be given leave to amend. On November 25, 2015, LabMD declined the demand for dismissal. ECF Nos. 110, 136-1. LabMD specifically referenced its briefing on the Objections to the Report and Recommendation pending before the Court. ECF No. 136-1.

United States District Judge Mark Hornak conducted a hearing on December 8, 2016, at which time he heard argument on the Objections to the Report and Recommendation relative to the Motions to Dismiss. ECF No. 106. Thereafter, on January 8, 2016, Judge Hornak issued a Memorandum Order ruling on the Objections, largely adopting the Report and Recommendation, and directing LabMD to file any Amended Complaint by February 12, 2016. ECF No. 115.

3

Thereafter, LabMD filed a Motion for Reconsideration, related, in part, to the dismissal of claims as to Defendant Johnson. ECF No. 117. On February 22, 2016, Judge Hornak denied the Motion for Reconsideration. ECF No. 129.

Following the filing of the Amended Complaint that did not include claims against Defendant Johnson, the undersigned issued an Order directing Defendant Johnson to file a notice stating whether, in light of his dismissal from this case and the fact that he was not included in the Amended Complaint, the Motion for Rule 11 Sanctions had become moot. ECF No. 133. Thereafter, a Notice on Defendant M. Eric Johnson's Pending Rule 11 Motion was filed stating that the motion was not moot and making additional arguments in support of Defendant Johnson's request for sanctions.[2] ECF No. 136.

## II. STANDARD OF REVIEW OF RULE 11 MOTIONS

Federal Rule of Civil Procedure 11 is intended to check abuses in the signing of pleadings. Rule 11 provides, in pertinent part, that:

> (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented ....
>
> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[2] The Court is compelled to note that Defendant Johnson went well beyond filing the requested notice. Instead, Defendant Johnson filed what amounts to a supplemental brief without leave of this Court. Yet again, Defendant Johnson also attempted to bring recent events in the pending disputes between the parties in the United States District Court for the Northern District of Georgia into this Court. Because neither is acceptable, this Court does not consider the unauthorized supplemental brief, nor the Georgia information included in footnote 1 of Defendant Johnson's recent filing, ECF No. 136.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(a) and (b).

The Rule provides that a court may sanction an attorney or party for filing documents for

an improper purpose, making frivolous arguments or making allegations that lack evidentiary

support. Section (c) of Rule 11 states:

(c) SANCTIONS.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the

5

reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The Court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An Order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11(c).

The United States Court of Appeals for the Third Circuit has cautioned that Rule 11 sanctions are warranted "only in the 'exceptional circumstances' ... where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeloaders, 857 F.2d 191, 194 (3d Cir. 1988) (internal citations omitted). A court must look to whether the imposition of sanctions would be reasonable under the circumstances. Id.

In commencing review of a Rule 11 motion for sanctions, a court must first determine whether the movant has complied with the "safe harbor" provision set forth in Rule 11(c)(2). If the movant failed to provide the twenty-one day grace period, "the motion must be denied [because the] purpose of safe harbor is to give the parties the opportunity to correct their errors." In re: Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008). Given the "safe harbor" provisions, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11. Advisory Committee's Notes (1993 Amendments).

6

## III. DISCUSSION

### A. Defendant Johnson's "Safe Harbor" Notice is Untimely.

The initial issue before this Court is whether Defendant Johnson complied with the "safe harbor" requirements set forth in Rule 11(c)(2).

The dates relevant to this issue are undisputed. On January 21, 2015, LabMD initiated this action by filing a Complaint against Defendant Johnson and the other defendants. ECF No. 1. The record reflects that Defendant Johnson was served on January 22, 2015. ECF No. 12. On March 31, 2015, Defendant Johnson filed a Motion to Dismiss and brief in support. ECF Nos. 36, 37. On the same date, the Tiversa defendants also filed a Motion to Dismiss and brief in support. ECF Nos. 34, 35. On August 17, 2015, this Court issued the Report and Recommendation recommending that both Motions to Dismiss be granted, and granted LabMD leave to amend certain claims, including certain claims against Defendant Johnson. ECF No. 70. On September 11, 2015, LabMD filed Objections to the Report and Recommendation. ECF No. 73. On October 2, 2015, Defendant Johnson filed a Brief in Opposition. ECF No. 75.

Not until November 5, 2015, did Defendant Johnson serve a "safe harbor" notice on LabMD. ECF No. 102 at 2. In that notice, Defendant Johnson's counsel demanded the dismissal of Defendant Johnson from this case and that LabMD withdraw its Complaint. ECF No. 153. On November 25, 2015, LabMD declined the demand. ECF Nos. 110, 136-1.

Clearly, the "safe harbor" notice was not served by Defendant Johnson on LabMD following service of the Complaint. Given that the Complaint was filed on January 21, 2015, the "safe harbor" notice could have been served shortly thereafter. It was not. By this Court's calculation, the notice was not served until more than nine months later.

7

Furthermore, it is important to note that in the case at issue, the November 5, 2015, "safe harbor" notice was not served until long after this Court's Report and Recommendation recommending the granting of Defendants' Motions to Dismiss was issued (August 17, 2015), and after the filing of the Objections and Responses to the Report and Recommendation were filed, in particular by Defendant Johnson (October 2, 2015).[3] In this instance of delay, the "safe harbor" notice was not served until almost three months after issuance of the Report and Recommendation.

In Plaintiffs' Opposition to Motion for Rule 11 Sanctions, LabMD argues that the timing of Defendant Johnson's Motion for Sanctions "is most odd. Defendant Johnson never explains why his filing is so late and provides no legal support or justification for being so delinquent." ECF No. 110 at 1. LabMD asserts that the time for Defendant Johnson to demand withdrawal of the Complaint was promptly after he was served with the Complaint in January 2015.

As LabMD correctly argues, courts have consistently denied Rule 11 sanction motions that are untimely. In In re: Schaefer Salt Recovery, the Third Circuit held: "The purpose of safe harbor is to give the parties the opportunity to correct their errors, with the practical effect being that 'a party cannot delay serving its Rule 11 motion'... 'until conclusion of the case (or judicial rejection of the offending contention).'" 542 F.3d at 99. Following the rationale in Schaefer, the United States District Court for the Eastern District of Pennsylvania, in Barley v. Fox Chase Cancer Center, 54 F.Supp.3d 396 (E.D. Pa. 2014), in the context of a disability discrimination lawsuit brought by a former employee against her former employer, recently dismissed the

---

[3] Given the "heated" nature of this litigation and aggressive advocacy of all of the parties, this Court would be remiss not to question whether the timing of the service of the "safe harbor" letter by Defendant Johnson on LabMD on November 5, 2015 was part of a litigation strategy by Defendant Johnson not to give LabMD the early opportunity to amend the Complaint but to compel LabMD withdraw the Objections and to discourage LabMD from filing an Amended Complaint with any claims against Defendant Johnson. This approach undermines the purpose of Rule 11 to have the parties self-correct without court intervention.

8

employer's Rule 11 motion for sanctions due to the failure of the defendant employer to comply

with Rule 11's "safe harbor" requirement. Id. at 407. The District Court held:

> We agree with Barley that Fox Chase is not entitled to sanctions under Rule 11.
> Fox Chase offers no excuse or legal support for its failure to file any Rule 11
> sanctions motion prior to Barley's summary judgment motion or in the three
> weeks before we issued our Opinion. Nor could it find such support: Rule 11's
> safe harbor is not optional but rather integral to the Rule's purpose of having
> parties self-correct without court intervention. See Schaefer Salt, 542 F.3d at 99
> ("the purpose of the safe harbor is to give parties the opportunity to correct their
> errors"). The Advisory Committee Notes to the 1993 amendment clarify that
> "[g]iven the 'safe harbor' provisions . . ., a party cannot delay serving its Rule 11
> motion until conclusion of the case." Again, the period for a Rule 11 filing ended
> when we granted Fox Chase's summary judgment motion. Fox Chase's motion is
> untimely and its failure to comply with the safe harbor cannot be excused.

Id.

Furthermore, other Circuits have similarly construed Rule 11(c). Mellott v. MSN

Communications, Inc., 492 Fed. App'x. 887, 888 (10th Cir. 2012) (abuse of discretion to grant a

Rule 11 motion that is filed after dismissal of case because it is impossible to comply with safe-

harbor provision). Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010)

(sanctions cannot be awarded where Rule 11 motion was filed after the second amended

complaint was effectively dismissed); Peer v. Lewis, 606 F.3d 1306 (11th Cir. 2010) (finding

motion for sanctions untimely where movant waited until after complaint was struck, eleven

months after movant had all necessary information to move for sanctions); Moore v. Lafayette

Life Ins. Co., 458 F.3d 416, 446 (6th Cir. 2006) (holding that the grant of sanctions pursuant to

Rule 11 was an abuse of discretion where motion for sanction was made after summary

judgment disposed of case).

Consistent with the holdings in Schaefer and Barley, this Court finds that Defendant

Johnson's Motion for Sanctions is untimely. It is undisputed that Defendant Johnson waited

over nine (9) months after service of the Complaint and until almost three (3) months after the

Complaint was effectively dismissed by this Court's Report and Recommendation granting the Motions to Dismiss to serve the "safe harbor" notice. Defendant Johnson has proffered no legitimate explanation or legal support to excuse the delayed and untimely filing.[4] Accordingly, the Motion for Sanctions is denied as untimely filed and for failure to comply with the "safe harbor" requirements of Rule 11(c).

## B. Defendant Johnson's Motion for Rule 11 Sanctions Does Not Warrant the Imposition of Sanctions.

Even if Defendant Johnson had timely served the "safe harbor" notice and complied with the requirements of Rule 11, this Court would find that LabMD did not engage in conduct relative to the filing of the original Complaint that warrants the imposition of Rule 11 sanctions.

In the Motion for Sanctions, Defendant Johnson moves for the imposition of sanctions against LabMD "for maliciously, recklessly and/or in bad faith maintaining a civil action against Professor Johnson which is time-barred and substantively untenable under the applicable law." ECF No. 102 ¶ 1. Defendant Johnson argues for sanctions on three grounds: the claims against him are time-barred; the claims have no basis in existing law and that the claims are meritless and asserted in bad faith. Id. ¶¶ 7-27.

LabMD opposes the Motion for Sanctions on the substantive basis that it does not meet the standard for Rule 11 sanctions. ECF No. 110 at 9. First, LabMD argues that Defendant Johnson fails to specify which of the four grounds for Rule 11 sanctions applies to which attorney and law firm on which claim. Id. at 9-10. Second, LabMD asserts that Pennsylvania law does not bar the discovery rule in mass-media defamation cases. Id. at 11-12. Third,

---

[4] The Court notes that the existence of such an explanation is unlikely because, as pointed out by LabMD, the instant Motion for Sanctions is essentially a recitation of the issues raised in Defendant Johnson's Motion to Dismiss.

LabMD contends that the doctrines of equitable tolling and equitable estoppel toll the statute of limitations. Id. at 12-15.

In considering Rule 11 motions, the Third Circuit has noted that "[f]ormulating a rule broad enough to curb abusive litigation tactics and misuse of the court's process but not yet so sweeping as to hinder zealous advocacy was obviously a formidable task." Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d. Cir. 1987). The Third Circuit also found that Rule 11 imposes an obligation on attorneys to "Stop, Think, Investigate and Research" before filing litigation documents. Id. However, the Third Circuit has cautioned that "Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is intended for only exceptional circumstances." Id. at 483. Accordingly, Pennsylvania district courts have held that Rule 11 sanctions should be imposed only if it is patently clear that a claim "has absolutely no chance of success." Abney v. Younker, 2016 U.S. Dist. LEXIS 50701, at *4 (M.D. Pa. April 15, 2016); Cvetko v. Derry Twp. Police Dept., 2010 U.S. Dist. LEXIS 86907, at *5 (M.D. Pa. Aug. 24, 2010).

Applying this narrow approach to imposing Rule 11 sanctions, courts have consistently held that "the mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." Simmerman v. Corino, 27 F.3d. 58, 62 (3d. Cir. 1994); Tegg Corp. v. Beckstrom Elec. Co., 2008 U.S. Dist. LEXIS 100081, at *6-7 (W.D. Pa. Dec. 10, 2008).

Recently, in Kohar v. Wells Fargo, N.A., 2016 U.S. Dist. LEXIS 49599 (W.D. Pa. April 13, 2016), United States District Judge Nora Barry Fischer denied a motion for sanctions following the granting of motions to dismiss. The Kohar case arose from lengthy state court foreclosure proceedings and extensive bankruptcy proceedings. Defendants in their motions for

11

sanctions under Rule 11 sought financial sanctions against plaintiffs and their counsel for

initiating the litigation for improper purposes and for pursuing unmeritorious claims under the

Fair Debt Collections Practices Act ("FDCPA"). The Court granted the motions to dismiss,

finding that the FDCPA claims were barred by the applicable statute of limitations. In relying on

the holdings in Simmerman and Tegg Corp., Judge Fischer found that the mere failure of the

FDCPA claims to survive the motions to dismiss did not warrant the imposition of Rule 11

sanctions. The Court held:

> In addition, the motions for sanctions are overbroad in that they do not
> sufficiently delineate between which provisions of Rule 11(b) were violated by
> Plaintiffs or their counsel and Rule 11(c)(5) expressly precludes the Court from
> imposing sanctions against Plaintiffs individually for a violation of Rule 11(b)(2)
> requiring that "the claims, defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending, modifying, or reversing
> existing law or for establishing new law." See Fed. R. Civ. P. 11(c)(5)(A).

Id. at *16-17.

The Court also determined that the notice lacked specificity. Accordingly, the Court found that

sanctions were "inappropriate." Id. at *17.

Similar to the ruling in Kohar, this Court finds that the parties have been engaged in

extensive litigation proceedings in a number of courts. This dispute has involved zealous

advocacy by all of the parties. Based on an objective and thorough review of the relevant facts,

pleadings and applicable law, this Court does not find the requisite "extraordinary

circumstances" warranting the imposition of Rule 11 sanctions.[5]

---

[5] The filing of motions for sanctions appears to be part of a litigation strategy of all of the parties to this ongoing
dispute. In the related action in the Court of Common Pleas of Allegheny County, Tiversa Holding Corp. v.
LabMD, Inc., GD-14-16497, LabMD, Inc. and Michael J. Daugherty, as defendants in that case, filed a "Motion for
Sanctions Pursuant to Rule 1023.2," on October 2, 2015, alleging that Tiversa and Boback's claims were not
warranted by existing law and lacked evidentiary support. (Rule 1023.2 is the Pennsylvania equivalent to Fed. R.
Civ. P. 11.) On April 20, 2016, Judge Christine A. Ward issued an Order of Court denying the Motion for
Sanctions. Id. at Document 113.

## IV. CONCLUSION

For the reasons set forth herein, the Motion for Rule 11 Sanctions of Defendant Johnson,

ECF No. 102, is DENIED. In light of this ruling, the Motion to Strike Portions of Notice of

Defendant Johnson, ECF No. 139, is DENIED AS MOOT.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 23, 2016

cc:    The Honorable Mark R. Hornak
       United States District Judge

       All counsel of record via CM-ECF