IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIVERSA HOLDING CORP. f/k/a | )   No. 2:15-cv-00092-MRH-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) |
| And DOES 1-10. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS TIVERSA HOLDING CORP. AND ROBERT J. BOBACK'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENJOIN
PLAINTIFF LABMD, INC. AND NON-PARTY MICHAEL J. DAUGHERTY**

Defendants, Tiversa Holding Corp. f/k/a Tiversa, Inc. ("Tiversa") and Robert Boback ("Defendants"), move this Court for an injunction against Plaintiff, LabMD, Inc. ("LabMD, Inc.") and non-party Michael Daugherty ("Daugherty") enjoining them from further prosecuting the subsequently-filed civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, *Michael Daugherty and LabMD, Inc., v. Tiversa, et al.*, No. 1:16-cv-02480-LMM (the "Second Filed Action").[1] Because the case pending before this Court[2] involves the same parties and the same issues, sound judicial administration and comity

---

[1] Non-party Michael Daugherty is subject to this motion given his role as LabMD's sole shareholder, president, and chief executive officer. *See* Complaint, Second Filed Action, Dkt. 1, ¶ 19.

[2] As discussed herein, in 2011, LabMD filed an action in Georgia state court which was removed to the United States District Court for the Northern District of Georgia, Atlanta Division. Complaint, *LabMD, Inc. v. Tiversa, Inc.* No. 1:11-cv-04044-LMM (N.D. Ga. Nov. 23, 2011) Dkt. 1-1 ("Dismissed Georgia Action"). That action was dismissed against Tiversa and Boback for lack of personal jurisdiction. *LabMD, Inc.*, No. 1:11-CV-04044-JOF, 2012 WL 12542448, at *1 (N.D. Ga. Aug. 15, 2012), *aff'd*, 509 F. App'x 842 (11th Cir. 2013).

require that this Court issue an injunction prohibiting LabMD, Inc. and Michael Daugherty (collectively "LabMD") from proceeding in the subsequently filed Georgia Action.

I.     **BACKGROUND**

The litigation between LabMD and Defendants has been ongoing for several years. To that end, a summary of the prior and pending litigation is included to help frame why an injunction is appropriate. With this context, LabMD's motivation in initiating the Second Filed Action is exposed to be nothing more than forum shopping and why this Court should continue to retain jurisdiction over the litigation.

   A.     **The Dismissed Georgia Action.**

Litigation between these parties began in 2011 when LabMD, Inc. brought a lawsuit against, among others, Tiversa, by filing a Complaint in the Superior Court of Fulton County, Georgia. Tiversa removed the case to federal district court. *LabMD, Inc. v. Tiversa, Inc.*, Civil Action No. 1:11-cv-4044-LMM, Dkt. 1 ("Dismissed Georgia Action"). In its Complaint, LabMD, Inc. brought causes of action for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Georgia computer crimes statute, O.C.G.A. §16-9-93, as well as common law claims for conversion and trespass. Dismissed Georgia Action, Dkt. 1-1. Each of these claims arose out of Tiversa's alleged download of a 1,718 page document ("1718 File") that was created and stored by LabMD. *Id.* LabMD, Inc. claimed that Tiversa intentionally accessed LabMD, Inc.'s computers and networks to download the 1718 File without authorization. *Id.*

In response to the Complaint, Tiversa moved to dismiss the matter, arguing that there was a lack of personal jurisdiction. *Id.* at Dkt 5. The district court agreed. *Id.* at Dkt. 23-1; *LabMD, Inc. v. Tiversa, Inc.*, No. 11-cv-4044, 2012 WL 12542448 (N.D. Ga. Aug. 15, 2012). The Eleventh Circuit later affirmed this ruling. *LabMD, Inc. v. Tiversa, Inc.*, 509 F.App'x 842 (11th Cir. 2013).

Yet, in January 2016, LabMD, Inc. filed a Rule 60(d)(3) Motion for Relief from Judgment and a Motion for Discovery to reopen the Dismissed Georgia Action. Dismissed Georgia Action, Dkt. 33 and 34. In its effort to reopen the case, LabMD, Inc. alleged that it discovered evidence of purported fraud on the Court by Tiversa's counsel at that time. *Id.* The Court ultimately denied LabMD, Inc.'s motion with respect to Tiversa. *Id.* at Dkt. 49; *LabMD, Inc. v. Tiversa, Inc.*, No. 1:11-CV-4044-LMM, 2016 WL 3695381, at *6 (N.D. Ga. May 13, 2016).

B.     The Pennsylvania Action.

LabMD, Inc. next filed the instant matter in this Court in January 2015. *LabMD, Inc. v. Tiversa Holding Corp., et al.,* No. 2:15-cv-92, Dkt. 1 ("Pennsylvania Action"). The original Complaint asserted claims for common law conversion, defamation, tortious interference with business relations, fraud, negligent misrepresentation, and civil conspiracy, as well as violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d). *Id.*

The causes of action centered on LabMD, Inc.'s allegations that Defendants hacked LabMD, Inc.'s computer systems to obtain personal identifying information and personal health information to "scare" LabMD, Inc. into using Tiversa's services to fix the issue that Tiversa itself created by allegedly causing the data security breach. *Id.* LabMD, Inc. further claims that once it refused Tiversa's services, Tiversa reported LabMD, Inc. to the Federal Trade Commission for failed data security protocols and for allowing personal confidential information to be accessed. *Id.*

Upon Defendants' Motion to Dismiss, *id.* at Dkts. 34-35, Chief Magistrate Judge Maureen P. Kelly issued a Report and Recommendation wherein she recommended that the Motion be granted, *id.* at Dkt. 70; *LabMD, Inc. v. Tiversa Holding Corp.*, No.. 15-92, 2015 WL

1213043, at *1 (W.D. Pa. Mar. 17, 2015). LabMD, Inc. objected, *id.* at Dkt. 73, and Defendants responded, *id.* at Dkt. 74. On January 8, 2016, Judge Mark R. Hornak issued a Memorandum Order adopting Chief Magistrate Judge Kelly's Report and Recommendation, thereby granting Defendants' Motion to Dismiss and dismissing the conversion and RICO claims with prejudice. *Id.* at Dkt. 115. The remaining claims were dismissed without prejudice with leave to amend. *Id.* LabMD, Inc. moved for reconsideration of this ruling, which the Court denied, noting that the Motion was LabMD's "second (or third) bite at the apple after its arguments were not accepted before." *Id.* at Dkt. 129, p. 10; *LabMD, Inc. v. Tiversa Holding Corp.*, No. 2:15-CV-92, 2016 WL 693014, at *5 (W.D. Pa. Feb. 22, 2016).

On February 12, 2016, LabMD filed an Amended Complaint, attempting to reassert the defamation, tortious interference with existing and prospective business relationships, fraud, negligent misrepresentation, and civil conspiracy claims. Pennsylvania Action, Dkt. 125. Defendants thereafter filed a Motion to Dismiss, which remains pending. *Id.* at Dkt. 137.

### C. The Second Filed Action.

On July 8, 2016, LabMD filed yet another Complaint against, among other Defendants, Boback and Tiversa. Second Filed Action, Dkt. 1. In the Complaint, LabMD asserts several causes of action, including violations of the federal and Georgia RICO statutes, 18 U.S.C. §§ 1962(c) and 1962(d) O.C.G.A. §§ 16-14-4 and 16-14-4(c), respectively, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Georgia computer crimes statute, O.C.G.A. § 16-9-93(g); and claims for common law fraud, negligence, fraudulent misrepresentation, negligent misrepresentation, and conspiracy. *Id.* Many of these causes of action were also asserted in the Amended Complaint in the Pennsylvania action. *Compare id. with* Pennsylvania Action, Dkt. 125.

The claims in the Second Filed Action once again center on allegations that Tiversa "stole" the 1718 File from LabMD and then offered to return the file for a fee. Second Filed Action, Dkt. 1. LabMD also makes the same allegations related to Tiversa's proprietary technologies, 1718 File, and alleged collusion with the Federal Trade Commission. *Id.*

The Pennsylvania Action is substantially similar to, pre-dates, and has progressed significantly further than the Second Filed Action. Therefore, the first-filed rule requires that LabMD, Inc. and Daugherty be enjoined from pursuing the Second Filed Action.

II.     **ARGUMENT**

      A.     **The First-Filed Rule Standard And Applicability To This Litigation.**

Courts in this district and within the Third Circuit follow the "first-filed rule," which "encourages sound judicial administration and promotes comity among federal courts of equal rank." *N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*, No. 3:06-cv-00147-KRG, 2007 WL 184776, at *2 (W.D. Pa. Jan. 22, 2007) (quotation omitted). The rule provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir. 1941)). Thus, the court that first acquires jurisdiction over the subject has a "duty. . . to enjoin the prosecution of the subsequent proceedings in the other court." *Triangle Conduit & Cable Co. v. Nat'l Elec. Prod. Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942).

The policy reasons behind the first-filed rule are well established: parties do not have a vested right to have their cause tried by one judge rather than by another of equal jurisdiction. *Crosley Corp.,* 122 F.2d at 929-30. In addition, public policy requires the court "to seek actively to avoid the waste of judicial time and energy" and to prevent courts from being "called upon to duplicate each other's work in cases involving the same issues and the same parties." *Id.* at 930.

As explained in Sections I.A. through I.C., *supra*, this Court is more than familiar with the facts of the matter and has issued rulings on, *inter alia*, a motion to dismiss, motions for reconsideration, and a motion for sanctions. In addition, there is another motion to dismiss pending. Requiring another Court to duplicate the litigation would be a waste of judicial resources. *See Crosley Corp.,* 122 F.2d at 930.

Moreover, departures from the first-filed rule only are warranted in limited instances when: (1) rare or extraordinary circumstances exist; (2) the first filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has progressed more than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum. *Glunk v. Noone*, No. CV 15-5565, —F. Supp. 3d—, 2016 WL 2866173, at *5 (E.D. Pa. May 16, 2016) (citations omitted). Where none of the exceptions is found to apply, the district court first obtaining jurisdiction "should proceed to adjudicate the controversy and the parties should be restrained from proceeding to duplicate the same issues in a latter suit in another district court." *Commc'n Workers of Am.,* No. 92-7430, 1993 WL 76214, at *2 (E.D. Pa. Mar. 16, 1993) (citing *Crosley Corp.*, 122 F.2d at 930) ("Courts, already heavily burdened with litigation with which they must of necessity deal, should therefore not be called upon to duplicate each other's work in cases involving the same issues."). No extraordinary circumstances exist in this case, and the Court should therefore exercise its broad discretion and enjoin LabMD, Inc. and Daugherty from further prosecution of the Second Filed Action.

      **B.**    **The First-Filed Rule Requires Enjoining LabMD From Prosecuting The Second Filed Action.**

The allegations and causes of action LabMD asserts in both the Pennsylvania and Second Filed Actions are substantially the same and therefore the first-filed rule is applicable.

Moreover, none of the rarely invoked and extraordinary circumstances exists to warrant departure from the first-filed rule.

        1.       <u>The Second Filed Action Is Substantially The Same Litigation As The Pennsylvania Action.</u>

As explained above, the first-filed rule permits the first-filed court to enjoin the plaintiff from prosecuting a second-filed action. *See Am. Soc. For Testing & Materials v. Corrpro Companies, Inc.* 254 F. Supp. 2d 578, 581 (E.D. Pa. Feb. 27, 2003) (granting motion to enjoin second-filed action); *Oak Associates, Ltd. v. Palmer,* No. CIV.A.05-4210, 2006 WL 293385, at *3 (E.D. Pa. Feb. 7, 2006) (same). In August 2015 the Third Circuit extended the applicability of the first-filed rule to affirm the first-filed court's *dismissal* of a second-filed action where concurrent jurisdiction existed. *Chavez v. Dole Food Co., Inc.*, 796 F.3d 261 (3d Cir. 2015), *reh'g en banc granted, opinion vacated* (Sept. 22, 2015). The Court explained, "it is well within a district court's discretion to dismiss a second-filed action because a district court has an inherent power to control its docket and dismiss a duplicative action." *Id.* at 268 (citation omitted).[3]

Notwithstanding the Court's power to enjoin or dismiss the Second Filed Action, the determination of whether the first-filed rule applies remains the same. The court must first determine if the Second Filed Action and this action are similar cases that arise out of the same subject matter. *Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.,* 265 F. Supp. 2d 445, 448 (D. Del. 2003) (granting motion to enjoin prosecution of the second filed district court action) (citations omitted); *D & L Distribution, LLC v. Agxplore Int'l, LLC*, 959 F. Supp. 2d 757

---

[3] Upon the granting of a petition for rehearing *en banc*, the *Chavez* opinion is presently vacated. As of this filing, the *en banc* panel has yet to issue its ruling.

(E.D. Pa. 2013) (citations omitted). That analysis is straightforward here, due to the many overlapping and identical allegations in the Pennsylvania and Second Filed Actions.

Before turning to those overlapping and identical allegations, it is worth noting that LabMD essentially highlights the similarity between the two actions by citing to the Pennsylvania Action in its Complaint in the Second Filed Action. *See* Second Filed Action Complaint, Dkt. 1, at fns. 8-15 (all stating, "[d]ue to the pendency of the [Pa. Federal Court Action] Defendants Boback, Tiversa and Johnson are not included in this count at this time."). By acknowledging the existence of the Pennsylvania Action and avoiding specific claims that are pending therein, LabMD essentially concedes that it filed duplicative litigation in two separate jurisdictions. *Id.*

If that were not enough, a review of LabMD's Complaint in the Second Filed Action reveals that it is nearly identical to the Amended Complaint filed before this Court, just with more allegations and additional defendants. For example, both Complaints raise allegations related to the 1718 File and seek damages for alleged fraud, civil conspiracy, negligent misrepresentation, and computer fraud and abuse. *Compare* Pennsylvania Action, Dkt. 125, Counts IV, V, VI *with* Second Filed Action, Dkt. 1, Counts V, VII, XI, IX. There can be no dispute that these claims are the same, and that the parties are the same.[4] To further emphasize

---

[4] For the purposes of this motion, it does not matter that there are additional defendants in the Second Filed Action or that Michael Daugherty is not a named Plaintiff in the Pennsylvania Action, because "[t]he first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Englebert v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 14-CV-2062, 2014 WL 3109884, at *2 (E.D. Pa. July 8, 2014) (quoting *Advanta Corp. v. Visa U.S.A., Inc.,* No. 96-7940, 1997 WL 88906 at *3 (E.D.Pa. Feb. 19, 1997)); *see also Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013) ("Although Synthes is not a party to the California action, it does not affect the analysis. Synthes is a nominal party to this action.").

this point, below is an overview of some of the overlapping allegations identifying why these actions are essentially the same:

| Common Allegations | Pennsylvania Action | Second Filed Action |
| --- | --- | --- |
| 1718 File allegations, including allegations that Tiversa "hacked" LabMD | ¶¶ 4, 8, 28, 37-57, 58, 61, 114, 131, 188, 92, 38, 82, 77-84, | ¶¶ 6, 152, 153, 150-160, 182, 202, 356, 357, 359 |
| LabMD interactions with Tiversa | ¶¶ 43, 49, 52 | ¶¶ 174, 179, 180 |
| FTC related claims, including the Privacy Institute and contacts with the FTC | ¶¶ 57, 77-81, 90-90, 97, 98, 119 | ¶¶ 89-90, 96, 214-219 |
| Tiversa's Peer-to-Peer technology | ¶ 24 | ¶ 63 |
| Tiversa's business model | ¶¶ 3, 27, 32-34 | ¶¶ 27, 56-61, 74-76, 147 |
| Allegations of Tiversa's purported fraud | ¶¶ 106, 114, 119, 180-186 | ¶¶ 530-37 |
| Issues related to the Dismissed Georgia Action | ¶¶ 106-13 | ¶¶ 338-45 |
| Civil conspiracy | ¶¶ 195-200 | ¶¶ 560-566 |
| The "List" | ¶¶ 81, 86, 87, 92, 116-118 | ¶¶ 97, 109-110, 191, 194 |
| Third Forensic Report | ¶¶ 103-105 | ¶¶ 412-414 |
| Alleged defamation by Tiversa | ¶¶ 130-145 | ¶¶ 77, 202 |

    2.    <u>No Compelling Reasons Exist To Depart From The First-Filed Rule In This Case.</u>

Having established that the Pennsylvania and Second Filed Actions are essentially the same, Defendants next argue that none of the rarely invoked and limited exceptions applies to cause the Court to depart from the first-filed rule. The first-filed Court must decline to follow the rule when: (1) rare or extraordinary circumstances are present; (2) a party has acted inequitably, in bad faith, or with an eye to forum shopping; (3) the second-filed action is further developed than the first action at the time the motion is made; or (4) a party has filed the first suit

to "preempt the opponent's imminent filing of a suit in a different, less favorable forum." *Glunk*, 2016 WL 2866173, at *5 (citations omitted). None of these exceptions exists here.

First, LabMD cannot show that extraordinary circumstances exist to continue to pursue both cases. It appears that LabMD has sought refuge again in Georgia as a result of the recent opinions from this Court dismissing several of LabMD's claims, with prejudice, and requiring LabMD to file an Amended Complaint with respect to all of the other claims. This is consistent with Judge Hornak's observation that LabMD has a "smorgasbord" approach to their pleadings. *LabMD, Inc.*, 2016 WL 693014, at *3, fn. 5.

Second, because LabMD is a Plaintiff in both actions, there is no evidence that *Defendants* acted in bad faith or with an eye to forum shopping. Rather, it is clear that the initiation of the Second Filed Action was forum shopping and demonstrative of *LabMD's* attempt to evade the jurisdiction of this Court. Further emphasizing LabMD's motive is its unsuccessful attacks on the judgment dismissing the Dismissed Georgia Action for lack of jurisdiction. Dismissed Georgia Action, Dkt. 49; *LabMD, Inc.*, 2016 WL 3695381, at *6.

Third, courts decline to invoke the rule when the second-filed action had developed further than the initial suit. *See, e.g. Keating Fibre Int'l, Inc. v. Weyerhaeuser Co. Inc.*, 416 F. Supp. 2d 1048, 1052 (E.D. Pa. 2006) ("[T]he case in our Court has not progressed more rapidly than the action in Washington, eliminating any circumstance that would militate in favor of departing from the "first-to-file" rule."). This simply is not the case here. As noted above, the Second Filed Action was *just* initiated on July 8, 2016 and as of the date of this filing no parties have responded to the complaint. On the other hand, this action, has been pending since January 2015 and the docket demonstrates that there have been two motions to dismiss, several motions concerning the RICO case statements, objections to Reports and Recommendations, motions for

reconsideration, and several status conferences. Therefore, because this case is far more advanced than the Second Filed Action, an injunction against further prosecution of the Second Filed Action is warranted. Also, because the litigation is substantially similar and this Court is more than familiar with the often-times confusing facts and lengthy Amended Complaint, an injunction against further prosecution of the Second Filed Action will prevent wasting judicial resources, prevent duplicative, conflicting orders and/or duplicative, conflicting appeals.

Fourth, undermining any argument that the anticipatory lawsuit exception applies is the fact that LabMD has initiated both actions. *See, e.g.*, *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 465 (E.D. Pa. 1999) (enjoining prosecution of the second-filed case when anticipatory lawsuit exception was not met). It was only *after* this Court granted Tiversa's Motion to Dismiss that LabMD went back to Georgia to seek alternative relief.

Accordingly, because LabMD cannot establish that any of the exceptions warranting departure from the first-filed rule exist, the rule requires that this Court enjoin LabMD and Michael Daugherty from prosecuting the Second Filed Action.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court enter an order enjoining LabMD from further prosecuting the subsequently filed action against Defendants pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Michael Daugherty and LabMD, Inc., v. Tiversa, et al.,* No. 1:16-cv-02480-LMM.

Respectfully submitted,

*Jarrod D. Shaw*
Jarrod D. Shaw

PA I.D. No. 93459
MCGUIREWOODS LLP
EQT Plaza
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel.: 412-667-7907
Fax: 412-402-4193
jshaw@mcguirewoods.com

*Counsel for Defendants Tiversa Holding Corp. and Robert J. Boback*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2016, a true and correct copy of Defendants Tiversa Holding Corp. and Robert J. Boback's Memorandum of Law In Support of Its Motion to Enjoin LabMD, Inc. and Michael Daugherty was served on counsel of record via electronic service.

Respectfully submitted,

*Jarrod D. Shaw*
Jarrod D. Shaw
PA I.D. No. 93459
MCGUIREWOODS LLP
EQT Plaza
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel.: 412-667-7907
Fax: 412-402-4193
jshaw@mcguirewoods.com

*Counsel for Defendants Tiversa Holding Corp. and Robert J. Boback*