IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LABMD, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15cv92 |
| | ) | **Electronic Filing** |
| **TIVERSA HOLDING CORP.**, formerly | ) | |
| known as **TIVERSA, INC.; ROBERT** | ) | |
| **J. BOBACK**; **M. ERIC JOHNSON**; | ) | |
| **DOES 1-10**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 14th day of July, 2017, upon due consideration of plaintiff's motions for certification pursuant to Rule 54(b) and interlocutory appeal and the parties' submissions in conjunction therewith, IT IS ORDERED that [191], [193] the motions be, and the same hereby are, denied.

An appeal pursuant to 28 U.S.C. § 1292(b) is to be utilized only in exceptional circumstances. Gardner v. Westinghouse Broadcasting Co., 559 F.2d 209, 212 (3d Cir. 1977) aff'd 437 U.S. 478 (1977). Federal law reflects a strong policy against piecemeal appeals and the certification process is appropriate only where an immediate appeal would avoid protracted and expensive litigation. Zygmuntowicz v. Hospital Investments, Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993).

The statutory requirements for interlocutory appeal are succinctly set forth in Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974) (*en banc*): "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its

correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Id. at 754 (quoting 28 U.S.C. § 1292(b)).

Plaintiff seeks to appeal the order of January 8, 2016, dismissing Counts I, VII and VIII of plaintiff's original complaint with prejudice and the order of November 23, 2016, dismissing all of the counts of plaintiff's amended complaint save two subparts of Count II. Defendants maintain that a resolution of these rulings in plaintiff's favor will not materially advance the ultimate termination of the litigation because any reinstated claim(s) would necessarily be at the pleading stage. Consequently, from defendants' perspective an interlocutory appeal would be a mere first step toward resolution.

In general, interlocutory appeals are not granted from denials of motions to dismiss because it encourages "piecemeal litigation." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). The primary purpose of § 1292(b) is to expedite the termination of litigation where an immediate appeal would avoid protracted and expensive litigation in the event of either a reversal or an affirmance.

In order satisfy the purpose of § 1292(b), immediate material advancement of the ultimate termination of the litigation must be a likely result from resolution of a controlling question of law. A reversal of all or some of the rulings rendered against plaintiff may well reinstate its claims and return them for further development. But as is evident from the record, such a result would fall far short of providing an avenue that expeditiously leads to final resolution. And an affirmance of all or some of the rulings equally would neither terminate the litigation nor assure an established avenue for immediate resolution of the remaining claims.[1]

---

[1] This state of affairs likewise suggests that plaintiff has failed to identify a controlling question of law, which by definition has the practical effect of saving the court's time and avoiding the consumption of unnecessary litigation expenses by all parties. See e.g. Shevlin v. Phoenix Life

2

Therefore, plaintiff's motions fail to advance the primary purpose intended by § 1292(b) and they properly have been denied.

                                                        s/David Stewart Cercone
                                                        David Stewart Cercone
                                                        United States District Judge

cc:    James W. Hawkins, Esquire
        Jarrod Shaw, Esquire
        Brandon J. Verdream, Esquire
        Robert J. Ridge, Esquire
        Katie M. Van Hoey, Esquire
        Mark A. Eck, Esquire

        (*Via CM/ECF Electronic Mail*)

---

Ins. Co., 2015 WL 348552 * 5 (D. N.J. January 23, 2015) ("'Controlling' means 'serious to the conduct of the litigation, either practically or legally.' From the practical standpoint, saving the district court's time and the litigants' expenses is 'a highly relevant factor.'") (quoting Katz, 496 F.2d at 755)).