IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., <br> Plaintiff, <br> vs. <br> TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10, <br> Defendants. | Civil Action No. 15-92 <br> Chief Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 310 |

## **ORDER**

Presently before the Court is a Motion for Recusal of the undersigned and a Brief in support filed by Plaintiff LabMD, Inc. ("LabMD"), filed on April 23, 2018. ECF Nos. 310-311. Also before the Court is a Response to the Motion for Recusal filed by Defendant Tiversa Holding Corp. ("Tiversa"), filed on May 2, 2018, ECF No. 314, and a Joinder in Tiversa's Response filed by Defendant Robert J. Boback ("Boback"), filed on May 4, 2018. ECF No. 315. Tiversa and Boback oppose the Motion for Recusal.

On April 17, 2018, less than one week prior to filing the instant Motion for Recusal, LabMD (and its sole shareholder Michael J. Daugherty) filed a substantively identical Motion for Recusal and Brief in support in a related action. LabMD, Inc. et al. v. Tiversa Holding Corp. et al., Civ. A. No. 17-1365 at ECF Nos. 66 and 68. In that action, United States District Judge Cathy Bissoon is the presiding judge and the undersigned is referred.

Judge Bissoon denied the Motion for Recusal in that case, holding:

> Plaintiffs seek recusal of Chief Magistrate Judge Maureen P. Kelly pursuant to 28 U.S.C. § 455(a) and Canon 3 of the Code of Conduct for United States

Judges. The test for recusal is based on an objective analysis of the possibility of bias from the perspective of a reasonable third party. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995). A party's displeasure with the Court's previous rulings is not a valid basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Plaintiffs argue that a reasonable person would perceive bias in favor of Defendants for a litany of reasons. Specifically, they argue and allege that most of Judge Kelly's rulings have favored Defendants; that she has expressed opposition to a global resolution of all claims among several lawsuits between the parties; that she concluded, in error, that Plaintiffs violated a duty of candor to the Court despite tolerance for Defendants' alleged lack of candor; that she failed to show adequate concern regarding alleged witness intimidation; that her former law firm entered an appearance in this action on behalf of Defendants in November 2017 (Defendants state in their response (Doc. 69), that Judge Kelly left this firm in 2011; the Court notes that there is no allegation that Judge Kelly or her former firm had prior participation in any case involving the instant parties); that she expressed a lack of surprise when told at a hearing that Defendants planned to file a 12(b)(6) motion; and that she interrupted Plaintiffs' counsel at a case management conference. None of these allegations, neither individually nor collectively, state a valid basis for recusal under the precedents of this Circuit. There is simply no basis for a reasonable person to conclude, from these allegations, that Judge Kelly harbors bias against Plaintiffs. Accordingly, Plaintiffs' Motion (Doc. 66) is DENIED.

LabMD, Inc. et al. v. Tiversa Holding Corp. et al., Civ. A. No. 17-1365 at ECF No. 71.

AND NOW, this 8th day of May, 2018, for the reasons set forth by Judge Bissoon in the order set forth above, the instant Motion for Recusal, ECF No. 310, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

2

cc: All Counsel of Record Via CM-ECF