IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly* | ) | |
| *known as* TIVERSA, INC.; ROBERT J. | ) | Re: ECF No. 339 |
| BOBACK; M. ERIC JOHNSON; DOES | ) | |
| 1-10, | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Presently before the Court is Plaintiff LabMD, Inc.'s Motion for Discovery Coordination Order and Brief in Support (collectively referred to as the "Motion"). ECF Nos. 338 and 339. In the instant Motion, Plaintiff LabMD, Inc. ("LabMD") seeks the entry of a discovery coordination order in the following three cases:

> *United States of America ex. rel. Michael J. Daugherty v. Tiversa Holding Corp., Tiversa, Inc., Tiversa Government Inc., and Robert J. Boback*, in the United States District Court for the Southern District of New York, Civil Action No. 14-cv-4548-DLC (the "Qui Tam Action");

> *LabMD, Inc. v. Tiversa Holding Corp. Robert J. Boback and M. Eric Johnson*, in the United States District Court for the Western District of Pennsylvania, Civil Action No. 2:15-cv-00092-MPK (the "WDPA Federal Action") and

> *Robert J. Boback v. LabMD, Inc., Michael J. Daugherty, Richard Wallace and Cause of Action Institute*, in the Allegheny County Court of Common Pleas, Civil Action No. GD-14-016497 (the "State Action").

The apparent trigger for the instant Motion is that on May 9, 2019, Judge Christine Ward of the Court of Common Pleas of Allegheny County issued an Order of Court lifting the stay of discovery in the State Action. ECF No. 338-1. On the two sentence Order of Court, Judge Ward

hand-wrote "Parties to cooperate and coordinate discovery." Id. LabMD argues that this notation by Judge Ward warrants the entry of a discovery coordination order in the above-identified three cases and an additional ten (10) month extension of discovery. LabMD further argues that there is good cause for issuance of such an order because: the three identified cases are related and that Attorney Steven Zoffer, who is not counsel in the WDPA Federal Action, recognized the need to coordinate discovery in the cases. ECF No. 340 at 6-8.

Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc. ("Tiversa") filed a Response to Plaintiff's Motion for Discovery Coordination Order, ECF No. 346, in which it opposes the instant Motion. Tiversa incorporated its Response to the Motion to Modify Revised Case Management Order to Extend Fact Discovery Deadline. ECF No. 345. Tiversa makes three arguments in support of denial of the instant Motion. First, Tiversa argues that the instant Motion should be denied because discovery must proceed in the proportionately limited manner consistent with this Court's prior Orders in the WDPA Federal Action. (Tiversa points to the Hearing Memo from the In-Person Status Conference on February 7, 2019 where this Court reviewed the remaining portion of defamation per se claim as to Statements #13 and #16 and, as such, the Court reminded counsel of the proportionality requirements of the Federal Rules of Civil Procedure, ECF No. 324.) Second, Tiversa argues that LabMD's delay in filing its request to coordinate discovery is unreasonable in light of the fact that it "inexplicably waited until less than two weeks prior to the close of discovery in this case to request that discovery be coordinated an[d] extended for an additional ten (10) months." ECF No. 346 at 2-3. Third, Tiversa argues that Judge Ward's Order of Court does not control the WDPA Federal Action. Tiversa points out that it is not a party to the State Action and Attorney Zoffer agreed only to coordinate the production of documents. Id. at 3-4.

Upon review, the Court finds that all three of Tiversa's arguments in opposition to the instant Motion have merit. It is significant to recognize that the WDPA Federal Action is four years old and is now limited only to the remaining portion of the defamation per se claim as to Statements #13 and #16. As such, this Court reminded counsel several times during and since the February 7, 2019 status conference that this narrow discovery is limited by the proportionality requirements of the recently amended Federal Rules of Civil Procedure. Therefore, the final four months of discovery on this remaining claim was to close on June 1, 2019, however, by separate order this date, discovery was extended until July 1, 2019 to facilitate the completion of depositions and the Court ordered that no further extensions would be granted. ECF No. 349. In contrast to the WDPA Federal Action, it appears that the Qui Tam Action and the State Action are at different stages of litigation, involve different issues and have certain different parties. Further, it appears from LabMD's argument that the additional ten months of discovery that it seeks will be heavily focused on the Qui Tam Action and the State Action. For these reasons, it is clear that the entry of discovery coordination order relative to fact discovery in all three cases would unduly complicate and prolong the limited remaining discovery in the WDPA Federal Action and substantially delay this case. Neither result is consistent with the requirements of the efficient administration of justice. Therefore, this instant Motion will be denied.

That said, this Court continues to encourage counsel in this case to constructively communicate on all discovery matters. To the extent possible and practicable, the parties may jointly agree to coordinate certain overlapping discovery as it relates to the WDPA Federal Action, however, **all discovery in this case must be completed by July 1, 2019.**

AND NOW, this 28th day of May, 2019, it is HEREBY ORDERED, for the reasons set forth herein, that Plaintiff LabMD's Motion for Discovery Coordination Order is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE