IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC.,<br>      Plaintiff,<br><br>vs.<br><br>TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10,<br>      Defendants. | Civil Action No. 15-92<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 377 |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff LabMD, Inc.'s Motion to Compel Defendant Tiversa Holding Corp. to Produce Documents and Brief in Support (collectively referred to as the "Motion to Compel"). ECF Nos. 377 and 378. In the Motion to Compel, LabMD, Inc. ("LabMD") seeks to compel Defendant Tiversa Holding Corp. ("Tiversa") to produce certain documents. Tiversa opposes the Motion to Compel on the grounds that it is untimely because Tiversa provided the discovery responses at issue in October 2017, and because LabMD's document requests are irrelevant, overbroad, unduly burdensome and are being used for an improper purpose. ECF No. 386.

### I. RELEVANT PROCEDURAL HISTORY

In order to consider the Motion to Compel, it is essential to review it in the context of the relevant procedural history of this case.

LabMD commenced this litigation on January 21, 2015. ECF No. 1. Following the litigation of two Motions to Dismiss that were granted in part and denied in part, ECF No. 115,

on February 12, 2016, LabMD filed a First Amended Complaint. ECF No. 125. Another Motion to Dismiss was filed. ECF No. 137. On October 7, 2016, this Court issued a Report and Recommendation recommending that the Motion to Dismiss be granted as to Count II (as to Defamatory Statements 1-12, 14-15 and 17-20), Count III, Count IV, Count V and Count VI. It was further recommended that the Motion to Dismiss be denied as to Count II (as to Defamatory Statements 13 and 16). ECF No. 166. The Report and Recommendation was adopted by District Judge Mark Hornak. ECF No. 185.

Following disposition of the Motions to Dismiss, only a portion of LabMD's defamation per se claim remains as to two alleged statements:

> 133. The following statements published by Tiversa and Boback in their February 10, 2015 statement to "The Pathology Blawg" are false and defamatory, were known by Boback and Tiversa to be false and defamatory, were understood by recipients of the statements to apply to LabMD, were intended to harm LabMD and did, in fact, cause special harm [to] LabMD: . . .
>
> • LabMD lawsuit — The claims are baseless and completely unsubstantiated . . . . even in the complaint itself. This appears to be another attempt by Daugherty to distract people from the INDISPUTABLE FACT that LabMD and Michael Daugherty leaked customer information on nearly 10,000 patients. (Defamatory Statement No. 13).

his request cl133 (internal citations omitted).

> 135. The following statements made by Boback and Tiversa in a letter to the editor of the Wall Street Journal, published in the December 9, 2015 edition of the Journal, are false and defamatory, were known by Boback and Tiversa to be false and defamatory, were understood by recipients of the statements to apply to LabMD, were intended to harm LabMD and did, in fact, cause special harm [to] LabMD: . . .
>
> • LabMD's CEO Michael Daugherty admits that a LabMD employee improperly installed LimeWire file-sharing software on a company computer. Doing so made confidential patient information publicly available over the Internet. (Defamatory Statement No. 16).

Id. ¶ 135.

On August 29, 2017, the Court conducted the initial case management conference in this case. During the conference, the Court gave the parties 5 months to conduct discovery in light of the fact that all that remained of the 205 paragraph 10 count First Amended Complaint was a portion of the defamation per se claim as to two statements, identified above. The Court set a fact discovery period of August 29, 2017 to January 29, 2018. ECF Nos. 246 and 247.

On September 5, 2017, LabMD served its First Request for Production of Documents and Things on Tiversa. ECF No. 378-13. On October 9, 2017, Tiversa provided its Objections and Responses to Plaintiff LabMD, Inc.'s Requests for Production of Documents and Things. ECF No. 378-14.

On October 12, 2017, the Court conducted a telephone status conference with counsel and addressed discovery, ESI custodians/search terms and an upcoming mediation. ECF No. 285. During the conference, LabMD did not raises any issues relative to the discovery responses that Tiversa had recently provided. Id.

Shortly thereafter, LabMD and its CEO, Michael Daugherty ("Daugherty"), filed a new lawsuit with this Court against Tiversa and Robert Boback ("Boback"), and the individual attorneys and law firms representing them in the instant case in LabMD, Inc. and Michael Daugherty v. Tiversa Holding Corp., et al., Case No. 17-1365. In the new lawsuit, LabMD and Daugherty alleged that Defendants engaged in abuse of process, conspiracy to abuse process, and violations of Pennsylvania's Dragonetti Act. These claims arose out of purported misconduct by Tiversa and Boback in pursuing defamation claims against several parties, including LabMD and Daugherty, in two Pennsylvania state and federal court actions.[1] LabMD and Daugherty alleged that these defamation actions were procured, initiated, and continued in a grossly negligent

---

[1] The state court defamation action at issue was filed on September 23, 2014 in the Court of Common Pleas of Allegheny County at Case No. GD-14-016497. The federal court defamation action was filed on September 5, 2013 in the United States District Court for the Western District of Pennsylvania at Case No. 13-1296.

3

manner and without probable cause, and that defendants had filed certain motions for purposes of concealing their own misconduct and harming LabMD.

On October 24, 2017, Defendants filed a joint Motion to Stay the instant case so that they could have the opportunity to review the new lawsuit and decide the impact that it had on the ability of defense counsel and their law firms to continue to represent Tiversa and Boback. The stay was granted until a status conference with the Court on December 4, 2017. ECF No. 295.

On December 4, 2017, the Court conducted a status conference. Discovery conducted to date was discussed. Attorney James Hawkins for LabMD acknowledged during the status conference the understanding that discovery was limited to Statement Nos. 13 and 16. ECF No. 311-2 at 10:9-16. Following the conference, the Court stayed this case pending rulings on the Motions to Dismiss in Case No. 17-1365. ECF No. 300.

The Motions to Dismiss were granted in Case No. 17-1365 and the case was dismissed on November 6, 2018.[2]

On February 7, 2019, this Court conducted a status conference to address the completion of discovery, including: search terms and custodians, the names of the individuals to be deposed, setting deposition dates as soon as possible, and the nonparty subpoena issues. ECF No. 324.

Of note to the Motion to Compel, the Court specifically asked LabMD's counsel during the February 7, 2019 conference if there were any other discovery issues to address and Attorney James Hawkins said there were not. ECF No. 370 at 16. At no time did he raise any concern

---

[2] It appears to this Court that the filing of Case No. 17-1365 by LabMD and Daugherty may have been a purposeful attempt by LabMD and Daugherty to interfere with the representation of Tiversa and Bobabck by their defense attorneys and respective law firms, particularly because there had been no discovery motions filed in this case relative to any conduct by Tiversa or Boback's counsel.

4

relative to Tiversa's responses to the request for production of documents produced in October 2017.[3]

Throughout the February 7, 2019 conference, the Court addressed the requirements of proportionality and that discovery is to be limited to the remaining portions of the defamation per se claim as to Statement Nos. 13 and 16. ECF Nos. 370 at 8, 13, and 17. The Court also stated:

> And again, I want to be clear, as you think about that after the ESI and the depositions, is I am going to be enforcing the amendments to the Federal Rules of Civil Procedure in terms of proportionality. This case has now been dramatically narrowed to just the two claims as to the two statements, and those are the only things that I'm going to allow discovery on, that which is related to it for purposes of preparing this case for trial.

Id. at 24.

At the conclusion of the February 7, 2019 status conference, the Court scheduled fact discovery to close on June 1, 2019. ECF Nos. 324, 325 and 370 at 28.[4]

Since the status conference, the Court has been required to deal with numerous discovery motions and discovery issues, including this Motion to Compel. ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352, 353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377, 379, 381, 382, 388, 391, and 393.

## II. TIMELINESS OF MOTION TO COMPEL

In opposing the instant Motion to Compel, Tiversa first argues that the Motion to Compel is untimely. Tiversa points out that LabMD has had Tiversa's responses to the requests for production of documents since October 9, 2017, but LabMD never raised any issues as to this document production until June 13, 2019, when LabMD sent a letter identifying specific requests

---

[3] It must be recognized that Tiversa provided LabMD with its responses to the Request for Production to LabMD on October 9, 2017. If LabMD had any concern relative to the production, it could certainly have raised it at the February 7, 2019 conference.

[4] On February 8, 2019, the Court also ordered the lifting of the stay of this case. ECF No. 323.

5

to which it believed Tiversa owed further responses. ECF No. 386-1 at 2-7. Tiversa correctly states that fact discovery closed on June 1, 2019 (with the exception of a brief thirty-day extension until July 1, 2019 to accommodate witness and attorney schedules for a limited number of depositions). ECF No. 386 at 2-3. As such, Tiversa argues that LabMD's June 13, 2019 requests for supplemental responses and the instant twenty-four page Motion to Compel, made three weeks after the close of discovery, are untimely. Id. Tiversa further argues that LabMD never raised any issue relative to Tiversa's responses to the document requests at the February 7, 2019 status conference or at any point thereafter when this Court addressed numerous discovery issues.

Upon review, this Court finds that the Motion to Compel is clearly untimely. LabMD received the discovery responses at issue on October 9, 2017. Despite numerous discovery conferences and conferences calls, LabMD never raised and identified specific issues as to this production until its letter of June 13, 2019. Discovery in this case, except for the completion of certain depositions, closed on June 1, 2019. LabMD fails to offer any reasonable reason for this twenty-month delay. Simply put, the Motion to Compel is untimely. As such, the Motion to Compel is denied as untimely.

### III. MERITS OF MOTION TO COMPEL

In the interest of completeness, the Court has reviewed the specific requests for production of documents to which LabMD seeks to compel further production of documents. Upon review, the Court finds that the Motion to Compel seeks documents that: have already been produced, Tiversa does not possess, or are not relevant nor proportional to what remains of LabMD's defamation per se claim as to Statement Nos. 13 and 16. Furthermore, as Tiversa correctly argues, the Motion to Compel appears to be yet another attempted "fishing expedition"

6

by LabMD seeking documentation for litigation in other cases and in other forums. Even considering LabMD's Reply in further support of this Motion to Compel, ECF No. 405, it relies on broad, non-specific arguments that fail to support the requested relief.

### A. Request for Production of Documents No. 3

> 3. *Please produce all documents and items collected by Tiversa and its agents in the "extensive investigation" Boback references in his February 10, 2015 statement to the Pathology Blawg.*

ECF No. 378-13.

This request seeks documents relative to a portion of a statement by Defendant Boback to Pathology Blawg in February 2015. A review of the statement reveals that it does not relate to the two Statements at issue in this case, but rather to whether the Federal Trade Commission ("FTC") visited Tiversa in October 2013. This request clearly does not relate to the remaining claims in this case.

### B. Request for Production of Documents No. 7

> 7. *Please produce all documents and things you provided to the U.S. House of Representatives Oversight and Government Reform Committee ("OGR Committee") in connection with the OGR Committee's investigation of Tiversa (the "OGR Investigation") in and around 2014.*

Id.

Upon review, the Court agrees with Tiversa that this request seeks documents relative to the OGR Committee investigation that have no bearing whatsoever on Statement Nos. 13 and 16. As with other of LabMD's discovery requests, as discussed above, this request appears to be yet another fishing expedition by LabMD to support its claims in the qui tam action and/or other cases.

In its Reply, LabMD contends that this request, as well as Requests for Production Nos. 7, 9, 19, 23, 24, 25, 26 and 27, seek relevant information because they relate to the first sentence

7

of Statement No. 13, whether the "claims in [this] lawsuit are baseless and unsubstantiated." See ECF 405 at 1-2. This argument is not persuasive, however, because this language does not relate to the specific portion of Statement No. 13 that LabMD has alleged is defamatory—the allegation that LabMD "leaked" patient information. As LabMD previously argued in its Opposition to Defendants' Motion to Dismiss:

> Although the entire statement provides the context of this ongoing dispute, it is absolutely clear that Defendants made a false and defamatory statement about LabMD by asserting as "indisputable fact" that LabMD "leaked" customer information on nearly 10,000 patients . . . . To state that it "leaked" (intentionally disclosed) patient information is highly damaging and defamatory.

ECF No. 144 at 22-23.

Indeed, as the Court's previous holding makes clear, the Court permitted Plaintiff's defamation claims to proceed with respect to the allegations that LabMD leaked certain information, as opposed to Boback's assessment of Plaintiff's legal claims:

> However, a fair reading of [Statement No. 13] reveals that the identified qualifying language does not qualify the part of the statement that LabMD claims is defamatory, *i.e.*, "the INDISPUTABLE FACT that LabMD and Michael Daugherty leaked customer information on nearly 10,000 patients." As ***that statement*** is defamatory on its face, it is recommended that . . . the portion of Count II based on Defamatory Statement 13 survive.

ECF No. 166 at 9 (emphasis added).

Simply put, there is no basis for Plaintiff to seek discovery regarding claims that the Court has already dismissed in this matter.

### C. Request for Production of Documents Nos. 9, 10, 23, 24 and 25

9. *Please produce all communications between Tiversa and the FTC in connection with the FTC's investigation of and enforcement action against LabMD.*

10. *Please produce all documents and things given by Tiversa to the FTC in connection with the FTC's investigation of and enforcement action against LabMD.*

8

> 23. *Please produce all communications to and from the Federal Trade Commission regarding The Privacy Institute.*
>
> 24. *Please produce all documents and things provided by Tiversa to The Privacy Institute.*
>
> 25. *Please produce all documents and things provided by The Privacy Institute to the Federal Trade Commission.*

Id.

Upon review, these five requests seek documents, communications or things relative to the FTC, the FTC investigation of LabMD, and the Privacy Institute. These requests do not relate to Statement Nos. 13 and 16 and whether the 1718 file was publicly available and/or leaked. Nonetheless, when Tiversa ran the agreed ESI search terms in February 2019, it did, in fact, include FTC as an agreed search term and, as such, Tiversa produced responsive, non-privileged documents in April 2019. ECF No. 386 at 9. Again, the Court will not permit discovery in this case to be used as a fishing expedition for other cases or long since concluded investigations.

**D.    Request for Production of Documents Nos. 13 and 44**

> 13. *Please produce Richard E. Wallace's medical and other records Tiversa obtained from the Greenbrier Treatment Center in or around January 2014.*
>
> 44. *Please produce all cellular and land line telephone records showing all calls made by Boback or any other employee or agent of Tiversa to Richard E. Wallace or any member of Mr. Wallace's family after October 1, 2013.*

ECF No. 378-13.

These two requests seek documents to support LabMD's allegation of witness intimidation. On June 18, 2019, the Court denied LabMD's Motion for Witness Protection, ECF No. 371, finding that LabMD's allegations were unsubstantiated. Further, these two requests are in no way relevant to Statement Nos. 13 and 16.

### E. Request for Production of Documents Nos. 26, 27 and 29

26. *Please produce all documents concerning alteration of metadata at Tiversa regarding the 1718 File.*

27. *Please produce all communications regarding Rick Wallace's download(s) of the 1718 File including, but not limited to, communications between Boback, Anju Chopra, Jeromy Dean, Jason Schuck, Keith Tagliaferri, Griffin Schultz, Eric Kline and Joel Adams.*

29. *Please produce the native versions of and all original unaltered metadata (if any) associated with Exhibits CX1007, CX1008, CX1009, CX1015, CX1016 and CX 1017 referenced by Anju S. Chopra in her affidavit filed in support of the Motion to File Response.*

ECF No. 378-13.

As to Request Nos. 27 and 29, it appears that the issue as to these two requests relate to Tiversa running the ESI search term as "LabMD." The search was run again recently as "Lab MD" (with a space between Lab and MD). Thus, these two requests are no longer at issue.

As to Request No. 26, seeking all documents "concerning alteration of metadata" at Tiversa regarding the 1718 File, this request again goes beyond the scope of the remaining portion of the defamation per se claim as to Statement Nos. 13 and 16. An alleged alteration of metadata is not a claim in this case. If anything, the alteration of metadata may possibly go back to the long ago dismissed RICO claims.

### F. Requests for Production of Documents Nos. 35-40

35. *Please produce all computers used by Richard E. Wallace in connection with his work for Tiversa.*

36. *Please produce all computers used by Richard E. Wallace in connection with his work for the FBI during the time he was employed by Tiversa.*

37. *Please produce the hard drives from all computers used by Richard E. Wallace in connection with his work for Tiversa.*

38. *Please produce the hard drives from all computers used by Richard E. Wallace in connection with his work for the FBI during the time he was employed by Tiversa.*

39. *Please produce all back-ups of hard drives from all computers used by Richard E. Wallace in connection with his work for Tiversa.*

40. *Please produce all back-ups of hard drives from all computers used by Richard E. Wallace in connection with his work for the FBI during the time he was employed by Tiversa.*

Id.

These document requests constitute an unwarranted overreach that is incredibly broad in seeking all computers, all hard drives and all back ups for hard drives from when former employee Richard Wallace worked at Tiversa from 2007 to 2014. These requests are blatantly overbroad and not reasonably calculated to the discovery of relevant evidence relative to alleged defamatory Statements Nos. 13 and 16. These requests are also violative of the requirements of proportionality. Clearly, these requests are attempts by LabMD to search for evidence to use in other cases. These requests are not tailored to what remains in the instant case.

### G. Request for Production of Documents Nos. 41 and 42

41. *Please produce all documents that would have allowed you to "further demonstrate what you and Mr. Daugherty already know through publically available documents: namely, that the file in question could be found and today can still be found at multiple sites in the public domain," as stated in a letter from Tiversa's counsel, John Hansberry, to LabMD's counsel, Stephen Fusco, dated November 8, 2012.*

42. *Please produce all documents that support the statement made in a letter from Tiversa's counsel, Jarrod Shaw, to LabMD's counsel, Richard Victoria (and others), date October 17, 2013, that "the evidence will indisputably show that Tiversa and Mr. Boback did <u>not</u> access, take, 'invade' or ever obtain the File through a LabMD computer."*

Id.

Finally, these two requests seek discovery regarding statements that are not the subject of this case, and were made several years prior to Statement Nos. 13 and 16. It is clear these two

11

requests solely relate to other claims in other cases. Again, this Court will not permit discovery in this case to be used as a fishing expedition for other cases.

## IV. CONCLUSION

For the reasons set forth herein, LabMD's Motion to Compel, ECF No. 377, is DENIED as untimely and without merit.

AND NOW, this 15th day of July 2019, it is hereby ORDERED that Plaintiff LabMD's Motion to Compel Defendant Tiversa Holding Corp. to Produce Documents is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE