IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10, | ) | Re: ECF Nos. 426 and 427 |
|     Defendants. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court is the Petition for Fees and Costs filed by Defendant Tiversa Holding Corp. ("Tiversa"). ECF No. 426. In the Petition for Fees and Costs, Tiversa seeks the award of $23,338.00 in attorneys' fees from LabMD, Inc. ("LabMD") and $4,737.75 in costs from Attorney James Hawkins ("Attorney Hawkins") based on the Memorandum Opinion of this Court, ECF No. 413, granting Tiversa's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2) that was joined in by Defendant Robert J. Boback ("Boback"), ECF Nos. 393 and 402. Boback has also filed a Petition for Attorneys' Fees and Costs Incurred Related to Motion for Sanctions, ECF No. 427. LabMD filed a Memorandum in Response to Defendant Tiversa Holding Corp.'s and Robert J. Boback's Petitions for Fees and Costs. ECF No. 442. Tiversa filed a Reply. ECF No. 452.

**I.  RELEVANT PROCEDURAL HISTORY**

In order to consider the pending Petitions for Fees and Costs, it is necessary to only briefly review the relevant procedural history of this case.

1

In the Motion for Sanctions, filed by Tiversa and joined by Boback, ECF Nos. 393 and 402, Tiversa argued that LabMD and its counsel had willfully violated the express ruling of this Court in the Deposition Protective Order limiting the scope of deposition questions in certain remaining depositions in this case.

After a status conference on April 23, 2019, this Court was required to deal with numerous discovery motions, discovery issues and the Motion for Sanctions. ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352, 353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377, 379, 381, 382, 388, 391, 393 and 402. Almost all of the discovery motions and issues in the final two-and-one-half months of discovery resulted from the conduct of LabMD and its counsel.

On August 16, 2019, this Court issued a thirty-seven page Memorandum Opinion granting the Motion for Sanctions. ECF No. 413. This Court imposed sanctions tailored to address this misconduct of LabMD and its counsel and the resulting harm. Id. at 35. This Court imposed the following sanctions:

> First, Tiversa and Boback are awarded the reasonable attorneys' fees and costs incurred related to the Motion for Sanctions and all filings related thereto. Tiversa and Boback shall file a petition which documents the attorneys' fees and costs incurred by September 6, 2019. LabMD shall file a response, limited to the issue of reasonableness only, by September 27, 2019.
>
> Second, Attorney James Hawkins is ordered to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the depositions of: Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck.
>
> Third, LabMD is precluded from using any of the testimony elicited during the depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck, including in responding to any motion for summary judgment and for any purpose whatsoever in the trial of this case, should LabMD's remaining claim survive the scheduled motion for summary judgment.
>
> Fourth, LabMD is expressly barred from using the deposition testimony of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason

2

Shuck in any other litigation in any other forum, based on LabMD's "fishing expedition" and LabMD's obvious attempt to use the 6 depositions of these 6 former Tiversa employees to elicit testimony for use in other cases or other forums.

Fifth, given the gravity of the misconduct and discovery litigation tactics of LabMD and its counsel in disregarding orders of this Court and violating the applicable rules, this Court could have imposed a case dispositive sanction under Rule 37 and considering the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). However, this Court exercises its discretion and does not do so. Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.

Id. at 35-36.

As provided for in the Memorandum Opinion, Tiversa and Boback filed the instant Petitions for Attorneys' Fees and Costs. ECF Nos. 426 and 427.

## II. TIVERSA'S PETITION FOR ATTORNEYS' FEES AND COSTS

In the instant Petition for Fees and Costs, ECF No. 426, Tiversa seeks to have the Court award attorneys' fees in connection with attorney time spent attending the depositions at issue in the Motion for Sanctions and for the preparation of the Motion for Sanctions.[1] Tiversa seeks to be awarded for legal expenses performed by Attorney Jarrod Shaw, partner, for 21.5 hours of time at a discounted hourly rate of $575.00, for a total of $12,362.50. Tiversa also seeks to be awarded for legal services performed by Attorney Natalie Zagari, associate, for 27.1 hours of time at a discounted hourly rate of $405.00 for a total of $10,975.50. As such, Tiversa seeks a total award of $23,338.00 in attorneys' fees. ECF No. 426 at 5-6.

Tiversa also seeks to be awarded $4,737.75 in court reporter fees and deposition transcript costs for the six at-issue depositions. Id. at 7.

---

[1] Tiversa has not submitted portions of invoices for its counsel's time spent to prepare for the depositions of the six former employees. ECF No. 426 at 4 n. 2.

3

## III. BOBACK'S PETITION FOR ATTORNEYS' FEES AND COSTS

In his Petition for Attorneys' Fees and Costs, Boback seeks to have the Court award attorneys' fees incurred related to the Motion for Sanctions. ECF No. 427. Boback seeks to be awarded for legal services provided by Attorney Robert J. Ridge, partner, for .90 hours of time at an hourly rate of $520.00, for a total of $468.00. Boback also seeks to be awarded for legal services provided by Attorney Brandon J. Verdream, senior attorney, for 1.3 hours of time at an hourly rate of $360.00, for a total of $468.00. In addition, Boback seeks to be awarded for legal services performed by Attorney Ashley J. Wilkinson, associate, for .70 hours of work at an hourly rate of $325.00, for a total of $227.50. Thus, Boback seeks a total award of $1,163.50 in attorneys' fees. Id. at 3.

## IV. LABMD'S RESPONSE IN OPPOSITION

In the Memorandum in Response to Tiversa's and Boback's Petitions for Fees and Costs, ECF No. 442, LabMD makes two arguments.

First, LabMD argues that the Court did not award Tiversa or Boback their attorneys' fees for attending the six depositions at issue. As such, LabMD asserts that Tiversa should not be awarded $12,445.50 in fees for attending the six depositions. Of note, LabMD does not contest the reasonableness of the hourly rates of counsel for Tiversa and Boback. Id. at 5.

Second, LabMD contends that attorneys' fees and costs cannot be assessed LabMD because it has no ability to pay. Id. at 1. LabMD argues that it ceased operations, owns no assets and has $5.00 in its only bank account. Id. at 3.

It is noted that LabMD does not contest the reasonableness of the court reporter fees and transcript costs for the six depositions at issue.

## V. LEGAL STANDARD

"The starting point in awarding attorney's fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." RHJ Med. Ctr., Inc. v. City of Dubois, No. 3:09-131, 2014 WL 3892100, at *3 (W.D. Pa. Aug. 8, 2014). "The lodestar is strongly presumed to yield a reasonable fee." Washington v. Phila. Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). "The party seeking attorneys' fees has the burden to prove that its request for fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, the prevailing party must "submit evidence supporting the hours worked and rates claimed." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)) (internal quotations omitted). However, it "need not go so far as to know the exact number of minutes spent nor the precise activity to which each hour was devoted or the specific attainments of each attorney." Brown v. City of Pittsburgh, No. 06-393, 2010 WL 2207935, at *3 (W.D. Pa. May 27, 2010) (quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001)) (internal quotations and citations omitted).

Thereafter, the burden is on the opposing party to challenge the requested hours and fees, if it chooses to do so. See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001). The party opposing the fee award must do so with sufficient specificity, and the Court cannot decrease a fee award based on factors that are not raised. Id. (citing Rode, 892 F.2d at 1183).

"When considering whether rates charges are reasonable, courts within the Third Circuit follow the 'forum rate rule,' which provides that a court shall rely upon prevailing hourly rates in the district to determine whether charges are reasonable." ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc., No. 15-273, 2016 WL 6916777, at *4 (W.D. Pa. Feb. 5, 2016). In order to

5

determine the prevailing market rates, the Court must assess the "experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citing Berkoben v. Aetna Life Ins. Co., No. 2:12-cv-1677, 2014 WL 3565959, at *18 (W.D. Pa. July 18, 2014)). "[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested." Id. (quoting Chaney v. HVL, LLC, No. 11-0833, 2012 WL 5990124, at *1 (W.D. Pa. Nov. 30, 2012)).

## VI.  LEGAL ANALYSIS

### A. Attorneys' Fees

#### 1. Scope of attorneys' fees award

The only disputed issue as to the requests for the award of attorneys' fees is whether the Memorandum Opinion of the Court allows Tiversa to recover for attorneys' fees associated with attendance of the depositions at issue.

In its Reply, Tiversa correctly argues that "sanctions have been imposed against LabMD and its counsel, because their conduct violated a Protective Order, which was issued to *protect* Tiversa, among others, from LabMD's improper deposition conduct." ECF No. 452 at 1. Tiversa also goes on to argue that "[b]ut for this misconduct and the dozens of improper questions posed at the six depositions, Tiversa would not have incurred the fees and costs for attending these depositions." Id. at 2.

The Court need not recite the extent of LabMD's discovery and deposition misconduct, including as to the six depositions at issue, because it was addressed at length in the Memorandum Opinion. ECF No. 413. That said, this Court specifically tailored five sanctions to address the deposition misconduct by LabMD and its counsel. Id. at 35-36. The first sanction

awarded Tiversa and Boback attorneys' fees and costs related to the Motion for Sanctions and all filings related thereto. Id. In the third and fourth sanctions, this Court precluded LabMD from the use of the deposition testimony elicited during the six depositions at issue.[2] As such, the Court did not award attorneys' fees associated with attending/defending the six depositions. Obviously, the Court also directed Attorney Hawkins to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the six depositions. Id. Therefore, Tiversa is not entitled to recover for its attorneys' fees (in the amount of $12,445.50 for 23.3 hours) associated with attending the six depositions at issue.

### 2. Ability to pay

LabMD's argument that attorneys' fees cannot be assessed because it has no ability to pay is without merit and disingenuous. First, LabMD clearly has the financial ability to file, fund and pursue this federal action and a multitude of other lawsuits in federal and state courts. ECF No. 413 at 3; id. at 6 n. 5. Second, as noted by Tiversa in its Reply, LabMD has the apparent financial means to recently retain and pay an "electronic technology" expert at the rate of $700 per hour to review 15 categories of documents and file a 15-page declaration in support of LabMD's Brief in Opposition to pending motions for summary judgment in this case. ECF No. 433-18 ¶ 4.

For the reasons set forth herein, Tiversa and Boback are entitled to be awarded their attorneys' fees incurred relative to the Motion for Sanctions. The Court finds that such attorneys' fees are reasonable. As such, attorneys' fees are awarded as follows, based on the hourly rates set forth herein.

---

[2] In support of its Motion for Sanctions, Tiversa previously argued that it was entitled to its attorneys' fees and costs to prepare and file the Motion for Sanctions, at a minimum. Tiversa suggested that the Court impose sanctions "barring" the improper testimony from use in this litigation or dismissing the case. ECF No. 393 at 14. However, Tiversa deferred to this Court's judgment as to the sanctions warranted by the conduct of LabMD and its counsel. Id.

7

Tiversa is awarded attorneys' fees in the amount of $10,892.50 (21.5 hours – Attorney Zagari and 3.8 hours – Attorney Shaw).

Boback is awarded attorneys' fees in the amount of $1,163.50 (.9 hours – Attorney Ridge, 1.3 hours – Attorney Verdream and .7 hours – Attorney Wilkinson).

**B. Costs**

In the second sanction, this Court ordered Attorney James Hawkins, counsel for LabMD, to pay all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the six depositions at issue. ECF No. 413 at 35.

Tiversa has presented evidence that it incurred court reporter fees and transcript costs for the six depositions in the amount of $4,737.75. ECF No. 426 at 27. Boback has not presented evidence of court reporter fees and transcript costs. LabMD and Attorney Hawkins do not dispute the reasonableness of the court reporter fees and transcript costs. ECF No. 442 at 5.

Accordingly, Tiversa is awarded $4,737.75 in court reporter fees and transcript costs to be paid by Attorney Hawkins.

AND NOW, this 11th day of March, 2020, for the reasons set forth herein, it is HEREBY ORDERED that Tiversa's Petition for Attorneys' Fees and Costs, ECF No. 426, is GRANTED IN PART and DENIED IN PART. It is further ordered that Boback's Petition for Attorneys' Fees and Costs, ECF No. 427, is GRANTED.

LabMD is ordered to pay to Tiversa the amount of $10,892.50 on or before April 3, 2020, and to pay to Boback the amount of $1,163.50 on or before April 3, 2020. Such payments are to be delivered to counsel for Tiversa and Boback.

Attorney James Hawkins is ordered to pay the sum of $4,737.75 to the law firm of McGuireWoods LLP on or before April 3, 2020.

Failure to comply with this Order may result in further sanction, up to and including dismissal of this case.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.