**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LABMD, INC., )
                Plaintiff, )
                 )
vs. )      Civil Action No. 15-92
                 )      Magistrate Judge Maureen P. Kelly
                 )
TIVERSA HOLDING CORP. *formerly* )      Re: ECF Nos. 444 and 448
*known as* TIVERSA, INC.; ROBERT J. )
BOBACK; M. ERIC JOHNSON; DOES )
1-10, )
             Defendants. )

## OPINION AND ORDER

Presently before the Court is a Motion to Preclude and/or Strike and for Sanctions ("Motion to Preclude/Strike") filed by Defendant Tiversa Holding Corp. ("Tiversa"). ECF No. 444. In the Motion to Preclude/Strike, Tiversa asserts that Plaintiff LabMD, Inc. ("LabMD") has once again violated an express order of this Court, specifically, the thirty-seven page Memorandum Opinion imposing sanctions against LabMD and its counsel for discovery misconduct and defiance of orders of this Court (the "Sanctions Order"), ECF No. 413. Tiversa requests that the Court preclude and/or strike an expert declaration of Daniel L. Regard II (the "Regard Declaration") and LabMD's "Offer of Proof," which LabMD submitted with its Brief in Opposition to Defendants' pending Motions for Summary Judgment. Tiversa further requests that the Court impose sanctions on LabMD. Defendant Robert J. Boback ("Boback") joins in the Motion to Preclude/Strike. ECF No. 448. For the reasons set forth below, the Motion to Preclude/Strike is granted.

# I.    RELEVANT PROCEDURAL HISTORY

## A.  LabMD's Claim for Defamation Per Se

This action arises out of two alleged defamatory statements made by Defendant Robert J. Boback ("Boback") regarding LabMD.  During the relevant time period, LabMD operated as a cancer detection facility and provided uropathology and microbiology laboratory services to approximately 70 physician customers.  ECF No. 417 ¶ 2; ECF No. 442-1 ¶ 1.  Boback was the Chief Executive Officer ("CEO") of Tiversa, a cybersecurity company.

The two statements relate to a 1,178 page PDF file containing the personal health information of approximately 9,300 patients (the "1718 File").  In or about February 2008, Richard Wallace ("Wallace"), a former Tiversa employee, accessed the 1718 File from a LabMD employee's work computer.  ECF No. 417 ¶ 3.

LabMD commenced this litigation on January 2015 asserting various claims arising out of this incident and its aftermath, and it later filed a First Amended Complaint on February 12, 2016.  ECF No. 125.  After the disposition of multiple Motions to Dismiss, only a portion of LabMD's defamation per se claim remains as to two statements.

> 133.   The following statements published by Tiversa and Boback in their February 10, 2015 statement to "The Pathology Blawg" are false and defamatory, were known by Boback and Tiversa to be false and defamatory, were understood by recipients of the statements to apply to LabMD, were intended to harm LabMD and did, in fact, cause special harm [to] LabMD: . . .
>
> - LabMD lawsuit — The claims are baseless and completely unsubstantiated . . . . even in the complaint itself.  This appears to be another attempt by Daugherty to distract people from the INDISPUTABLE FACT that LabMD and Michael Daugherty leaked customer information on nearly 10,000 patients.  (Defamatory Statement No. 13).

ECF No. 125 ¶ 133 (internal citations omitted).

135.    The following statements made by Boback and Tiversa in a letter to the
editor of the Wall Street Journal, published in the December 9, 2015 edition of
the Journal, are false and defamatory, were known by Boback and Tiversa to be
false and defamatory, were understood by recipients of the statements to apply to
LabMD, were intended to harm LabMD and did, in fact, cause special harm [to]
LabMD: . . .

- LabMD's CEO Michael Daugherty admits that a LabMD employee
  improperly installed LimeWire file-sharing software on a company
  computer.  Doing so made confidential patient information publicly
  available over the Internet.  (Defamatory Statement No. 16).

Id. ¶ 135.

### B. The Deposition Protective Order

Following a period of discovery, the Court granted in part LabMD's request to extend the

discovery deadline until July 1, 2019, for the purpose of completing a limited number of

remaining depositions.  ECF No. 349.

After inappropriate conduct at depositions by LabMD's counsel, Tiversa filed a Motion

for Protective Order Limiting the Scope of Depositions on June 18, 2019.  ECF No. 372.[1]

Tiversa sought a protective order limiting the scope of upcoming depositions to the remaining

defamation per se claim as to Statement Nos. 13 and 16.  Tiversa referred the Court to counsel

for LabMD's deposition questioning of non-party Joel Adams ("Adams"), which consisted of

numerous questions that had nothing to do with the remaining claim in this case.  Tiversa argued

that the deposition questions by LabMD's counsel clearly demonstrated the type of "fishing

expedition" that this Court had expressly prohibited, and it referenced the Court's prior and

---

[1] After a status conference on April 23, 2019, this Court was required to deal with numerous discovery motions,
discovery issues and a motion for sanctions.  ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352,
353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377, 379, 381, 382, 388, 391, 393 and 402.  Almost all of the
discovery motions and issues in the final two-and-one half months of discovery resulted from the conduct of LabMD
and its counsel.

recent admonishments of counsel for LabMD regarding the requirement of proportionality for discovery.[2]

Upon review, the Court granted the Motion for Protective Order Limiting the Scope of Depositions and issued a protective order on June 21, 2019 (the "Deposition Protective Order") limiting the scope of depositions to the remaining portion the defamation per se claim, Statement Nos. 13 and 16, LabMD's alleged damages and defenses thereto. ECF No. 379 at 5-6. The Court held as follows:

> Having considered the arguments of the parties relative to the instant Motion, the Court finds that Tiversa has demonstrated good cause under Rule 26(c) to warrant the issuance of the requested protective order. In the context of the applicable provisions of Rule 26, this Court, as addressed during the June 11, 2019, Status Conference, referenced herein, has repeatedly advised counsel that discovery in this case must be limited to the portion of the sole remaining in this case – the defamation per se claim as to Statement #13 and #16. This Court has also repeatedly discussed with counsel the corresponding requirements of proportionality. **Nonetheless, LabMD has repeatedly attempted to push or has gone beyond the boundaries of the requirements of Rule 26 and disregarded the orders of this Court: by consistently attempting to engage in "fishing expeditions"; by seeking information that is not relevant to the remaining claim in this case; by seeking information to be used in the qui tam action, state court action or other litigation in other forums; and by attempting to relitigate previously disposed of legal matters. Clearly, such discovery conduct by LabMD seeks information that is not for the requisite legitimate and proper purpose.**

Id. at 5 (emphasis added).

The Court further provided the following notice.

> **NOTICE is hereby given to LabMD and its counsel that if this Order is disregarded that this Court may impose sanctions, up to and including the dismissal of this action, as provided for by Federal Rule of Civil Procedure 37(b).**

Id. at 6 (emphasis added).

---

[2] A detailed discussion of discovery in this action and the Court's admonishments is included in the Court's Memorandum Opinion granting Tiversa's Motion for Sanctions, ECF No. 413.

### C. Emergency Telephone Conference on June 27, 2019

During an emergency telephone conference with counsel on June 27, 2019 relative to another matter of LabMD's conduct, Tiversa's counsel notified the Court that LabMD had violated the Deposition Protective Order. ECF No. 403 at 11-12. The Court responded:

> [T]his court has been very clear with all of you since you were before the court for the lengthy status conference on February 7th of this year and on June 11th, and in multiple rulings on discovery motions, again . . . repeatedly advising counsel that the remaining discovery in this case, because all that is left is what remains of the defamation per se claim is to statements 13 and 16 only. And I have repeatedly, and I think I've used the phrase crystal clear in some of my orders, indicated that that is the scope of discovery. This is not a fishing expedition, and I have repeatedly indicated that.

Id. at 12.

The Court further cautioned LabMD's counsel, James Hawkins ("Attorney Hawkins"), an out-of-state attorney admitted to practice in this Court *pro hac vice*:

> I just want to be clear and caution LABMD and its counsel against engaging in abusive litigation practices. That is something that is not tolerated in the United States District Court for the Western District of Pennsylvania

> I also want to give notice to you, Mr. Hawkins, that the court can review pro hac vice admission status relative to compliance with our rules as well as engaging in a pattern of litigation abuse practices.

Id. at 16-17; ECF No. 89.

### D. The Sanctions Order

On July 2, 2019, Tiversa filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 37(b)(2), which the Court granted on August 16, 2019. ECF Nos. 393 and 413. The Court concluded that LabMD had violated the Deposition Protective Order and, considering LabMD's "history of LabMD's discovery conduct, abuse of discovery, and repeated disregard of Court Orders" the Court imposed the following sanctions to "address the apparent willful

decisions by LabMD and its counsel to disregard the Orders of this Court, most recently the Deposition Protective Order dated June 21, 2019." ECF No. 413 at 28, 34.

> First, Tiversa and Boback are awarded the reasonable attorneys' fees and costs incurred related to the Motion for Sanctions and all filings related thereto. Tiversa and Boback shall file a petition which documents the attorneys' fees and costs incurred by September 6, 2019. LabMD shall file a response, limited to the issue of reasonableness only, by September 27, 2019.

> Second, Attorney James Hawkins is ordered to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the depositions of: Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck.

> **Third, LabMD is precluded from using any of the testimony elicited during the depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck, including in responding to any motion for summary judgment** and for any purpose whatsoever in the trial of this case, should LabMD's remaining claim survive the scheduled motion for summary judgment.

> Fourth, LabMD is expressly barred from using the deposition testimony of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck in any other litigation in any other forum, based on LabMD's "fishing expedition" and LabMD's obvious attempt to use the 6 depositions of these 6 former Tiversa employees to elicit testimony for use in other cases or other forums.

> Fifth, given the gravity of the misconduct and discovery litigation tactics of LabMD and its counsel in disregarding orders of this Court and violating the applicable rules, this Court could have imposed a case dispositive sanction under Rule 37 and considering the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). However, this Court exercises its discretion and does not do so. **Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.**

Id. at 35-36 (emphasis added).

### E. July 9, 2019 Post-Discovery Status Conference

Discovery concluded on July 1, 2019. ECF No. 349. On July 9, 2019, the Court held a post-discovery status conference. ECF No. 410. During this conference, the Court specifically

addressed the use of experts for summary judgment and the expert discovery schedule to be established following rulings on the summary judgment motions.

> ATTORNEY HAWKINS:  Your Honor, one thing that—it would, but I want to know about expert discovery.  I understood that was one of the topics for discussion today.
>
> THE COURT:  It is one of the topics, but it appears to the Court that it's in the interests of efficiency that, before we get into experts, we see if the claim survives.
>
> ATTORNEY HAWKINS:  Okay.
>
> THE COURT:  Then what we will do is, if the defamation per se claim as to Statement 13 or Statement 16 or both survives, then at that point we will set a discovery schedule for experts.
>
> ATTORNEY HAWKINS:  That sounds fine, Your Honor.  It may be that issues are raised on summary judgment that need to be addressed by an expert, but we'll respond accordingly, and otherwise Your Honor's suggestion sounds fine to us. The timing sounds fine.
>
> THE COURT:  And let me be clear.  Given the issues of what's left in this case, the two remaining issues are not an issue where we're going to need expert reports for the motion for summary judgment.  What I have to decide is whether or not the claim is made out and under the summary judgment standards so as to go forward.
>
> So if the remaining portion of Count 2 survives the motion for summary judgment, then at that point we'll set a schedule for each side's expert reports and expert depositions.  I just—if the case happens to be dismissed, then the parties will have spent considerable time and money, and I am respectful of that.
>
> And in light of the posture of this case and the issues at hand, we will deal with summary judgment first, and then if the claim survives as to one or both statements at issue, then we'll set the expert schedule . . . .

ECF No. 410 at 12-13.

Following this exchange, the Court twice asked the parties if they had anything further to raise.  Attorney Hawkins responded that he did not.  Id. at 13.  Thereafter, the Court memorialized its holding in its Hearing Memo for the post-discovery conference, indicating that "[e]xpert report and expert deposition schedule will be addressed at a later date, if remaining

portion of defamation per se claim survives the motions for summary judgment." ECF No. 406 ¶ 6.

### F. Motions for Summary Judgment

On August 23, 2019, Tiversa and Boback moved for summary judgment with respect to the remaining portion of LabMD's defamation per se claim. ECF Nos. 414 and 422. LabMD submitted its Briefs in Opposition on September 23, 2019. ECF Nos. 431 and 432.

#### 1. Regard Declaration

In opposition to the Motions for Summary Judgment, LabMD attaches and relies upon the Declaration of expert Daniel L. Regard II ("Regard"). ECF No. 433-18. In the Regard Declaration, Regard opines as to how Tiversa acquired the 1718 File. Regard offers his expert opinion that the 1718 File was not, and could not be, acquired using the version of LimeWire to which Tiversa had access. Id. ¶ 46. Regard further opines that Tiversa instead used a "government owned, secret restricted software" to acquire the 1718 File. Id.

#### 2. Offer of Proof

LabMD also submits an "Offer of Proof" in support of its Brief in Opposition to summary judgment.[3] ECF No. 435. In its Offer of Proof, LabMD acknowledges that the Sanctions Order prohibited it from relying upon the deposition testimony of six individuals. Nonetheless, LabMD asserts that this precluded testimony is "admissible and relevant," however, and that it has submitted the Offer of Proof pursuant to Federal Rule of Evidence 103 in order to proffer the evidence that LabMD would have cited to oppose summary judgment, if it was permitted to do so. Id. at 1. LabMD goes on to respond to nine factual statements that Tiversa submitted in support of judgment by relying on the precluded deposition testimony. LabMD

---

[3] LabMD represents that its Offer of Proof is also submitted in connection with a separately filed Motion for Reconsideration of the Memorandum Opinion and Order granting Tiversa's Motion for Sanctions. The Motion for Reconsideration was previously denied by the Court. ECF No. 461.

further attaches and incorporates the entire deposition transcript of every single deponent it has been excluded from proffering, totaling 277 pages.

In addition to attaching the entire deposition transcripts of Boback, Tagliaferri, Wallace, Dean, Ways, and Shuck, LabMD attaches to its Offer of Proof a 70-page annotated chart of the precluded deposition testimony. ECF No. 435-7. In this chart, LabMD includes excerpts of the precluded testimony along with LabMD's argument and commentary regarding this testimony under columns labeled "notes/summary" and "issues." In total, LabMD's Offer of Proof is 357 pages, the entirety of which relies upon deposition testimony that the Court expressly prohibited LabMD from introducing in opposition to summary judgment.

### G. Motion to Preclude/Strike

On October 7, 2019, Tiversa filed the instant Motion to Preclude/Strike and Brief in Support. ECF Nos. 444 and 445. Boback joined the Motion to Preclude/Strike. ECF No. 448. Thereafter, LabMD filed a Brief in Opposition on October 15, 2019. ECF No. 453. Tiversa submitted a Reply. ECF No. 456.

## II.    MOTION TO STRIKE/PRECLUDE

Tiversa argues that LabMD violated this Court's Orders by submitting the Regard Declaration as an exhibit to LabMD's Opposition to Tiversa's Motion for Summary Judgment. ECF No. 445 at 3. Tiversa points to the Court's determination at the July 9, 2019 post-discovery status conference that expert reports are not necessary for summary judgment and that expert reports and discovery would be addressed after the motions for summary judgment are resolved. Id. at 4. If LabMD did not understand the Court's decision, or planned to use an expert, Tiversa argues, it should have raised the issue for the Court's consideration at that time. Id. LabMD did not do so.

In addition, Tiversa argues, LabMD failed to supplement its Rule 26 disclosures or its responses to Tiversa's previous written discovery requests, in which LabMD objected to disclosing information related to trial experts on the grounds that it was premature to do so. As a result, Tiversa argues that it did not have proper notice of Regard's expert opinion or an opportunity to depose him, and it will be prejudiced if the Court does not strike and/or preclude LabMD from relying upon the Regard Declaration. Tiversa further asserts that LabMD submitted the Regard Declaration in bad faith pursuant to Federal Rule of Civil Procedure 56(h), because doing so violated the Court's clear ruling regarding the use of experts at summary judgment.

With respect to the Offer of Proof, Tiversa submits that it should also be stricken. Tiversa argues that there is no procedural mechanism for submitting an "offer of proof" on summary judgment. Furthermore, the Offer of Proof improperly relies upon deposition testimony that the Court clearly excluded from consideration of motions for summary judgment.

In addition to striking or precluding the Regard Declaration and Offer of Proof from consideration, Tiversa requests that the Court impose sanctions. Tiversa argues that the Court should dismiss this action and terminate Attorney Hawkins's *pro hac vice* admission based on the Court's prior warnings, LabMD's repeated and flagrant disregard of the Court's orders, and the apparent inefficacy of monetary sanctions to deter such misconduct. In addition, Tiversa requests that the Court order LabMD to pay its fees and costs for preparing and filing the instant Motion to Preclude/Strike. Id. at 6-7.

## III.    LABMD'S RESPONSE

In its Response, LabMD claims that Tiversa's Motion to Preclude/Strike is simply a desperate attempt to avoid litigation on the merits, which will "finally publicly expose the extent of the fraud and corruption in which it has engaged."[4]  ECF No. 453 at 1.

LabMD contends that the Regard Declaration is specifically contemplated by the Federal Rules and does not violate any Court order.  Id. at 3.  LabMD argues that Tiversa did not direct any discovery request as to experts that LabMD may use in *litigation*, but simply requested information related to experts that may be called at *trial*.  Because LabMD has not made any final decisions regarding *trial* experts, it argues, it was not required to disclose Regard.  Id. Moreover, LabMD contends that the Regard Declaration is submitted pursuant to Federal Rule of Civil Procedure 56—not 26.  LabMD therefore did not violate Rule 26 by failing to supplement its initial disclosures and, in any event, it argues, the Court postponed the time for filing Rule 26 expert disclosures until after summary judgment.

With respect to the Court's directive at the July 9, 2019 post-discovery status conference, LabMD asserts that it "fully understood" the Court postponed the disclosure of expert *reports*, however, nothing prohibited it from submitting an expert *declaration* under Federal Rule of Civil Procedure 56.  Id. at 5.  LabMD argues that it was not required to raise this issue at the post-discovery status conference because Tiversa was on notice by virtue of the fact that Rule 56(c)(4) expressly provides that affidavits or declarations may be filed at summary judgment.

LabMD further argues that not only was its Offer of Proof appropriate, it was required to file it under Federal Rule of Evidence 103.  Under Rule 103, a party may only claim error in a ruling to exclude evidence if the party informs the court of its substance by an offer of proof,

---

[4] The Court notes that this lawsuit is limited to the remaining portion of the defamation per se claim arising out of two statements.

unless the substance was clear from the context. Id. at 8 (citing Fed. R. Evid. 103(a)(2)). Therefore, LabMD argues, it had to submit this evidence for the Court's consideration in order to preserve its right to appeal.

Finally, LabMD claims that the instant Motion is an effort to "divert" the Court's attention from a Report and Recommendation entered by Magistrate Judge Walter E. Thompson on October 1, 2019 in the United States District Court for the Northern District of Georgia with respect to LabMD's lawsuit against the FTC. Id. at 11. LabMD goes on to summarize this opinion at length for over three, largely single-spaced pages. Id. at 11-14. LabMD does not relate this Report and Recommendation to any issue presently before the Court.

Although LabMD argues that its conduct was proper and that the request for sanctions is "meritless," it does not specifically address the imposition of particular sanctions. Id. at 1.

## IV.    DISCUSSION

### A.  Regard Declaration

Upon review, the Court finds that the Regard Declaration should be stricken, and, therefore, the Court will not consider it in resolving the pending Motions for Summary Judgment. At the July 9, 2019 post-discovery status conference, this Court clearly directed that expert reports would not be used in resolving motions for summary judgment. ECF No. 410 at 12-13. Also, this Court stated that a schedule would be set for expert reports and expert depositions after ruling on the summary judgment motions. Id. Regardless of whether LabMD refers to its expert opinion as a "report" or "declaration," its submission plainly violates the Court's clear directive, a directive LabMD's counsel acknowledged on the record during the status conference. Id.

If LabMD sought leave to rely upon expert opinion at summary judgment, the Court could have assessed the merits of that request and scheduled expert discovery, if appropriate. Instead, LabMD chose to disregard the Court's clear directive and conduct litigation by surprise. If the Court were to permit LabMD to rely on the Regard Declaration, it would unfairly prejudice Tiversa, which reasonably relied upon the Court's ruling regarding expert discovery and had no prior notice of Regard's opinion.

For the same reason, LabMD's attempt to rely on Federal Rule of Civil Procedure 26 is unavailing. While LabMD correctly notes that the Court delayed expert discovery until after the disposition of motions for summary judgment, the Court did so because it held that expert opinion would not be used at summary judgment. See ECF No. 410 at 12-13. It would be manifestly unfair to permit LabMD to use the Court's ruling as a shield against disclosing its expert, while it has violated the substance and intent of that same ruling by relying upon the Regard Declaration to oppose summary judgment. Accordingly, the Court strikes the Regard Declaration and does not consider it in resolving the pending Motions for Summary Judgment.

### B. Offer of Proof

The Court also strikes the Offer of Proof, because it clearly violates the Sanctions Order and the applicable rules of procedure for opposing summary judgment. As a tailored sanction for LabMD's repeated and willful disregard of this Court's orders, and LabMD's conduct in violating the Deposition Protective Order in the six depositions at issue, the Court expressly prohibited LabMD from relying upon the deposition testimony of six deponents in opposing summary judgment. ECF No. 413 at 35-36. In its Offer of Proof, however, LabMD relies on the precluded deposition testimony to oppose summary judgment in direct violation of this Court's Order. ECF No. 435.

Here, LabMD argues that it had "a right, if not a duty, to inform the court of the substance of its objections" to the Court's Order excluding evidence, and the Offer of Proof "gives the Court an opportunity to see specifically how its order of exclusion affects LabMD's responses to the motion for summary judgment." ECF No. 453 at 8-9. It further contends that the Court can "review the Offer of Proof and act on it or not." Id. at 9.

This argument is baseless. LabMD had an opportunity to submit any objections to sanctions in responding to Tiversa's Motion for Sanctions, and again in its Motion for Reconsideration. See ECF Nos. 409, 436, 440 and 443.[5] The Court is informed of, and thoroughly considered, the parties' arguments in its thirty-seven page Memorandum Opinion, ECF No. 413, granting the Motion for Sanctions and its subsequent nineteen-page Memorandum Opinion denying LabMD's Motion for Reconsideration, ECF No. 461.

Moreover, the Court's preclusion of this testimony is not an evidentiary ruling based on the admissibility of the evidence, but rather a sanction for LabMD's discovery misconduct. To the extent that LabMD argues in its Offer of Proof how the precluded testimony is relevant to summary judgment, then, it is not raising objections to the substance of the Court's opinion regarding LabMD's underlying misconduct. Rather, LabMD's stated intent is for the Court to consider how the precluded evidence affects summary judgment—exactly what the Sanctions Order prohibits. See ECF No. 453 at 9.

LabMD further claims that it had to submit this Offer of Proof under Federal Rule of Evidence 103, which provides in relevant part: "a party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party" and, if the ruling excludes evidence, "a party informs the court of its substance by an offer of proof, unless the

---

[5] In total, LabMD submitted 80 pages of briefing that the Court reviewed and considered with respect to the imposition of sanctions.

substance was apparent from the context." Fed. R. Evid. 103(a)(2). LabMD offers no authority that Rule 103 applies to discovery sanctions that are designed to *preclude* the Court's consideration of the evidence, as opposed a determination of admissibility, which requires the Court to consider the proffered evidence to issue a ruling. Moreover, "once the Court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(b). Here, the Court has already definitively ruled in the Sanctions Order, and it reaffirmed that holding in denying LabMD's Motion for Reconsideration. ECF Nos. 413 and 462.[6]

In any event, it is clear that LabMD's submission goes far beyond the limited purpose of preserving the record for appeal and is intended to impermissibly influence this Court's ruling on summary judgment. LabMD did not endeavor to comply with the Sanctions Order in preserving the record, such as by providing the Court with notice and seeking direction before submitting the evidence, or even simply identifying the testimony without extensive argument in a footnote. To the contrary, LabMD submitted **357 pages** of unsolicited materials based entirely on the precluded evidence. LabMD even went so far as to include two charts totaling over 70 pages that contain LabMD's argument and/or commentary regarding the precluded deposition testimony. LabMD admits that it intended for the Court to consider this voluminous submission in connection with summary judgment. See ECF No. 453 at 9. While LabMD claims it is "[m]indful and respectful" of the Sanctions Order, its actions speak otherwise. Id. at 1.

Not only does the Offer of Proof violate the Sanctions Order, but it also violates the applicable rules and procedures for summary judgment. As Tiversa correctly points out, there is no procedural mechanism for submitting an "offer of proof" in opposition to summary judgment.

---

[6] Although the Court did not consider the content of the specific *evidence* to be precluded, the sanctions are based on LabMD's discovery misconduct. The Court considered the relevant record in reaching its determination.

The parties are bound by clear rules regarding the content, form, and length of submissions regarding summary judgment.[7]  If permitted, the Offer of Proof would effectively allow LabMD to circumvent these rules by, among other things, not adhering to the page length or format permitted for argument in opposition to summary judgment, and placing additional argument before the Court to which Defendants do not have an opportunity to respond.

The Court also notes that LabMD has not confined its Offer of Proof to issues that are arguably relevant to the disposition of the Motions for Summary Judgment.  Plaintiff's sole remaining claim in this action arises out of two alleged defamatory statements with respect to whether the 1718 File was "leaked" and/or "publicly available."  LabMD proffers testimony, however, on various unrelated topics such as the FBI raid at Tiversa; Tiversa's relationship with the FTC; Boback's desire to sell a "DDoS capability" to the government; video surveillance of Wallace at a Pittsburgh hockey game; and Wallace's work with the FBI on child porn searches. See, e.g., ECF No. 435-7 at 11, 37-38, 54-55 and 66.[8]  This testimony is not only expressly precluded by the Sanctions Order, but it is also clearly outside the bounds of any evidence properly raised in response to summary judgment.

The conduct of LabMD and its counsel is particularly concerning, considering that the Sanctions Order arose out of LabMD's refusal to limit discovery to issues that are relevant to its defamation claim.  Indeed, in issuing the Deposition Protective Order, the Court specifically addressed and precluded deposition topics including the FBI raid, the FTC, and alleged efforts to intimidate Wallace in imposing sanctions—the same testimony LabMD now seeks to introduce

---

[7] This includes Federal Rule of Civil Procedure 56; Local Civil Rule 56; and the published Practices and Procedures of Magistrate Judge Maureen P. Kelly.

[8] Although LabMD argues that it has submitted its Offer of Proof in connection with both its Motion for Summary Judgment and Motion for Reconsideration, it makes clear this evidence is proffered for summary judgment, stating that the testimony in Exhibit G is evidence that "Plaintiff would also submit in opposition to the motions for summary judgment, if permitted."  ECF No. 435 at 8.

in opposition to summary judgment. See ECF No. 413 at 22-23.[9]  Such conduct strongly implies a willful disregard of this Court's orders.  For all of the foregoing reasons, the Court strikes the Offer of Proof and does not consider it with respect to summary judgment.

### C. Sanctions

#### 1. Appropriateness of Sanctions

The Court now turns to whether additional sanctions should be imposed on LabMD and its counsel, Attorney Hawkins.  As the Court detailed at length in the Sanctions Order, ECF No. 413, LabMD has engaged in a history of discovery abuse and disregard of this Court's orders. After repeated warnings by this Court, LabMD's misconduct ultimately required the Court to issue the Deposition Protective Order and, following LabMD's violation of that Order, to impose sanctions under Federal Rule of Civil Procedure 37(b)(2).  See ECF Nos. 379 and 413.  In the Sanctions Order, the Court provided clear notice to LabMD and its counsel that further disregard of its orders would not be tolerated and would result in additional sanctions.

> **Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.**

ECF No. 413 at 35-36 (emphasis added).

The Court also cautioned Attorney Hawkins during an emergency telephone conference on June 27, 2019 that misconduct could result in the termination of his admission to practice *pro hac vice*.

> I just want to be clear and caution LABMD and its counsel against engaging in abusive litigation practices.  That is something that is not tolerated in the United States District Court for the Western District of Pennsylvania

---

[9] At the same time, LabMD sets forth a three-page, largely single-spaced summary of Magistrate Judge Thompson's Report and Recommendation regarding the FTC's Enforcement Action in its Response, which bears no relevance to the issues presently before the Court, and appears to be yet another effort to improperly influence the Court's decision on summary judgment. See ECF No. 453 at 11-14.

**I also want to give notice to you, Mr. Hawkins, that the court can review pro hac vice admission status relative to compliance with our rules as well as engaging in a pattern of litigation abuse practices.**

ECF No. 403 at 16-17 (emphasis added).

Nevertheless, LabMD willfully violated the Sanctions Order by relying upon precluded deposition testimony in support of its opposition to summary judgment. Based on LabMD's history of misconduct, its clear disregard of this Court's Sanctions Order, and the Court's warnings that sanctions would result for such misconduct, the Court must conclude that further sanctions are warranted.

### 2. Form of Sanctions

For the reasons set forth above, the imposition of sanctions against LabMD and its counsel is appropriate. As to specific sanctions, Tiversa argues that the Court should impose the proposed sanctions the Court identified in its Sanctions Order, specifically, dismissal and the termination of Attorney Hawkins' *pro hac vice* status, and it should award Tiversa its fees and costs for bringing this violation to the Court's attention. ECF No. 445 at 6. Tiversa argues that these serious sanctions are necessary because the Court's prior sanctions did not deter LabMD's misconduct. Id. Tiversa defers to the Court's judgment as to whether further sanctions, not previously contemplated, may be appropriate. Id. at 6-7. For the reasons set forth below, the Court will revoke Attorney Hawkins' *pro hac vice* admission and award Defendants their fees and costs for bringing the instant Motions.

### a. Dismissal

Given the continued flagrant disregard of this Court's orders by LabMD, dismissal would be warranted. However, the Court declines to dismiss this action because it grants Defendants' Motions for Summary Judgment in a concurrently filed opinion. Because there are no remaining

claims to dismiss, the sanction of dismissal does not adequately serve to deter or address LabMD's continued misconduct.

### b. Attorney Hawkins' *Pro Hac Vice* Admission

The Court next considers whether Attorney Hawkins' *pro hac vice* admission should be revoked as sanction for his misconduct. "Revocation of *pro hac vice* admission is a recognized sanction for violation of court orders or disciplinary rules," and "the Court has the inherent power to sanction the attorneys that come before it." Data Sys. Analysts, Inc. v. Netplex Grp., Inc., 187 F.R.D. 181, 183-84 (D. N.J. 1999); see also In re Passaic Healthcare Servs., LLC, No. 14-36129, 2015 WL 5895514, at *4 (Bankr. D.N.J. Oct. 8, 2015).

"Due to the potency of a federal court's inherent power, such power must be exercised with restraint and discretion." In re Passaic Healthcare Serv., LLC, 2015 WL 5895514, at *4. While "admission *pro hac vice* is a privilege, not a right, revocation of that privilege, once bestowed, sends a strong message which works a lasting hardship on an attorney's reputation." Raub v. US Airways, Inc., No. CV 16-1975, 2017 WL 5172603, at *2 (E.D. Pa. Nov. 8, 2017) (quoting Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 70 (D. N.J. 2001)) (internal quotations omitted). Accordingly, revocation is an "extreme sanction" and "should not be imposed lightly." Id. (quoting Reg'l Employers' Assur. Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano, No. 03-cv-6903, 2009 WL 1911671, at *2 (E.D. Pa. July 1, 2009)) (internal quotations omitted).

"[B]efore this Court revokes a *pro hac vice* admission, counsel must be provided with 'notice of the conduct placing his or her *pro hac vice* status at risk, notice of the standard the . . . court will apply in deciding whether to revoke that status, an opportunity to respond, and the written reasons for any revocation.'" Eagan by Keith v. Jackson, 855 F. Supp. 765, 791 (E.D.

Pa. 1994) (quoting <u>Taberer v. Armstrong World Indus., Inc.</u>, 954 F.2d 888, 910 (3d Cir. 1992));

<u>see also</u> <u>Johnson v. Trueblood</u>, 629 F.2d 302, 303-04 (3d Cir. 1980) (before revoking admission

*pro hac vice*, attorney must be provided with notice and "a meaningful opportunity to respond to

the identified charges").  Moreover, in a motion to disqualify counsel, the moving party bears the

burden of establishing that a particular sanction is warranted.  <u>Raub</u>, 2017 WL 5172603, at *3.

In rendering its decision, "the court must consider the client's right to be represented by the

counsel of his choice, as well as the opposing party's right to prepare and try its case without

prejudice."  <u>Id.</u> (quoting <u>University Patents, Inc. v. Kligman</u>, 737 F. Supp. 325, 329 (E.D. Pa.

1990)) (internal quotations omitted).

Here, the Court clearly identified the sanctions to be applied in the Sanctions Order.  ECF

No. 413 at 34-35.  This included the following directive:

> LabMD is precluded from using any of the testimony elicited during the
> depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean,
> Sean Ways and Jason Shuck, including in responding to any motion for summary
> judgment and for any purpose whatsoever in the trial of this case, should
> LabMD's remaining claim survive the scheduled motion for summary judgment.

<u>Id.</u> at 35

Attorney Hawkins therefore had notice of the conduct this Court expected and how to

avoid further sanctions.  The Court further provided Attorney Hawkins with "final notice" in the

Sanctions Order that violation would result in the revocation of his *pro hac vice* admission, and

had warned him of the potential for revocation in its June 27, 2019 status conference if he

engaged in further litigation misconduct.  ECF No. 413 at 36; ECF No. 403 at 16-17.  He chose

to ignore these clear warnings.

Moreover, Attorney Hawkins has received notice and an opportunity to respond with

respect to the revocation of his *pro hac vice* admission.  In the instant Motion to Preclude/Strike,

Tiversa seeks the imposition of sanctions, including the revocation of Attorney Hawkins' *pro hac vice* admission, and the Court ordered LabMD's response. ECF No. 445 at 6; ECF No. 451. For the reasons discussed above, the Court concludes that LabMD's argument in response for submitting the clearly precluded evidence lacks merit, and that Attorney Hawkins acted in a willful effort to circumvent this Court's Sanctions Order. Despite having an opportunity to do so, Attorney Hawkins does not address the potential imposition of specific sanctions, including the revocation of his admission *pro hac vice*.

Upon review, the Court finds that revocation of Attorney Hawkins' *pro hac vice* admission is appropriate. Attorney Hawkins' repeated disregard of this Court's Orders and clear warnings must not, and will not, be tolerated. In so holding, the Court recognizes that revocation of Attorney Hawkins' *pro hac vice* admission is a serious sanction, and it does not take this action lightly. Because warnings and lesser sanctions by this Court have not served to deter Attorney Hawkins' misconduct, the Court reluctantly concludes that this serious sanction is required.

In reaching this decision, the Court has considered and balanced LabMD's right to be represented by the counsel of its choice, as well as Defendants' right to litigate this case without prejudice. See Raub, 2017 WL 5172603, at *3. However, LabMD and its counsel have repeatedly defied the orders and directives of this Court with notice of the possible consequences, and to the detriment of Defendants, who repeatedly have been required to seek relief from LabMD's misconduct. As such, LabMD and Attorney Hawkins assumed the risk by their conduct that Attorney Hawkins' admission could be terminated. Accordingly, for the

reasons set forth herein, the Court hereby revokes the *pro hac vice* admission of Attorney Hawkins for purposes of this case.[10]

### c. Fees and Costs

Finally, the Court also awards Defendants their attorneys' fees and costs for bringing the instant Motion. The Court entered the Sanctions Order that LabMD has violated pursuant to Federal Rule of Civil Procedure 37(b), which provides for the award of reasonable expenses, including attorneys' fees, caused by the disobedient party's failure, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(b)(2)(C).[11]

LabMD's conduct was not substantially justified or harmless. It deliberately violated this Court's Sanctions Order, placing evidence before this Court that it was precluded from considering, and requiring Defendants to incur the time and expense to file the instant Motion in order to rectify this conduct. Accordingly, LabMD must pay Defendants' attorneys' fees and costs associated with bringing this Motion.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Motion to Preclude/Strike thereby precluding from consideration and striking the Regard Declaration and Offer of Proof. The Court further imposes sanctions in the form of revoking Attorney Hawkins' *pro hac vice* admission in this case, and awarding Defendants their fees and costs associated with bringing the instant Motion. An appropriate order follows.

---

[10] The Court will also give notice to Chief United States District Judge Mark R. Hornak of the termination of the *pro hac vice* admission of Attorney Hawkins for further consideration, as appropriate.

[11] The Court also has authority to award attorneys' fees and costs incurred as a result of the sanctionable conduct under its inherent authority to sanction. See Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (U.S. 2017).

## ORDER

AND NOW, this 24th day of March, 2020, it is hereby ORDERED that Defendant Tiversa Holding Corp.'s Motion to Preclude and/or Strike and for Sanctions, ECF No. 445, in which Defendant Robert J. Boback has joined, ECF No. 448, is GRANTED as follows:

1. The Declaration of Daniel L. Regard II, ECF No. 433-18, is stricken as an exhibit to LabMD's Opposition to Tiversa's Motion for Summary Judgment and the Court will not consider it in resolving summary judgment.

2. The Offer of Proof, ECF No. 435, is stricken and the Court will not consider it in resolving summary judgment.

3. The admission *pro hac vice* of Attorney James W. Hawkins, ECF No. 89, is hereby revoked in this action.

4. Tiversa and Boback are awarded reasonable attorneys' fees and costs incurred related to the instant Motion for Preclude and/or Strike and for Sanctions and for all filings related thereto. Tiversa and Boback shall file a petition which documents the attorneys' fees and costs to be incurred by April 15, 2020. LabMD shall file a response, limited to the issue of reasonableness only, by April 29, 2020.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.