IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TIVERSA HOLDING CORP. *formerly* )<br>*known as* TIVERSA, INC.; ROBERT J. )<br>BOBACK; M. ERIC JOHNSON; DOES )<br>1-10, )<br>      Defendants. ) | Civil Action No. 15-92<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 422 |

## ORDER OF COURT

Presently before the Court is the Motion to Extend Preliminary Injunction to Prevent Dissipation of Assets (the "Motion to Extend"), ECF No. 422, filed by Plaintiff LabMD, Inc. ("LabMD") and an accompanying Brief in Support, ECF No. 423. In the Motion, LabMD seeks to extend a Consent Order previously agreed to by the parties. Defendant Tiversa Holding Corp. ("Tiversa") filed a Response in opposition. ECF No. 428.

In order to consider the Motion to Extend, it is important to briefly review the relevant procedural history. On September 22, 2017, LabMD filed a Motion for Preliminary Injunction to Prevent Dissipation of Assets. ECF No. 257. In the initial motion, LabMD sought to prevent Tiversa from dissipating assets in order to become judgment proof. Id. Tiversa filed a detailed Response in opposition, arguing that LabMD's argument of irreparable harm was moot and that LabMD had not established that it was likely to succeed on the merits or recover in excess of the limits of Tiversa's insurance coverage. ECF No. 262. The initial motion was discussed with the Court during a telephone status conference on October 12, 2017. ECF No. 285. Eventually, the

parties were able to reach an agreement and a Joint Motion for Entry of Consent Order was filed on October 13, 2017. ECF No. 286. Thereafter, on October 16, 2017, this Court entered the proposed Consent Order. ECF No. 287. The Consent Order provided, in pertinent part, that Tiversa was enjoined from disbursing any funds from the sale of any of its assets, including but not limited to the June 17, 2017 sale, for a period of six months from October 16, 2017. Id. at 1. The Consent Order also provided in Paragraph 9 that "[t]o the extent one party will not agree to extend the order, the other party may file a motion seeking relief from the Court. If any such motion is filed, this order will remain in full force and effect until the motion is resolved, including the expiration of any applicable appellate rights." Id. at 3.

On April 16, 2018, LabMD filed a Motion to Extend Preliminary Injunction to Prevent Dissipation of Assets and Brief in Support. ECF Nos. 306 and 307. Tiversa filed a Response and Supplement, ECF Nos. 308 and 309. Upon consideration of the motion and related filings, an Order of Court was issued on March 4, 2019, granting the motion. The Court directed that the Consent Order dated October 16, 2017 would remain in effect for six months, subject to extension pursuant to its terms. ECF No. 326. The six month period expired on September 4, 2019.

On September 3, 2019, LabMD filed this Motion to Extend and brief in support. ECF Nos. 422 and 423.

On September 10, 2019, Tiversa filed a Response in opposition to the Motion to Extend, ECF No. 428, with supporting documentation, ECF No. 428-1 and 428-2. Tiversa asserts that LabMD has not provided a sound basis to support the extension of the Consent Order. Specifically, Tiversa first argues that its financial condition is worse today as a result of the ongoing conduct of LabMD and its CEO Michael Daugherty in initiating multiple lawsuits against Tiversa before this Court, in federal court in the Southern District of New York, in New York and in the federal court

in the Eastern District of Virginia. As such, Tiversa argues that LabMD and Daugherty's abusive litigation tactics in various forums have caused Tiversa to incur significant legal fees and costs. ECF No. 428 at 2.[1] Second, Tiversa argues that discovery in this case has revealed that LabMD has not suffered any damages because LabMD was out of business by the beginning of 2014 – over a year before the two alleged defamatory statements were made. Also, Tiversa notes that LabMD was unable to point to any evidence that it suffered any reputational harm as a result of the two alleged defamatory statements. Id. As a result, Tiversa argues that LabMD is not entitled to the continuation of the Consent Order.

At the outset, the Court notes that when the Consent Order was initially entered in September 2017, all parties consented to the entry of the order. As of September 2019, Tiversa does not consent to a continuation of the order.

In considering the pending Motion to Extend, the Court has conducted a thorough review of the submissions relative to the instant Motion and related filings. This case is now in a substantially different position than it was in September 2017, over two and a half years ago, when this initial motion was filed and Consent Order was agreed to by the parties. Since that time, the parties have undertaken extensive discovery, filed numerous discovery motions, participated in numerous conferences with the Court and participated in ADR. Tiversa correctly points out that as facts were developed over the last two years, it appears that LabMD has not produced evidence that it suffered any damages as a result of the two remaining alleged defamatory statements made after LabMD was out of business.

---

[1] The discovery misconduct of LabMD was addressed in considerable detail in the Memorandum Opinion and Order of this Court, dated August 16, 2019, granting Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b). ECF No. 413.

Based on the record before this Court, including the recent summary judgment submissions of the parties, it clear that there has been a significant in the status of this case.

On March 24, 2020, this Court granted the Motions for Summary Judgment of Tiversa and Boback. ECF No. 464. In the Opinion and Order, the Court found that LabMD failed to prove that there was a genuine issue of material fact that the two alleged defamatory statements, made well after LabMD was out of business, caused the requisite harm to LabMD so as to establish a defamation per se claim. Accordingly, summary judgment has been entered against LabMD on the remainder of sole remaining claim. Also, Judgment was entered this date in favor of Tiversa and Boback and against LabMD. ECF No. 465.

In light of the findings of this Court in granting summary judgment in favor of Tiversa and Boback, the continuation of a Consent Order precluding Tiversa from access to and use of its assets is not supported by the record in this case and contrary to the interests of the fair administration of justice.

For the reasons set forth herein, and now, this 24th day of March, 2020, it is HEREBY ORDERED that LabMD's Motion to Extend Preliminary Injunction to Prevent Dissipation of Assets, ECF No. 422, is DENIED. IT IS FURTHER ORDERED that the Consent Order, ECF No. 287, is VACATED.

                                                  BY THE COURT:

                                                  */s/ Maureen P. Kelly*
                                                  MAUREEN P. KELLY
                                                  UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.