IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
|             Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly* | ) | Re: ECF No. 474 |
| *known as* TIVERSA, INC.; ROBERT J. | ) | |
| BOBACK; M. ERIC JOHNSON; DOES | ) | |
| 1-10, | ) | |
|             Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is the Notice of Inability to Comply with Sanctions Order and Motion for Vacatur of Sanctions or, in the alternative, a Stay of the Sanctions Pending Appeal, (the "Motion to Vacate/Stay"), ECF No. 474, filed by Plaintiff LabMD, Inc. ("LabMD"), and accompanying Brief in Support, ECF No. 475. Defendant Tiversa Holding Corp. ("Tiversa") has filed a Response in Opposition, ECF No. 484. Defendant Robert J. Boback ("Boback") has also filed a Response in Opposition, ECF No. 491. LabMD filed a Supplement to Brief in Support of Motion to Vacate or Stay, ECF No. 490, and a Reply, ECF No. 492.

**I.    RELEVANT PROCEDURAL HISTORY**

In order to consider the pending Motion to Vacate/Stay, it is only necessary to briefly review the relevant procedural history of this case.

Discovery in this case closed on July 1, 2019. ECF No. 349.

In the Motion for Sanctions, filed by Tiversa on July 2, 2019, and joined by Boback on July 8, 2019, ECF Nos. 393 and 402, Tiversa argued that LabMD and its counsel had willfully

violated the express ruling of this Court in the Deposition Protective Order limiting the scope of deposition questions in certain remaining depositions in this case.

After a status conference on April 23, 2019, this Court was required to deal with numerous discovery motions, discovery issues and the Motion for Sanctions.  ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352, 353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377, 379, 381, 382, 388, 391, 393 and 402.  Almost all of the discovery motions and issues in the final two-and-one-half months of discovery resulted from the conduct of LabMD and its counsel.

On August 16, 2019, this Court issued a thirty-seven page Memorandum Opinion granting the Motion for Sanctions.  ECF No. 413.  In the Memorandum Opinion, the Court reviewed in specific detail the chronology of LabMD's discovery misconduct and warnings issued by this Court.  Id. at 3-10.  This Court imposed sanctions tailored to address this misconduct by LabMD and its counsel and the resulting harm.  Id. at 35.  This Court imposed the following sanctions.

> First, Tiversa and Boback are awarded the reasonable attorneys' fees and costs incurred related to the Motion for Sanctions and all filings related thereto.  Tiversa and Boback shall file a petition which documents the attorneys' fees and costs incurred by September 6, 2019.  LabMD shall file a response, limited to the issue of reasonableness only, by September 27, 2019.
>
> Second, Attorney James Hawkins is ordered to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the depositions of: Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck.
>
> Third, LabMD is precluded from using any of the testimony elicited during the depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck, including in responding to any motion for summary judgment and for any purpose whatsoever in the trial of this case, should LabMD's remaining claim survive the scheduled motion for summary judgment.
>
> Fourth, LabMD is expressly barred from using the deposition testimony of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck in any other litigation in any other forum, based on LabMD's "fishing expedition" and LabMD's obvious attempt to use the 6 depositions of these 6 former Tiversa employees to elicit testimony for use in other cases or other forums.

> Fifth, given the gravity of the misconduct and discovery litigation tactics of LabMD and its counsel in disregarding orders of this Court and violating the applicable rules, this Court could have imposed a case dispositive sanction under Rule 37 and considering the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). However, this Court exercises its discretion and does not do so. Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.

Id. at 35-36.

On September 23, 2019, LabMD filed a Motion for Reconsideration of the August 16, 2019 Memorandum Opinion and the accompanying order imposing sanctions. ECF No. 436. Tiversa and Boback opposed the Motion for Reconsideration. ECF Nos. 439 and 441.

On March 10, 2020, this Court issued a nineteen page Memorandum Opinion denying LabMD's Motion for Reconsideration. ECF No. 461. This Court found that LabMD failed to establish any one of the requisite grounds to warrant reconsideration as required by the United States Court of Appeals for the Third Circuit. First, LabMD did not allege a change in intervening law. Second, LabMD did not proffer any new evidence, previously unavailable. Instead, in its second, third, and fourth arguments, LabMD repeated the same evidence and arguments that this Court previously considered in a variety of contexts, including in consideration of the Motion for Sanctions. Third, LabMD did not establish any clear error of law. Id. at 8-9. Instead, LabMD appeared to attempt to make a manifest injustice argument by claiming that the sanction order violated due process. The Court found that that the sanctions imposed did not violate due process. Id. at 9-18.

Now, LabMD again returns to the Court with the instant Motion to Vacate/Stay. ECF No. 474. The motion is now ripe for consideration.

## II. LABMD'S MOTION TO VACATE/STAY

In the pending Motion to Vacate/Stay, LabMD again asserts its inability to comply with the August 16, 2019 and March 10, 2020 orders requiring LabMD to pay monetary sanctions, referring to ECF Nos. 461, 463 and 464. LabMD requests that the Court vacate the sanctions against it based on inability to pay or, in the alternative, to stay this Court's sanction orders pending appeal. ECF No. 474. LabMD seeks a stay pursuant to Federal Rule of Civil Procedure 62 and under the Court's inherent authority. Id. at 2-10.

## III. TIVERSA'S RESPONSE IN OPPOSITION

In opposing the Motion to Vacate/Stay, Tiversa argues that the instant motion, despite LabMD couching it as a Rule 62 motion, is merely a retread of LabMD's Motion for Reconsideration. ECF No. 487. Tiversa takes the position that LabMD has again failed to establish any one of the requisite grounds to warrant reconsideration, as required by the Third Circuit in Howard Hess Dental Laboratories v. Dentsply Intern., Inc., 602 F.3d 237 (3d Cir. 2010) and Max's Seafood Café v. Quinteros, 176 F.3d 669 (3d Cir. 1999). Tiversa further argues that LabMD has failed to meet any of the required standards to obtain a stay under Rule 62. Id. at 2-7.

## IV. BOBACK'S RESPONSE IN OPPOSITION

Boback opposes LabMD's Motion to Vacate/Stay on two additional grounds. First, Boback argues that LabMD's alleged ability to get others to fund its pursuit of its claims does not support its contention of inability to pay. ECF No. 491 at 1 – 2. Second, Boback points out that LabMD has simply regurgitated the same arguments that the Court has repeatedly rejected. As such, Boback asserts that LabMD has failed to demonstrate any of the requisite elements to establish that it is entitled to a stay pending appeal. Id. at 3. Lastly, Boback incorporates the arguments made by Tiversa in its Response in Opposition. Id.

V.   **LEGAL ANALYSIS**

At the outset, upon review of the Motion to Vacate/Stay, the Court observes that the instant motion is essentially a repetition of LabMD's prior filings in opposition to the Motion for Sanctions and in support of its Motion for Reconsideration.  These arguments were previously considered multiple times and rejected by this Court.

The only new issue to be addressed is whether LabMD is entitled to a stay pending appeal pursuant to Federal Rule of Civil Procedure 62.  The standard for ascertaining the propriety of a stay pending appeal requires four elements: (1) a reasonable probability of success on appeal; (2) the prospect of irreparable harm pendente lite if relief is not granted; (3) the possibility of harm to other interested persons; and (4) the public interest.  Gusdonovich v. Bus. Info. Co., 119 F.R.D. 15, 16 (W.D. Pa. 1987).  The burden is on the moving party to show that these four elements justify the granting of a stay.  Id.  Accordingly, we will address whether LabMD, as the moving party, has met each of these requirements.

First, as to the likelihood of success on the merits on appeal, LabMD has not shown a reasonable probability of success on appeal.  As recognized above, the instant motion raises no new issues and is simply a repeat of prior issues that this Court has considered and ruled on numerous times.  Failing to show a substantial case on the merits and/or a serious question of law involved, LabMD fails to establish this element.

Second, LabMD has not proven irreparable harm if the stay is denied.  Although LabMD again argues that it has no ability to pay, the Court recognizes that LabMD has consistently demonstrated the ability to initiate, fund and support the filing of numerous lawsuits in various jurisdictions arising out of the events that gave rise to this case and the FTC's investigation of LabMD.  Some of the cases have since concluded, while others remain pending.    LabMD has

filed two other lawsuits in this Court (LabMD & Daugherty v. Tiversa, et al., at Case No. 2:17-cv-1365; and Daugherty & LabMD v. Joel P. Adams, et al., at Case No. 2:17-cv-368[1]).   In addition to these matters, , the Court is also aware of related matters filed in the Supreme Court of the State of New York (LabMD & Daugherty v. Mary Beth Buchanan & Bryan Cave Leighton Paisner LLP, at Index No. 160929/2018); in the United States District Court for the Eastern District of Virginia, (LabMD v. The Privacy Institute, et al., at Case No. 1:19-cv-852); in the United States District Court for the Northern District of Georgia (LabMD v. FTC, et al., at Case No. 1:11-cv-4044; LabMD v. FTC, at Case No. 1:14-cv-810; and LabMD v. Sentinel Insurance Co., at Case No. 1:20-cv-650);[2] in the United States District Court for the Southern District of New York (LabMD & Daugherty v. Mary Beth Buchanan, et al., at Case No. 18-3790); and in the United States District Court for the District of Columbia (LabMD v. FTC, et al. at Case No. 1:13-cv-1787 and Daugherty & LabMD v. Sheer, et al., at Case No. 1:15-cv-2034).  In addition, LabMD petitioned for review of the order issued by the Federal Trade Commission in the United States Court of Appeals for the Eleventh Circuit (LabMD v. FTC, at Case No. 16-16270), and it has pursued numerous appeals arising out of this litigation, including three such appeals filed in the United States Court of Appeals for the Third Circuit at Case Nos. 20-1731, 20-1732, and 18-3487.

      Furthermore, it is noted that LabMD has not proffered any evidence or clearly stated why whoever is and has been funding its multiple lawsuits, including the instant case, is unable to pay the monetary sanctions.  Simply put, LabMD cannot be allowed to initiate lawsuits, disregard court

---

[1] This action was originally filed in the United States District Court for the Northern District of Georgia at Case No. 1:16-cv-2480 and was subsequently transferred to this Court.

[2] This action arises out of a dispute over insurance coverage with respect to a defamation lawsuit filed by Tiversa and Boback against LabMD and Daugherty.

orders, incur sanctions and then avoid them by claiming that it cannot afford to pay the sanctions.[3] For these reasons, LabMD fails to establish the requisite element of irreparable harm.

As to the third and fourth factors, LabMD has not shown the possibility of harm to other persons or the public interest. In the context of these two factors, if LabMD is not required to pay the sanctions, LabMD may continue its pattern of conduct in disregarding Court orders and be allowed to claim an inability to pay sanctions to avoid being held accountable for its misconduct. As such, these two elements have not been established and, in fact, weigh in favor of denial of the stay.

Based on this analysis, the Court finds that LabMD has not established the four elements necessary to justify the entry of a stay under Rule 62.

## VI. CONCLUSION

For the reasons set forth herein, LabMD's Motion for Vacatur of Sanctions or, in the alternative, a Stay of Sanctions Order Pending Appeal, ECF No. 474 is DENIED.


Dated:  May 7, 2020                                          BY THE COURT:

                                                             ***/s/ Maureen P. Kelly***
                                                             MAUREEN P. KELLY
                                                             UNITED STATES MAGISTRATE JUDGE


cc:  All counsel of record via CM/ECF.

---

[3] Of note, Tiversa indicates in footnote 7 of its Response in Opposition that Tiversa's counsel will hold the sanction funds pending the appellate ruling on the relevant Sanctions Orders. ECF No. 487 at 6, n. 7.