IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10, | ) ) ) ) | |
|         Defendants. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is the issue of whether Plaintiff LabMD, Inc. ("LabMD") should be held in civil contempt for failure to abide by prior Orders of this Court relative to the imposition of sanctions against LabMD.

**I.    RELEVANT PROCEDURAL HISTORY**

Discovery in this case closed on July 1, 2019.  ECF No. 349.

On July 2, 2019, Defendant Tiversa Holding Corp. ("Tiversa"), joined by Defendant Robert J. Boback ("Boback"), filed a Motion for Sanctions, ECF Nos. 393 and 402.  In the Motion for Sanctions, Tiversa argued that LabMD and its counsel had willfully violated the express ruling of this Court in the Deposition Protective Order limiting the scope of deposition questions in certain remaining depositions in this case.

After a status conference on April 23, 2019, this Court was required to deal with numerous discovery motions, discovery issues and the Motion for Sanctions.  ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352, 353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377,

1

379, 381, 382, 388, 391, 393 and 402. Almost all of the discovery motions and issues in the final two-and-one-half months of discovery resulted from the conduct of LabMD and its counsel.

On August 16, 2019, this Court issued a thirty-seven page Memorandum Opinion granting the Motion for Sanctions. ECF No. 413. In the Memorandum Opinion, the Court reviewed in specific detail the chronology of LabMD's discovery misconduct and warnings issued by this Court. Id. at 3-10. This Court imposed sanctions tailored to address this misconduct by LabMD and its counsel and the resulting harm. Id. at 35. This Court imposed the following sanctions.

> First, Tiversa and Boback are awarded the reasonable attorneys' fees and costs incurred related to the Motion for Sanctions and all filings related thereto. Tiversa and Boback shall file a petition which documents the attorneys' fees and costs incurred by September 6, 2019. LabMD shall file a response, limited to the issue of reasonableness only, by September 27, 2019.
>
> Second, Attorney James Hawkins is ordered to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the depositions of: Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck.
>
> Third, LabMD is precluded from using any of the testimony elicited during the depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck, including in responding to any motion for summary judgment and for any purpose whatsoever in the trial of this case, should LabMD's remaining claim survive the scheduled motion for summary judgment.
>
> Fourth, LabMD is expressly barred from using the deposition testimony of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck in any other litigation in any other forum, based on LabMD's "fishing expedition" and LabMD's obvious attempt to use the 6 depositions of these 6 former Tiversa employees to elicit testimony for use in other cases or other forums.
>
> Fifth, given the gravity of the misconduct and discovery litigation tactics of LabMD and its counsel in disregarding orders of this Court and violating the applicable rules, this Court could have imposed a case dispositive sanction under Rule 37 and considering the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). However, this Court exercises its discretion and does not do so. Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.

Id. at 35-36.

On March 11, 2020, upon consideration of the Petition for Fees and Costs filed by Defendant Tiversa Holding Corp. ("Tiversa"), joined by Defendant Robert J. Boback ("Boback"), ECF Nos. 426 and 427, this Court issued a Memorandum Order directing that LabMD was ordered to pay Tiversa the sum of $10,892.50 and to pay Boback the amount of $1,163.50 on or before April 3, 2020.  ECF No. 462.  This Order related to the previous Memorandum Opinion imposing sanctions for the discovery misconduct of LabMD and its counsel.  ECF No. 413.

On May 5, 2020, upon consideration of Tiversa's Petition for Fees and Costs, ECF No. 488, this Court issued an Order directing that LabMD was ordered to pay $7,210.00 and $12.60 in costs to Tiversa by May 20, 2020.  ECF No. 493.  This Order related to the previous Memorandum Opinion imposing sanctions for improper submissions of an expert declaration and an offer of proof in response to Motions for Summary Judgment.  ECF No. 463.

LabMD also filed a Notice of Inability to Comply with Sanctions Order and Motion for Vacatur of Sanctions, or in the alternative, a Stay of Sanctions Pending Appeal.  ECF No. 474.  On May 7, 2020, the Court issued a Memorandum Order denying the motion.  The Court found that LabMD was not entitled to a stay pending appeal because it had not established the four elements required by Federal Rule of Civil Procedure 62 to justify a stay.  ECF No. 494.

LabMD did not pay the amount of the attorneys' fees and costs imposed in either sanction order.  As a result, on May 26, 2020, Tiversa filed a Motion for Order to Show Cause for LabMD, Inc.'s Failure to Obey Court Orders.  ECF No. 496.  Thereafter, the Court ordered LabMD to show cause why it had not abided by and should not be held in contempt for failure to comply with the Orders of Court, ECF Nos. 463 and 493.  LabMD filed a Response to Order to Show Cause.  ECF No. 506.  The Court scheduled a hearing for October 29, 2020 at 1:30 p.m.  ECF No. 516.  In the

Order, the Court expressly directed that the failure of LabMD to appear at the hearing may result in further sanction. Id.

## II. CONTEMPT HEARING

On October 29, 2020, the Court commenced the civil contempt hearing via Zoom video conferencing as scheduled. ECF No. 525. Marc Davies, counsel of record for LabMD, appeared as well as counsel for Tiversa and Boback.

At the beginning of the hearing, Attorney Davies informed the Court that LabMD had terminated him as counsel and that he was not authorized to speak on behalf of LabMD at the hearing. ECF No. 526 at 6:17-21. Attorney Davies read excerpts from the email that he received the morning of the contempt hearing from Michael Daugherty ("Daugherty"), President and sole shareholder of LabMD, which stated:

> I understand that the hearing scheduled for today . . . is going to move forward despite LabMD's appeal of the order denying your motion to withdraw. As a reminder, LabMD discharged you as its attorney long ago and you have no authority from LabMD to speak or act on its behalf . . .
>
> Additionally, I cannot attend the hearing today. As you know, LabMD did not anticipate this hearing going forward because the appeal of the order denying the motion to withdraw removed the lower court's jurisdiction to conduct it. As such, I'm committed to other matters at this time and cannot attend.

Id. at 6:22-7:5, 7:15-20.

Thus, neither Daugherty or any other representative of LabMD appeared at the contempt hearing.[1] Furthermore, LabMD did not file a motion seeking to continue or stay the contempt hearing. Id. at 27:13-16.

---

[1] The Court notes that Daugherty had been a near constant presence at Court conferences during the litigation of this case. Daugherty traveled from Georgia to attend in-person status conferences. ECF Nos. 246, 296 and 324. Daugherty also attended many of the other status conferences by telephone. ECF Nos. 285, 293, 331, 366 and 391. Nonetheless, he chose not to attend the contempt hearing either in person or by telephone. ECF No. 525.

### III. DISCUSSION

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." Shmuely v. Transdermal Specialties, Inc., No. 17-cv-01684, 2019 WL 3002942, at *3 (quoting Spallone v. United States, 493 U.S. 265, 276 (1990)) (internal quotations omitted). To hold a party in civil contempt, the complainant must establish three elements by clear and convincing evidence: (1) "that a valid court order existed;" (2) "that the [alleged contemnor] had knowledge of the order;" and (3) "that the [alleged contemnor] disobeyed the order." Loftus v. S.E. Pa. Trans. Auth., 8 F. Supp. 2d 464, 467 (E.D. Pa. 1998) (citing Roe v. Operation Rescue, 919 F.2d 857, 871 (3d Cir. 1990); Quinter v. Volkswagen of Am., 676 F.2d 969, 974 (3d Cir. 1982)).

In the instant case, Tiversa and Boback have established by clear and convincing evidence the three requisite elements necessary to establish contempt. First, a valid Court Order exists. The Court ordered LabMD to pay Tiversa and Boback's attorneys' fees and costs in Orders docketed at ECF Nos. 462 and 493. LabMD was required to make those payments on or before April 3, 2020 and May 20, 2020, respectively. Id.

Second, LabMD had knowledge of these Orders. LabMD's counsel received notice of the Orders via CM/ECF, and it has acknowledged the Orders in subsequent filings. See ECF No. 506.

Third, LabMD has not complied with the Orders. LabMD admits it did not pay Defendants the fees and costs that it owes. Id.

In addition, the requirements of due process have been satisfied. "Due process generally requires an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." Loftus, 8 F. Supp. 2d at 467 (quoting Roe, 920 F.2d at 217)

5

(internal quotations omitted). The Court held a contempt hearing, which LabMD received notice of by the Court's September 29, 2020 Order. ECF Nos. 516 and 526. Defendants' Motion for Order to Show Cause for LabMD's Failure to Obey Court Order also placed LabMD on notice that Defendants sought a finding of civil contempt. ECF Nos. 496 and 504.

Based on the clear existence of the three requisite elements of contempt as well as the satisfaction of the due process requirements, LabMD should be held in contempt for failure to comply with the Orders of this Court.

The remaining issue to be addressed is whether LabMD has established any valid defense. The only defense raised by LabMD is its lack of financial resources to pay the monetary sanctions. ECF No. 506. The United States District Court for the Eastern District of Pennsylvania has addressed this situation.

> Though is well-settled that impossibility of performance is a valid defense to a motion for contempt, see United States v. Rylander, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed. 521 (1983), and that a party cannot be held in contempt for failure to pay a sanctions order if [it] lacks financial ability to comply with that order, see Tinsley v. Mitchell, 804 F.2d 1254, 1256 (D.C. Cir. 1986) (per curiam); O'Leary v. Moyer's Landfill, Inc., 536 F. Supp. 218, 219 (E.D. Pa. 1982), the burden of production and proof rests on the alleged contemnor to establish the defense, see Rylander, 460 U.S. at 757, 103 S.Ct. 1548; O'Leary, 563 F. Supp. at 219. In other words, the contemnor "must show 'categorically and in detail' why [it] is unable to comply." O'Leary, 536 F. Supp. at 219 (quoting N.L.R.B. v. Trans-Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973)). A plea of poverty without adequate proof will not do it. Furthermore, unless a party is completely unable to comply with the Court's Order due to poverty, he must comply to the extent that his finances allow him. See S.E.C. v. Musella, 818 F. Supp. 600, 602 (S.D.N.Y. 1993).

Loftus, 8 F. Supp. 2d at 468-69

LabMD does not meet its burden to establish the defense of impossibility. Despite having an opportunity to do so, LabMD failed to submit evidence of its current financial condition. Instead, LabMD relies upon a three-page Response in opposition and an affidavit signed by

Daugherty on April 2, 2020—over six months before the hearing. ECF No. 506 at 2-3 (citing ECF No. 475-1). In his affidavit, Daugherty provides select information regarding LabMD's finances as of that date, stating that LabMD does not own securities or others assets except servers necessary to fulfill its legal obligation to maintain patient records, and that it has carried an "average cash balance of $123.00 in the bank for at least the last year," with a current balance of $121.13. ECF No. 475-1 ¶¶ 8-10.

LabMD has not submitted a sworn affidavit from Daugherty verifying LabMD's current financial condition, or any evidence demonstrating "categorically and in detail" its present inability to pay, such as verified financial statements; financial statements of an accountant prepared in accordance with generally accepted accounting principles; copies of any bank statement; and documentation concerning LabMD's efforts to obtain financing to pay the sanction orders. Daugherty, as President and sole shareholder of LabMD, did not appear at the October 29, 2020 hearing to testify before the Court regarding LabMD's financial condition. In fact, he refused to appear. ECF No. 526 at 7:15-20.

Not only does LabMD fail to provide evidence of its current financial condition, but the affidavit it relies upon does not support its argument that LabMD "has no funds with which to pay the sanctions levied against it." ECF No. 506 at 2. Daugherty admits that LabMD had funds in its bank account as of this date, and that it has added funds to that account since October 2019. See ECF No. 475-1 ¶¶ 8 (asserting that LabMD has bank account balance of $121.13 on April 2, 2020); ECF No. 442-1 ¶ 11 (sworn affidavit from Daugherty indicating that, as of October 4, 2019, LabMD has "no assets other than $5.00 in its only bank account"). Even if LabMD did not have funds to pay the full value of the sanctions, it has not shown that it "compl[ied] to the extent that [its] finances allow." See Loftus, 8 F. Supp. 2d at 468.

Furthermore, the evidence proffered by Tiversa establishes that LabMD continues to have the financial resources to file new lawsuits, retain new counsel and fund litigation in multiple federal and state courts. As of October 2020, LabMD had filed and retained counsel in appeals and lawsuits pending in the United States Court of Appeals for the Third Circuit, the Court of Common Pleas of Allegheny County, Pennsylvania, the United States District Court for the Northern District of Georgia and the Supreme Court of the State of New York Appellate Division. See ECF Nos. 519-1-6.[2] Based on the record, LabMD has not met its burden to show that it is unable to pay the sanctions levied against it.

IV.   **CONCLUSION**

For the reasons set forth herein, the Court finds LabMD to be in civil contempt for failure to abide by prior Orders of this Court relative to the sanctions imposed against LabMD.

Defendants Tiversa and Boback are permitted to file a motion for attorneys' fees and costs associated with this civil contempt proceeding. Such motions must be filed on or before March 4, 2021. An appropriate Order follows.

Dated: February 4, 2021                                BY THE COURT:

                                                                */s/ Maureen P. Kelly*
                                                                 MAUREEN P. KELLY
                                                                 UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.

---

[2] The Court notes that LabMD and Daugherty are Defendants in the Pennsylvania state court action referred to above, which was pending at Case No. GD-14-016497. However, on September 8, 2020, LabMD and Daugherty moved to strike Plaintiff Boback's discontinuance of this action so that they could pursue counterclaims.