IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
|           Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC.; ROBERT J. BOBACK; M. ERIC JOHNSON; DOES 1-10, | ) ) ) ) | Re: ECF Nos. 531 and 534 |
|           Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is the Motion for Attorneys' Fees filed by Defendant Tiversa Holding Corp. ("Tiversa"). ECF No. 531. In the Motion for Attorneys' Fees, Tiversa seeks the award of $4,927.50 in attorneys' fees from LabMD, Inc. ("LabMD") based on the Memorandum Opinion and Order of this Court, ECF Nos. 529 and 530, relative to Tiversa's Motion for Order to Show Cause for LabMD, Inc.'s Failure to Obey Court Orders, ECF No. 496. Defendant Robert J. Boback ("Boback") has also filed a Motion for Attorneys' Fees, ECF No. 534. LabMD filed a Response in Opposition. ECF No. 539. Tiversa filed a Reply. ECF No. 540. The Motions for Attorneys' Fees are now ripe for consideration.

I.     RELEVANT PROCEDURAL HISTORY

In order to consider the pending Motions for Attorneys' Fees, it is necessary to only briefly review the relevant procedural history of this case.

In the Motion for Sanctions, filed by Tiversa and joined by Boback, ECF Nos. 393 and 402, Tiversa argued that LabMD and its counsel had willfully violated the express ruling of this

1

Court in the Deposition Protective Order limiting the scope of deposition questions in certain remaining depositions in this case.

After a status conference on April 23, 2019, this Court was required to deal with numerous discovery motions, discovery issues and the Motion for Sanctions. ECF Nos. 329, 331, 332, 336, 337, 339, 341, 347, 349, 350, 351, 352, 353, 356, 361, 363, 364, 366, 371, 372, 374, 375, 377, 379, 381, 382, 388, 391, 393 and 402. Almost all of the discovery motions and issues in the final two-and-one-half months of discovery resulted from the conduct of LabMD and its counsel.

On August 16, 2019, this Court issued a thirty-seven page Memorandum Opinion granting the Motion for Sanctions. ECF No. 413. This Court imposed sanctions tailored to address this misconduct of LabMD and its counsel and the resulting harm. Id. at 35. This Court imposed the following sanctions:

> First, Tiversa and Boback are awarded the reasonable attorneys' fees and costs incurred related to the Motion for Sanctions and all filings related thereto. Tiversa and Boback shall file a petition which documents the attorneys' fees and costs incurred by September 6, 2019. LabMD shall file a response, limited to the issue of reasonableness only, by September 27, 2019.
>
> Second, Attorney James Hawkins is ordered to pay for all of the court reporter fees and transcript costs incurred by Tiversa and Boback relative to the depositions of: Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck.
>
> Third, LabMD is precluded from using any of the testimony elicited during the depositions of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck, including in responding to any motion for summary judgment and for any purpose whatsoever in the trial of this case, should LabMD's remaining claim survive the scheduled motion for summary judgment.
>
> Fourth, LabMD is expressly barred from using the deposition testimony of Robert Boback, Keith Tagliaferri, Richard Wallace, Jeromy Dean, Sean Ways and Jason Shuck in any other litigation in any other forum, based on LabMD's "fishing expedition" and LabMD's obvious attempt to use the 6 depositions of these 6 former Tiversa employees to elicit testimony for use in other cases or other forums.

> Fifth, given the gravity of the misconduct and discovery litigation tactics of LabMD and its counsel in disregarding orders of this Court and violating the applicable rules, this Court could have imposed a case dispositive sanction under Rule 37 and considering the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). However, this Court exercises its discretion and does not do so. Nonetheless, the Court puts LabMD and Attorney Hawkins on final notice that any further litigation misconduct or disregard of orders of this Court will result in the dismissal of this case and the termination of the *pro hac vice* admission of Attorney Hawkins.

Id. at 35-36.

Based on the sanctions ruling, Tiversa and Boback filed Petitions for Attorneys' Fees and Costs. ECF Nos. 426 and 427. On March 11, 2020, the Court granted in part and denied in part Tiversa's Petition for Attorneys' Fees and Costs and granted Boback's Petition for Fees and Costs. ECF No. 462. As a result, the Court ordered LabMD to pay to Tiversa the amount of $10,892.50 and to Boback the amount of $1,163.50, both by April 3, 2020. Id. at 8.[1]

Tiversa also filed a Motion to Preclude and/or Strike and for Sanctions asserting that LabMD violated the orders of this Court imposing sanctions on LabMD and its counsel for discovery misconduct and repeated defiance of Court orders. ECF No. 444. On March 24, 2020, the Court issued an Opinion and Order granting the Motion to Preclude and/or Strike and for Sanctions. ECF No. 463. Tiversa and Boback were awarded reasonable attorneys' fees and costs incurred relative to the motion, and they were directed to file petitions documenting such attorneys' fees and costs. Id. at 23. Thereafter, on April 15, 2020, Tiversa filed a Petition for Fees and Costs. ECF No. 488. On the same date, the Court ordered LabMD to file a response to the Petition by April 29, 2020. ECF No. 489. LabMD failed to file a response in opposition. As such, on May 5, 2020, the Court granted Tiversa's Petition for Fees and Costs and ordered

---

[1] LabMD's prior counsel, Attorney James Hawkins was also ordered to pay the sum of $4,737.75 to the law firm of McGuire Woods LLP on or before April 3, 2020. Id. at 8.

3

LabMD to pay $7,210.00 in attorneys' fees and $12.60 in costs to Tiversa by May 20, 2020. ECF No. 493.

On May 20, 2020, LabMD filed a Notice on the docket stating that it was unable to comply with the Court's May 5, 2020 Order requiring the payment of Tiversa's attorneys' fees and costs. ECF No. 495.

On May 26, 2020, Tiversa filed a Motion for Order to Show Cause for LabMD Inc.'s Failure to Obey Court Orders. ECF No. 496. In the motion, Tiversa informed that Court that LabMD had not paid the amount of $10,892.50, as directed by the Court in the Order entered at ECF No. 462, and that LabMD had not paid the amount of $7,210.00 in attorneys' fees and $12.60 in costs, as directed by the Court in the Order at ECF No. 493. The Court ordered LabMD to file a response to Tiversa's Motion for Order to Show Cause. ECF No. 498. LabMD was granted an extension of time to respond. ECF No. 505. On June 17, 2020, LabMD filed a response stating that it was unable to pay the monetary sanctions. ECF No. 506.

On October 29, 2020, the Court held a hearing on Tiversa's Motion for Order to Show Cause. ECF No. 525. At the outset of the hearing, counsel for LabMD informed the Court, by reading from an email from Michael Daugherty ("Daugherty"), President and sole shareholder of LabMD, that Daugherty refused to attend the contempt hearing.[2] ECF No. 526 at 6:22-7:5, 7:15-20. No other corporate representative of LabMD attended the hearing. LabMD did not seek a continuance or stay of the contempt hearing. Id. at 27:13-16. On February 4, 2021, the Court issued a Memorandum Opinion and Order finding LabMD in civil contempt for failure to abide by the prior Orders relative to the imposition of monetary sanctions against LabMD. ECF Nos.

---

[2]The Court notes that Daugherty had been a near constant presence at Court conferences during the litigation of this case. Daugherty traveled from Georgia to attend in-person status conferences. ECF Nos. 246, 296 and 324. Daugherty also attended many of the other status conferences by telephone. ECF Nos. 285, 293, 331, 366 and 391. Nonetheless, he chose not to attend the contempt hearing either in person or by telephone. ECF No. 525.

529, 530. In this ruling, the Court permitted Tiversa and Boback to file motions for attorneys' fees and costs associated with the civil contempt motion and hearing. Id. Thereafter, Tiversa and Boback filed the pending Motions for Attorneys' Fees.

## II. TIVERSA'S MOTION FOR ATTORNEYS' FEES

In its Motion for Attorneys' Fees, Tiversa seeks to have the Court award attorneys' fees in connection with attorney time spent preparing the Motion for Order to Show Cause and to prepare for and attend the hearing. ECF No. 531. Tiversa seeks to be awarded for legal services performed by Attorney Jarrod Shaw, partner, for 4.5 hours of time at an hourly rate of $625.00, for a total of $2,812.50. Tiversa also seeks to be awarded for legal services performed by Attorney Natalie Zagari, associate, for 4.7 hours of time at an hourly rate of $450.00 for a total of $2,115.00. As such, Tiversa seeks a total award of $4,927.50 in attorneys' fees. Id. at 2.

## III. BOBACK'S MOTION FOR ATTORNEYS' FEES

In his Motion for Attorneys' Fees, Boback seeks to have the Court award attorneys' fees incurred related to the Motion for Order to Show Cause and related hearing. ECF No. 534. Boback seeks to be awarded for legal services provided by Attorney Brandon J. Verdream, senior attorney, for 8 hours of time at an hourly rate of $360.00, for a total of $2,880.00. Id. at 2.

## IV. LABMD'S RESPONSE IN OPPOSITION

In the Response in Opposition to Motion for Attorneys' Fees, ECF No. 539, LabMD does not contest the amounts of time spent by defense counsel nor the reasonableness of the hourly rates for counsel for Tiversa and Boback. Instead, LabMD simply repeats its prior arguments relative to the Court's denial of the two previous motions to withdraw of Attorney Marc Davies.

The Court notes that Attorney Davies' first motion to withdraw was denied because it was deficient and not in compliance with Local Civil Rule 83.2.C. ECF No. 515. The second

motion to withdraw was denied based on the failure to identify replacement counsel and Attorney Davies was advised that he could file another motion after substitute counsel entered his/her appearance. ECF No. 521. The docket reflects that Attorney Lawrence G. McMichael entered his appearance for LabMD in this case on March 5, 2021. ECF No. 535. However, LabMD's Response in Opposition was filed by Attorney Davies on March 24, 2021. ECF No. 539.[3] Nonetheless, LabMD only responds to the instant Motions for Attorneys' Fees by complaining about the prior denial of the motions to withdraw. Id.

**V.    LEGAL STANDARD**

"The starting point in awarding attorney's fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." RHJ Med. Ctr., Inc. v. City of Dubois, No. 3:09-131, 2014 WL 3892100, at *3 (W.D. Pa. Aug. 8, 2014). "The lodestar is strongly presumed to yield a reasonable fee." Washington v. Phila. Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, the prevailing party must "submit evidence supporting the hours worked and rates claimed." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)) (internal quotations omitted). However, it "need not go so far as to know the exact number of minutes spent nor the precise activity to which each hour was devoted or the specific attainments of each attorney." Brown v. City of Pittsburgh, No. 06-393, 2010 WL 2207935, at *3 (W.D. Pa. May 27, 2010) (quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001)) (internal quotations and citations omitted).

---

[3] As of the date of this Memorandum Order, Attorney Davies is still counsel of record in this case and he did not file a motion to withdraw his appearance after Attorney McMichael entered his appearance over two months ago.

Thereafter, the burden is on the opposing party to challenge the requested hours and fees, if it chooses to do so.  See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001).  The party opposing the fee award must do so with sufficient specificity, and the Court cannot decrease a fee award based on factors that are not raised.  Id. (citing Rode, 892 F.2d at 1183).

 "When considering whether rates charged are reasonable, courts within the Third Circuit follow the 'forum rate rule,' which provides that a court shall rely upon prevailing hourly rates in the district to determine whether charges are reasonable."  ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc., No. 15-273, 2016 WL 6916777, at *4 (W.D. Pa. Feb. 5, 2016).  In order to determine the prevailing market rates, the Court must assess the "experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (citing Berkoben v. Aetna Life Ins. Co., No. 2:12-cv-1677, 2014 WL 3565959, at *18 (W.D. Pa. July 18, 2014)).  "[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested."  Id. (quoting Chaney v. HVL, LLC, No. 11-0833, 2012 WL 5990124, at *1 (W.D. Pa. Nov. 30, 2012)).

VI.     **LEGAL ANALYSIS**

LabMD does not dispute the reasonableness of the hours expended by counsel for Tiversa and Boback relative to the Motion for Order Show Cause and related hearing.  ECF No. 539.  In addition, LabMD does not dispute the reasonableness of the hourly rates of Attorneys Shaw and Zagari for Tiversa and Attorney Verdream for Boback.  Therefore, based on this Court's review, an award of the attorneys' fees in the amounts sought by Tiversa and Boback is reasonable and appropriate.

## VII. CONCLUSION

For the reasons set forth herein, the Motions for Attorneys' Fees, ECF Nos. 531 and 534, will be granted. An appropriate order follows.

AND NOW, this 13th day of May, 2021, for the reasons set forth herein, it is HEREBY ORDERED that Tiversa's Motion for Attorneys' Fees, ECF No. 531, is GRANTED. It is further ordered that Boback's Motion for Attorneys' Fees, ECF No. 534, is GRANTED.

LabMD is ordered to pay to Tiversa the amount of $ 4,927.50 on or before June 13, 2021, and to pay to Boback the amount of $ 2,115.00 on or before June 13, 2021. Such payments are to be delivered to counsel for Tiversa and Boback.

Failure to comply with this Order may result in further sanction.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.