IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-92 |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| TIVERSA HOLDING CORP. *formerly known as* TIVERSA, INC. and ROBERT J. BOBACK, | ) ) ) | Re: ECF No. 628 |
| | ) | |
|                 Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff LabMD, Inc. ("LabMD") has filed this civil action arising out of an alleged shakedown scheme executed by Defendant Tiversa, Inc. ("Tiversa") and Defendant Robert J. Boback ("Boback") (collectively, "Defendants"). Following a lengthy procedural history, including an appeal to the United States Court of Appeals for the Third Circuit and subsequent remand, LabMD's only remaining claim is a portion of a defamation *per se* claim as to seven alleged defamatory statements made in 2015.

Presently before the Court is Defendants' Joint Motion for Relief Under Rule 37(c)(1) and to Strike Declarations (the "Joint Motion"). ECF No. 628. LabMD opposes the Motion. ECF No. 630. For the reasons that follow, the Joint Motion to Strike Declarations is granted in part and denied in part, and the Joint Motion for Relief Under Rule 37(c)(1) is granted.

**I.      PROCEDURAL HISTORY**

Given the lengthy procedural history of this case and the exhaustive discovery issues that this Court has been required to address over the ten years of this litigation, the Court incorporates by reference the detailed factual and procedural history of this case as recently set forth in the Memorandum Order at ECF No. 621 at 2 – 14.

1

Relevant to the pending Joint Motion, during a Discovery Status Conference on May 21, 2024, LabMD's counsel informed the Court and defense counsel of the existence of a hard drive that Richard Wallace ("Wallace"), a former employee of Tiversa, provided to Michael Daugherty ("Daugherty"), the founder and CEO of LabMD, who in turn, provided it to Dan Regard ("Regard"), LabMD's expert. Counsel for LabMD could not provide any dates as to when this occurred or how or why it had occurred at such a late date - ten years into the course of this litigation. ECF No. 628-1 at 35, 37-39. The Court directed that LabMD promptly produce a copy of the hard drive and Bates labeled numbered documents from the hard drive to Defendants by May 24, 2024. Id. at 40; ECF No. 597. The Court also directed LabMD to produce a detailed chain of custody affidavit relative to the hard drive. Id. at 40; ECF No. 597.

The Court clearly directed the actions that LabMD was required to take relative to the late disclosure of the Wallace hard drive.

> THE COURT: So I want to make sure we're all on the same page with this. And that is -- I'm just making a note. Sorry. First, you're going to give them an affidavit that supports the chain of custody or where it came from, who had it, who's had it, who it got to, and how it got to you?
> 
> MS. COMERFORD: Yes.
> 
> THE COURT: And that's from Mr. Wallace. Second of all, you've identified this new hard drive that was not previously produced that LabMD came into the custody of after the close of discovery likely after the motion for summary judgment was ruled on and

2

possibly after the Third Circuit ruled.  You're going to provide a complete copy of that hard drive to defense counsel, correct?

    MS. COMERFORD:  Correct.

    THE COURT:  Then thirdly, because you want to make sure you're not missing anything, thirdly, you're going to separately produce with Bates numbers those documents you believe are relevant to this matter, correct?

    MS. COMERFORD:  Correct.  And then -- I know.  I assume that, just to facilitate questioning at trial, et cetera, that if defense counsel thinks that there's anything that's relevant beyond what I have marked, beyond what I have Bates labeled on that hard drive, that they could just identify that and we could attach Bates numbers so that we could track it.

    THE COURT:  This is, at this point, given the fact how late it showed up, and this case has been going on since 2015, it's very concerning to me that this suddenly shows up now after the fact.

    MS. COMERFORD:  Right.

    THE COURT:  Very concerning. Lots of issues.  But Mr. Shaw and Mr. Berardinelli don't even know what they're looking at because they haven't seen it yet.

MS. COMERFORD: Right, yes.

ECF No. 628-1 at 42-43.[1]

LabMD did not provide the hard drive by May 24, 2024, as ordered by the Court. In addition, LabMD failed to provide the copies of the documents from the hard drive or chain of custody affidavit by the Court's deadline.

Finally, on June 7, 2024, two weeks after the deadline set by the Court, LabMD produced a "document dump" of over 60,000 documents that had been allegedly pulled from files on the Wallace hard drive. No index or organization was provided with the production. LabMD did not produce copy of the hard drive itself or the directed affidavit at that time.

On June 12, 2024, LabMD produced to Defendants a copy of the hard drive purported to have originated with Wallace. ECF No. 628 at 3.

On June 18, 2024, LabMD produced a declaration from Dan Regard, its expert. ECF No. 628-2. In the declaration, Regard stated that he took possession of the Wallace hard drive on October 17, 2022. Id. ¶ 1. Regard stated that he discussed the existence of the hard drive with LabMD's counsel on February 14, 2024. Id. ¶ 6. Notably, it was by this declaration that Defendants were first notified by LabMD that original files on the hard drive could not be located, accessed or copied in a forensically sound manner. ECF No. 628 at 4. Defendants were also advised that Wallace could not find the original files. ECF No. 628-2 ¶ 9.

---

[1] Attorney Comerford admitted to the Court that, as of the May 21, 2024 status conference, she still did not have custody of the Wallace hard drive. ECF No. 628-1 at 44.

4

On July 10, 2024, the Court again addressed the issue of the hard drive during another Discovery Status Conference. ECF No. 612. The Court again directed LabMD's counsel to promptly obtain and provide complete chain of custody affidavit(s) as to the Wallace hard drive. Id.

Not until March 26, 2025 - over 10 months after the May 21, 2024 status conference and the Court's deadline - did counsel for LabMD finally provide the chain of custody Declarations of Richard Wallace and Michael Daugherty. ECF Nos. 628-3 and 628-4.

Shortly thereafter, on April 17, 2025, Defendants filed the instant Joint Motion for Relief Under Rule 37(c)(1) and to Strike Declarations. ECF No. 628. As to the declarations, Defendants argue that they were produced over ten months beyond the Court-ordered deadline and that they fail to comply with the Court's orders, contain self-serving statements on matters wholly unrelated to chain of custody and are no longer relevant to this case, are beyond the Court's ordered scope of discovery and are outside of the scope of the remaining claim. Id. at 4. As to the last minute production of 61,000 plus pages of documents, Defendants argue that it violates Rule 26 discovery obligations and causes prejudice to Defendants which cannot be cured. Id. at 8-11.

LabMD file a response in opposition. ECF No. 630. As to the declarations, LabMD argues that the Wallace Declaration is not "discovery" and, other than to conceal actual facts, there is no reason to strike them. As to the hard drive and the last minute production of 61,000 plus pages of documents, LabMD's counsel asserts that she did not learn of the need to supplement discovery by producing the Wallace hard drive until May 3, 2024, and LabMD promptly satisfied its duty under Rule 26. Id. at 9-14. LabMD also takes the position that Defendants' argument that the Wallace hard drive cannot be authenticated is premature and baseless. Id. at 14-16.

5

The Joint Motion is now ripe for consideration.

## II. DISCUSSION

Prior to addressing the merits of the pending motion, it is important to view the most recent discovery dispute in the context of the ongoing litigation between these parties. While there is a sprawling history of litigation between the parties, this case is distinctly limited in scope. There is only one remaining claim: a portion of a defamation *per se* claim arising out of seven statements made in 2015 – Statements Nos. 10, 13, 14, 15, 16, 17 and 18. ECF No. 125 ¶¶ 133, 135.

Since remand from the Third Circuit, the Court has conducted multiple video discovery status conferences with counsel and discussed the scope of discovery that would be permitted and/or required. As a result, the Court set an appropriately designed post-remand discovery approach and issued related orders and deadlines.

### A. Motion to Strike Declarations

Defendants argue that the Declarations of Wallace and Daugherty, ECF Nos. 682-2 and 682-3, are beyond the scope of permissible discovery, expand discovery contrary to prior court orders and should be stricken. ECF No. 628 at 11-12. Defendants assert that the declarations are merely self-serving statements that are yet another undertaking by LabMD to expand and redo discovery beyond the remaining portion of the defamation *per se* claim as to the remaining Statements, and far beyond the close of discovery. As such, Defendants argue that LabMD should not be permitted to utilize such declarations and otherwise be rewarded for disregarding and/or failing to timely comply with the orders of this Court. Id. at 4, 11.

LabMD argues that the declarations are not discovery and, therefore, not subject to the discovery deadlines or the Court's rulings as to the permissible scope of discovery. ECF No. 630 at 3, 16-17.

6

Upon review, the Court finds that the record as to the deadline for LabMD to file the declarations as to chain of custody of the Wallace hard drive is clear.

- On May 21, 2024, LabMD's counsel disclosed, for the first time, the existence of a hard drive that Richard Wallace provided to Michael Daugherty, who in turn, provided it to Dan Regard, LabMD's expert. Counsel for LabMD could not provide any dates as to when this occurred or how or why it had occurred at such a late date in the 10 year course of this litigation. ECF No. 628-1 at 35, 37-39.

- At the conclusion of the status conference on May 21, 2024, the Court directed that LabMD produce a copy of the hard drive and Bates labeled numbered documents from the hard drive to Defendants by May 24, 2024. Id. at 40; ECF No. 597. The Court also addressed the need for a detailed chain of custody affidavit. Id.

- LabMD did not provide a copy of the hard drive to Defendants by May 24, 2024, as ordered by the Court. In addition, LabMD failed to provide copies of the hard drive documents or affidavit by the deadline.

- On June 7, 2024, two weeks after the deadline set by the Court, LabMD produced a "document dump" of over 60,000 documents that had been allegedly pulled from the Wallace hard drive. No index or organization was provided with the production. LabMD did not produce the hard drive itself or the chain of custody affidavit on this date.

- On June 18, 2024, LabMD produced a new declaration from Dan Regard. ECF No. 628-2. In the declaration, Regard stated that he took possession of the Wallace hard drive on October 17, 2022. Id. Regard stated that he discussed the existence of the hard drive with LabMD's counsel on February 14, 2024. Id.

- On July 10, 2024, the Court again addressed the issue of the hard drive during another Discovery Status Conference. ECF No. 612. The Court again directed LabMD's counsel to promptly obtain and provide complete chain of custody affidavit. Id.

- Not until March 26, 2025, did counsel for LabMD provide the chain of custody Declarations of Richard Wallace and Michael Daugherty. ECF Nos. 628-3 and 628-4.

7

Based on this documented chronology, the chain of custody Declarations of Wallace and Daugherty were not timely provided to Defendants.

Turning to whether the Declarations of Wallace and Daugherty should be stricken, it is noted at the outset, that the Court had specifically directed the provision of declarations only as to the chain of custody of the Wallace hard drive. The Court did not request, nor permit, the submission of declarations on any other issue. After, carefully reviewing both declarations, the Court agrees with Defendants that certain portions of the declarations contain self-serving statements that are wholly unrelated to the narrow issue of chain of custody as to the hard drive. Certain portions of the declarations relate to matters that are no longer relevant to this case or beyond the scope of previous discovery rulings. Through certain self-serving statements, LabMD appears to attempt to create new record evidence after discovery has closed. This revisionist, after the fact, conduct was not permitted by Court, nor is it appropriate for consideration. For these reasons, Paragraph Nos. 3-15 of the Wallace Declaration, ECF No. 628-3, are stricken. The Court does not strike any paragraph of the Daugherty Declaration based on its narrow content.

Given the untimeliness of the submission of the Declarations of Wallace and Daugherty, the remaining portion of the declarations will only be considered by the Court as to the Motion for Relief Under Rule 37(c)(1) and may not be used by LabMD for any other purpose in the course of this litigation.

B. **Motion for Relief Under Rule 37(c)(1)**

Defendants also move to have the Court prohibit LabMD from the use of any information from the Wallace hard drive. ECF No. 628. LabMD opposes this portion of the Joint Motion. ECF No. 630.

1. **Standard of Review**

In determining the propriety of granting Defendants' Joint Motion for Relief under Rule 37(c)(1), as to LabMD's use and/or reliance upon information from the Wallace hard drive, the Court is guided by certain rules governing discovery through the course of litigation. Rule 26(b) of the Federal Rules of Civil Procedure permits broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Of significance to this current dispute, Rule 26(e) requires supplementation of discovery responses, and states that "[a] party who has … responded to an interrogatory [or] request for production … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing."

The Court has the power to exclude evidence as a sanction for a party's failure to comply with this obligation. Orion Drilling Co. v. EQT Prod. Co., No. 16-1516, 2018 WL 6504374, at *7 (W.D. Pa. Dec. 11, 2018). Specifically, Federal Rule of Civil Procedure 37(c)(1) provides that

9

"[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The party against whom the discovery sanction is sought has the "burden of proving substantial justification for its conduct or that the failure to produce was harmless." Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002). "'Substantial justification' for the failure to make a required disclosure has been regarded as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" Id. (quoting United States v. Dentsply Intern., Inc., No. Civ. A. 99–5, 2000 WL 654378, at *7 (D. Del. May 10, 2000)). "The test of substantial justification is satisfied if 'there exists a genuine dispute concerning compliance.'" Id. at 175–76 (quoting Henrietta D. v. Giuliani, No. 95–CV–0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)).

The exclusion of critical evidence, however, "is an 'extreme' sanction, ... not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 905 (3d Cir. 1977) (internal citation omitted), *overruled on other grounds*, Goodman v. Lukens Steel, 777 F.2d 113 (3d Cir. 1985), *aff'd* 482 U.S. 656, 107 S. Ct. 2617 (1987).

The United States Court of Appeals for the Third Circuit has set forth factors (the "Pennypack factors"), to be considered when determining whether "exclusion of evidence is an appropriate sanction for failure to comply with discovery duties":

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000); see also Pennypack, 559 F.2d at 904–05. The Third Circuit has supplemented the Pennypack list, requiring consideration of (5) "the importance of the excluded testimony" and (6) the party's explanation for failing to disclose. Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (quoting Pennypack, 559 F.2d at 905); Vaskas v. Kenworth Truck Co., No. 10–CV–1024, 2013 WL 1207963, at *3 (M.D. Pa. Mar. 25, 2013).

2. **Analysis**

   a. **Substantial justification or harmless failure**

As a threshold matter in ruling on the pending Motion to Strike, the Court must make a determination regarding: (1) whether there was a failure of discovery and (2) whether the conduct of a party that is alleged to have failed in some discovery obligation was substantially justified or is otherwise harmless. Tolerico v. Home Depot, 205 F.R.D. at 175 (under Rule 37 "[t]he non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless.").

LabMD does not dispute that Daugherty, the founder and CEO of LabMD, learned of the existence of the hard drive from Wallace on September 10, 2022, and Daugherty received a copy of the hard drive on October 16, 2022 via FedEx package delivery. ECF No. 628-4 ¶¶ 3-6. On October 17, 2022, Daugherty delivered the copy of the hard drive to Regard. Id. ¶ 7. Nonetheless, Daugherty did not notify his current attorney of the existence of the hard drive until February 14, 2024 – over 16 months after learning of the hard drive and taking possession of a copy of it. ECF No. 360 ¶ 35.

In an attempt to justify LabMD's substantial delay in disclosing the existence of and not promptly producing a copy of the Wallace hard drive to Defendants. LabMD makes arguments that are not supported by the record.

First, LabMD argues that when Daugherty received the Wallace hard drive on October 16, 2022, "he was unrepresented by counsel" and "the undersigned had not yet been retained." ECF No. 630 at 10. This statement is not accurate. As of March 5, 2021, LabMD was represented in this case before the Third Circuit by Attorney Lawrence DiMichael of the law firm of Dilworth Paxson. LabMD, Inc. v. Boback, Case No. 21-1429 (3d. Cir.) at ECF No. 1. Attorney Christie Comerford, also of the Dilworth Paxon law firm, entered her appearance for LabMD on April 13, 2021. Id. at ECF No. 14. As such, LabMD had retained and was represented by current counsel at least by April 2021 – over 17 months before Daugherty reports to have learned of the existence of the Wallace hard drive in September 2022. For Attorney Comerford to state in her Opposition that "the undersigned had not yet been retained" as of September 2022 is untrue and a misrepresentation. Further, Comerford and Dilworth Paxon continued to represent LabMD in this dispute following remand from the Third Circuit. She entered her appearance on the District Court docket on December 8, 2022. ECF Nos. 556 and 557.[2] Attorney Comerford participated in the first post-remand video status conference on December 14, 2022. ECF No. 560.

Second, LabMD argues that Regard received the Wallace hard drive in his capacity as a representative of iDS, LabMD's electronic hosting vendor, "not as an expert" charged with reviewing and analyzing information. ECF No. 630 at 10. This statement is not accurate and appears to represent a smoke screen and attempt by LabMD to redefine Regard's ongoing role as

---

[2] A motion to withdraw appearance was filed by Attorney Lawrence DeMichael and the law firm of Dilworth Paxson on June 10, 2025. ECF No. 647. The motion was granted on the same date. ECF No. 648. Attorney Comerford continues to represent LabMD.

12

LabMD's expert. The record of this case clearly documents that LabMD has consistently referred to Regard as its expert. Of note, on September 23, 2019, LabMD referred to Regard as its expert throughout its Memorandum of Law in Opposition to Tiversa's Motion for Summary Judgment. ECF No. 431 at 7.³ Further, LabMD filed a 33 page expert report declaration for Regard in opposition to Defendants' Motions for Summary Judgment. ECF No. 433-18. In addition, in its Opening Brief to the Third Circuit, LabMD cited to Regard's "expert declaration." LabMD, Inc. v. Tiversa Holding Corp., 2020 WL 6558976, at *65 (3d Cir. Oct. 29, 2020). Finally, the Third Circuit recognized Regard's role as LabMD's expert, in the Opinion affirming in part and vacating in part rulings of this Court. LabMD, Inc. v. Boback, 47 F.4ᵗʰ 164, 186-188 (3d Cir. 2022). Therefore, it is clear that at the time Wallace provided the hard drive to Daugherty in October 2022, and Daugherty provided it to Regard, that Regard was represented and recognized as LabMD's expert.

Under these circumstances, the Court cannot find the required "substantial justification" for LabMD's failure to promptly disclose the existence of the Wallace hard drive and failure to produce a copy of the hard drive to Defendants. At the latest, a copy of the hard drive should have been produced following remand on September 21, 2022, ECF No. 543, or at the time of the first post-remand video status conference with this Court on December 14, 2022, ECF No. 560. Nonetheless, LabMD waiting until May 21, 2024.

LabMD further fails to establish that its failure to comply with Rule 26 and this Court's prior orders is harmless. "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced."

---

³ LabMD incorporated by reference its Memorandum of Law in Opposition to Tiversa's Motion for Summary Judgment into its Memorandum of Law in Opposition to Boback's Motion for Summary Judgment. ECF No. 432 at 1.

Tolerico, 205 F.R.D. at 176 (citing Stalworth v. E–Z Serve Convenience Stores, 199 F.R.D. 366, 369 (M.D. Ala. 2001)). Wallace is a key witness in this case. The hard drive contained files related to Wallace's work at Tiversa, including related to the files obtained from LabMD, which are at the core of this case. LabMD's failure to disclose the existence of the Wallace hard drive in September 2022 when Daugherty became aware of it, the delay of disclosure until May 2024 and continued failure to produce a copy of the hard drive for an additional period of time cannot be viewed as a "honest mistake" or "harmless."

### b. **Pennypack factors**

Because there was a substantial discovery failure and LabMD has failed to meet its burden of proving a substantial justification or harmlessness of its failure, the Court has discretion to preclude LabMD or any expert, including Regard, from using or relying upon any information on the Wallace hard drive, or presenting any evidence, testimonial or otherwise, pertaining to the Wallace hard drive and its contents. In determining whether to exclude evidence as a sanction for failure to comply with a discovery order, the Court must consider the Pennypack factors. Pennypack, 559 F.2d at 904-905.

### (1) Prejudice

As to the first factor, Defendants point out that LabMD has repeatedly failed to properly disclose, authenticate or supplement discovery with what is represented to be Wallace's hard drive and has repeatedly failed to comply with the Court's multiple instructions and orders, while providing the hard drive to its own expert some 20 months ago. Defendants argue that this conduct has created significant prejudice that cannot be cured. ECF No. 628.

In response, LabMD argues that Defendants suffered no prejudice because there was only a two week delay from the May 24, 2024 deadline to produce the hard drive until June 7, 2024

drive to Defendants. The Court finds that the prejudice factor substantially weighs in Defendants' favor.

### (2) Cure and Disruption

Defendants contend that the substantial prejudice resulting from LabMD's conduct relative to the Wallace files/hard drive cannot be cured. Not only has LabMD not produced a copy of the original Wallace hard drive, Defendants point out that documents purportedly from the hard drive that was produced by Daugherty to Regard appear to have been modified and cannot be authenticated. ECF No. 628 at 10-11.

Although LabMD's counsel agreed not to use any of the recently produced documents in the final depositions after the documents were produced, this offer does not cure the prejudice inflicted by LabMD's conduct as it relates to the pending Motions for Summary Judgment and trial.

The Court has considered LabMD's proffered cure and finds it wanting for a number of reasons. First, this case was filed in 2015 and is now over 10 years old. Summary judgment scheduling orders are already in place to move this case forward. Second, as set forth in prior Orders of this Court, this case has been repeatedly delayed by the discovery conduct of LabMD and its counsel.[4] Third, it is incredibly disruptive to reopen depositions for a third time that will certainly result in another round of discovery disputes and delay the trial of this case even further. As such, an opportunity to cure would result in substantial burden upon and significant expenses for Defendants, including but not limited to: review of the documentation and data that LabMD withheld, potentially reopening certain depositions and revision and refiling of Defendants'

---

[4] In light of the "hyper-aggressive behavior" of LabMD and its former counsel, the Third Circuit ruled that, on remand, the District Court "is free to keep them on an appropriately designed and well-explained short leash, as the case continues." ECF No. 543-2 at 44.

16

Motions for Summary Judgment that are pending. In the face of these concerning circumstances, viewed in the context of the history of discovery in this case, an opportunity to cure will require the expenditure of substantial additional costs by Defendants and unquestionably disrupt the administration of justice and movement of this case to trial. As such, this factor weighs in Defendants' favor.

### (3) Willful dereliction

At the outset, Defendants argue that LabMD had the Wallace hard drive from October 17, 2022 until it produced documents from it in June 2024 – over 20 months later. As to the last minute untimely production of 61,000 documents that are purportedly from the hard drive, Defendants argue that the document are not organized or indexed. Defendants point out that they also lack any verifiable authentication. Defendants argue that this wilfullness is consistent with LabMD's course of conduct of failing to comply with ongoing discovery obligations and orders of this Court.

While the Court does not find that Attorney Comerford acted in "bad faith," it is clear that LabMD and Daugherty willfully did not timely disclose to Defendants the existence of the Wallace hard drive and the fact that they had possession of it. What they have produced is admittedly a modified copy of the hard drive. The Court questions this course of conduct by LabMD as to the Wallace hard drive has been done to give LabMD a tactical advantage relative to access to the Wallace documents and data. In light of Daugherty's knowledge and receipt of the Wallace hard drive in October 2022, and the continued failure of LabMD to disclose the existence of and produce a copy of the hard drive until June 2024, the Court finds LabMD's conduct willful. This factor weighs in Defendants' favor.

**(4) Importance of excluded information**

Given the importance of Wallace as a witness and former employee of Tiversa, the parties do not dispute the importance of any testimony that he may provide at trial and/or evidence that he may produce to LabMD. In light of Wallace's potentially pivotal role and the very nature of this case relating to computer files and data access, it is clear that the Wallace hard drive may contain information that is essential to LabMD's claim and Tiversa and Boback's defense. As such, this factor weighs in favor of Defendants.

**(5) Explanation for conduct**

As to the failure to disclose the existence of the Wallace hard drive when Daugherty learned of the existence of it from Wallace in September 2022 and received it in October 2022, LabMD has argued that it was "unrepresented by counsel" at that time. The Court has addressed above the facts of record that establish that this explanation is not true. See pp. 11-14, *supra*. Further, no explanation has been provided by LabMD as to why the existence of the Wallace hard drive was not disclosed at the first post-remand status conference on December 14, 2022. ECF No. 560. Of note, Attorney Comerford represented to the Court that LabMD did not tell her about the existence and its possession of the Wallace hard drive until February 14, 2024. ECF No. 630-1 at 2.

As to the continued failure to produce an unmodified copy of the Wallace files/hard drive, LabMD asserts that Wallace's wife told Daugherty that they were unable to locate the original hard drive. ECF No. 630. However, LabMD fails to provide a reasonable explanation as to why it had the hard drive imaged by Regard on receipt after it provided by Wallace to Daugherty in October 2022 and then Daugherty provided to Regard on October 17, 2022, ECF No. 628-2., buit was not disclosed or produced to Defendants until June 2024. Not until May 2024, did Regard

confer with LabMD's counsel to review the hard drive and determined which files LabMD would produce to Defendants. Id. at 2-3.

Upon review, the Court finds that LabMD's explanation for the failure to disclose the existence of the Wallace hard drive at least by December 14, 2022, the date of the post-remand status conference, is not credible. As discussed above, equally lacking is LabMD's explanation for its failure to promptly produce to Defendants a copy of the Wallace hard drive that he provided to Daugherty in September 2022 and Daugherty provided to Regard in October 2022. Given the nature of this case, Wallace's hard drive and files may contain significant evidence in support of the claims and defenses of the parties. This conduct appears to be an improper withholding of potentially key evidence from Defendants. As such, the Court finds LabMD's explanation of its conduct lacks credibility and raises serious concerns as to the withholding of key evidence.

In sum, LabMD has demonstrated a pattern of repeated discovery dereliction, and willfully ignored Court Orders that has been brought to the Court's attention again at this late hour. Had LabMD complied with Rule 26(e), the instant issue would not be before the Court as Defendants' Motions for Summary Judgment are pending. As previously noted, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Konstantopoulos v. Westvaco Corp., 112 F.3d at 719 (internal citations omitted).

Based upon LabMD's conduct related to the Wallace hard drive, as well as disregard of Rule 26(e) and prior disregard of this Court's Orders, this is a situation where exclusion is appropriate. Accordingly, the Motion to Strike shall be granted. LabMD is precluded from any use of and/or reliance on any document or information from the Wallace hard drive, including in opposition to the pending Motions for Summary Judgment, and from offering at trial as evidence

or in support of witness testimony. LabMD's expert(s) may not use or rely on any document or information from the Wallace hard drive.

### III. CONCLUSION

For the reasons set forth herein, the Joint Motion for Relief Under Rule 37(c)(1) is granted and the Joint Motion to Strike is granted in part and denied in part.

### ORDER

AND NOW, this 24th day of June, 2025, IT IS HEREBY ORDERED that Defendants' Joint Motion for Relief Under Rule 37(C)(1) and to Strike Declarations, ECF No. 628, is GRANTED IN PART and DENIED IN PART. The Joint Motion for Relief Under Rule 37(c)(1) is GRANTED. The Motion to Strike is GRANTED IN PART and DENIED IN PART.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.